FILED
AUG 1 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robin Olebara
#2 Massachusetts Avenue, N.E
Washington, D.C. 20013-2530
(202) 269-3683
    Plaintiff,

v.

John W. Snow,
Secretary
Department of the Treasury,
Agency
1750 Pennsylvania Avenue, N.W.
Washington, D.C. 20220
    Defendant.

Case: 1:07-cv-01487
Assigned To : Robertson, James
Assign. Date : 8/17/2007
Description: Employ. Discrim.

JURY ACTION

## COMPLAINT

This complaint filed *Pro Se* by Plaintiff, Robin Olebara, "Complainant's Right to file a Civil Action" copy enclosed from U.S. Equal Employment Opportunity Commission Request No. 0520070402, Appeal No. 0120063122; and, Agency No. 022378TM. Right to Request Counsel, copy also enclosed.

The Plaintiff, African-American female filed a complaint of discrimination because of race, color, national origin (Washington, D.C.) age, sex and previously filed complaints and grievances against the Office of Thrift (OTS) bureau of the U.S. Department of Treasury (Treasury). OTS's supervisors and managers engaged in a pattern and practice of malicious and systematic behavior; and, unendingly manipulated act in violation of federal employment practices against the Plaintiff, which resulted in a downward spiral in career and advancement and ultimately involuntarily retired (fired); with an imposed permanent financial penalty. The

1

Plaintiff suffers health, physical and emotional challenges, and, extensive financial losses and seeks judicial relief pertaining to this complaint and previously filed and related complaints.

As a federal career employee, the Plaintiff endured discrimination and retaliation from OTS's agents, in violation of the Fifth and Fourteenth Amendments of the United States Constitutions; Title VII of the U.S. Civil Rights Act of 1964, Federal Equal Employment Opportunity (EEO) Laws; and, Civil Service Reform Act of 1978 (CSRA). The Plaintiff was treated differently in regards to the employment rights established by the Office of Personnel Management (OPM); and, OTS's policies and procedures. As a result, the Plaintiff wishes enforcement of legal rights to proceed with a complaints in accordance with the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794 (c). Equal Pay Act, Age Discrimination in Employment Act, Title VIII

The Plaintiff contends and grieves the following; because of race, color, national origin (Washington, D.C.) sex, age, and prior involvement in the grievance and complaints processes, the OTS:

- Excluded the Plaintiff from the mass non-competitively promotion in late December 2001 or January 2002 as granted other employee.
- Failed to maintain consistency in its personnel policy and deliberately denied assignment rights to the Plaintiff to "bump and retreat" as provided to at least, one other white employee to a "saved pay" position.
- Deprived the Plaintiff an opportunity of promotion or transfer to a guarded position as it had provided other employees assigned to "saved" or "protected" positions from the RIF.

- Failed to maintain proper and lawful employment practices in its personnel policy and against the planned 2002 Reduction-in-Force, at its headquarters' location.
- Used the (Union) labor organization to agree to limit, segregate and adversely affect the Plaintiff from employment opportunities in its planned 2002 reduction-in-force.
- Targeted the civil service TG-318-12 African American female employees similarly classified as the Plaintiff for it planned 2002 reduction-in-force at its headquarters.
- Targeted and deliberately involuntarily retired the Plaintiff using the reduction-in-force action.
- Hired an outside employee (white female) in the procurement office during the 2002 reduction-in-force period.
- Failed to provide the usual announced $25,000.00 buyout payment to Plaintiff, a buyout wich had been historical with all prior reduction-in-force actions at OTS's headquarters; and, with the subsequent 2003 reduction-in-force at its headquarters.
- Provided the Plaintiff with improper and incorrect instructions to file an EEO complaint.
- Provided the Plaintiff with a close-out appraisal approved by someone other than the Plaintiff assigned reviewing official.
- Announced in 2002, prior to Plaintiff's involuntary separation, promotions for the remaining employees would be business, as usual. While the 2002 was portended for budget reasons.
- Denied Plaintiff placement with "Career Assistance."
- Failed to properly manage its workforce resulting in continual reduction-in-force actions which adversely impacted and displaced Plaintiff

- Denied the promotion and other employment opportunities to protect an employee from RIF actions.
- Forced to Retired; Involuntarily Retired with a permanent 14% penalty.

The Plaintiff contends, OTS intentionally delayed her retirement package to OPM. In addition to the involuntary retirement, which imposed a permanent 14% age penalty, OTS failed to submit the required retirement papers to OPM in a timely fashion, even after their calculated plans to end the Plaintiff's federal employment. As a result, the Plaintiff was placed in a temporary pay status. OTS is aware of this process; but deliberately failed to submit the necessary *final* paperwork, therefore Plaintiff's final pay (with the imposed 14% permanent retirement penalty) took months to determine, which caused a *decreased* to her net pay adjustments.

Pertaining to the 2002 RIF

At OTS's Washington, DC headquarters' location, all RIFs prior to 2002; and, the subsequent 2003 RIF, employees received a severance payment of $25,000.00. This included RIF lists, which also cited budgets deficits. While OTS stated 206 employees were RIFfed in 2002, many positions were located in the regional offices; and, some at the headquarters' location in 2002 received a severance payout package. In 2002, a white female in the West region who worked in Human Resources received a larger than ($25k) normal severance pay-out. The OTS failed to provide the Plaintiff a severance package; she did not receive a buy-out/pay-out against its own practice and policy. OTS returned the severance package to RIFfed employees in 2003, at its headquarters' location.

The only unknown white male targeted on the 2002 list had his "position saved." This same advantage was not provided to the Plaintiff when Sally Watts, Koko Ives and Brenda Sansone, non-targeted employees departed OTS prior to the July 2002 headquarters' RIF.

OTS failed to take in account, the RIF actions within Compliance Policy were not equal; and, the "Plaintiff was adversely impacted when compared to the white employees because:

1. Sharon Rudder, White female; Retired, at age of retirement, full benefits, not age penalized;

2. Deborah Goddard, White female, Bumped and Retreated to a previously held position, remained employed with salary and benefits;

3. Cynthia Jenkins, Black female, Lost Position; and,

4. Robin Olebara, Black female, *denied* Bump and Retreat Rights, as a status employee, to a previously held position, *denied* Career Transition Assistance, or, another federal job assignment, and, *Involuntarily Retired* (fired) with a permanently imposed 14% penalty.

On Sharon Rudder, during 2001, on more than one occasion, she displayed on-the-job performance problems. At least twice, the director (Richard Riese) asked the Plaintiff to order packing-type boxes because Sharon Rudder had hidden mounds of mail in her office. The hidden mail was collected and distributed to other employees. Sharon Rudder was allowed to successfully retire without an age penalty; and, it's rumored, she received severance pay too.

In 2002, Compliance Policy remained along with the director; neither the office nor the functions of the office were abolished or eliminated, the Plaintiff reported to Richard Riese, Director (immediate supervisor). A union official, Ella Allen was assigned to takeover at least two tasks OTS's Scheduled Examination Report; and, the Interagency Compliance Report) previously done by "Plaintiff." Why was the Plaintiff targeted and involuntarily retired when work assignments existed. Comparatively, others within the agency had, little, if any work responsibilities:

Ann Timbers (Schedule A) employee had no work responsibilities. At a time, she provided secretarial support to the Year 2000 team, all regional employees, temporarily traveled back and forth. By 2002, the team disbanded, and, returned to the regional offices.

Norma Wood (Schedule A) employee reported to Bill Brady who departed OT transferred to GSA in 2001. Norma Woods also had no significant work responsibilities.

Evelyn Hurwitz position type unknown also had no responsible work assignments.

As budgetary deficits would have been a concern to OTS officials, the 2002 RIF would be more sensible to involve employees without responsible work assignments. If an RIF was required. OTS's claims to target the Plaintiff is less than proper based on work assignments and responsibilities. Before the July 2002 RIF date, OTS issued a memorandum to all staff to expect promotions and bonuses during the fall of 2002. The RIF was pretext; and, the Plaintiff intentionally targeted in an act of reprisal and continued discrimination.

In reference to the related case, United States District Court for the District of Columbia, under Civil Case No. 00CV 02374 (JR) the Plaintiff experienced debatable opposition, whether defined as good-faith mistakes, or, a more disturbing practice. When on November 15, 2001, during the pre-trial conference, United States District Court for the District of Columbia, under Civil Case No. 00CV 02374 (JR), the trial judge stated, as a result of the "Anthrax matter, there were not sufficient jurors to pool for the Plaintiff's trial scheduled in Friday, November 23, 2001. In hindsight, Wednesday, November 28, 2001, an article appeared in the Washington Post, Page A11, which referenced, 'Chief U.S. District Judge Thomas F. Hogan, reads sufficient jurors were available and "no trials have been delayed, so far" he said; ….court officials said yesterday. They said more than 150 jurors available for the trails in the past two weeks.' During the pre-trial conference, a fact of the case involved a reduced pay increase; 3% vs. a 5% pay increase. By which, the judge stated, the difference of 2% is slight and insignificant; and, he asked "his" clerk, "how would he feel, if he had been similarly situated. This is a serious judicial infringement and infraction. The 5% increase, was the minimum, other employees awarded in higher pay increases. In fact, the 3% increase is simply less than 5%; and, the difference was never justified by OTS. More importantly, the judge's inquiry to "his" clerk is suspect. The mere adjective "his" clerk designates, possession, what other response would "his" clerk respond. The Plaintiff does not know "his" clerk or "his" clerk's political affiliations. Besides when the judge imposed those ideas to the Plaintiff's case, it is problematic. The Plaintiff never relinquished her rights to representation by "his" clerk; and, the supposedly inquiry and/or grilling by the judge to "his" clerk did not take place before the Plaintiff, or, in courtroom and is therefore deemed "hear say." These orchestrated proceedings have had dire substantial consequences for plaintiff, as in December 2001, the judge accepted OTS's summary judgment. During the case, OTS's officials mentioned the Plaintiff was no longer eligible for contract

specialist assignment, based on OPM's revised requirements. In-fact, OPM never denounced

Months later, in February 2002, OTS further campaigned and used the reduction-in-force (RIF) as an opportunity to "involuntarily retire" the Plaintiff. One of the many other issues included with the case involved a class complaint of which the Plaintiff was a agent, since the time of this matter, the OTS settled the complaint with the African-American females located in at its headquarters' location; the Plaintiff was denied any relief.

The Plaintiff seeks a jury trial.

The Plaintiff seeks full and maximum judicial relief for all damages, associated out-of-pocket expenses. The Plaintiff seeks all applicable interest, front pay, back pay, actual, compensatory, consequential, direct, exemplary/punitive, presumed, treble allowed by this court, United States District Court for the District of Columbia in a civil jury trial for imposed discrimination and reprisal; and, intentional inflicted injustices and sufferings by OTS's managers and supervisory officials.

_____
Robin Olebara
#2 Massachusetts Avenue, N.E
Washington, D.C. 20013-2530
(202) 269-3683
                    Plaintiff

Enclosed:
Form AO440 (Rev 8/01) Summons in a Civil Action Double-Sided
Complaint, 8 Pages
EEO's Complainant's Right to File a Civil Action, 3 pages
Form CO-932 (Rev 4/96) Notice of Designation of Related Civil Case
Motion, Right to Request Counsel

- 8 -

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Robin Olebara  1001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

U.S. Department of Treasury

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRA...

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro Se   #2 Massachusetts Ave, NE
Washington, D.C.
20013-2530

Case: 1:07-cv-01487
Assigned To : Robertson, James
Assign. Date : 8/17/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSH...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY:**

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000 Title VII of the Civil Rights Act of 1964, as amended - Employment Discrimination

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    Check YES only if demanded in complaint JURY DEMAND: ☒ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☒ YES    ☐ NO    If yes, please complete related case form.

DATE 8-14-2007    SIGNATURE OF ATTORNEY OF RECORD    Rich Oleland Pro Se

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Robin Olebara,
Complainant,

v.

John W. Snow,
Secretary,
Department of the Treasury,
Agency.

Request No. 0520070402
Appeal No. 0120063122
Agency No. 022378TM

DENIAL

Complainant timely requested reconsideration of the decision in *Robin Olebara v. Department of the Treasury*, EEOC Appeal No. 0120063122 (February 23, 2007). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

Complainant filed a formal EEO complaint on August 15, 2002, alleging that she was discriminated against, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*, on the bases of race (African-American), color (dark-complexion), sex (female), age (48 years old), and in reprisal for prior protected EEO activity when: (1) the agency terminated her employment, effective July 27, 2002, as a result of a reduction-in-force (RIF); (2) the agency delayed her retirement package to the Office of Personnel Management (OPM); and (3) after her termination, the agency did not offer her a position vacated by a White male co-worker.

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.40(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120063122 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

**FILED**
07 1487
AUG 1 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2                                                                                                      0520070402

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden* (signature)
--------------------------------
Carlton M. Hadden, Director
Office of Federal Operations


__MAY 1 7 2007_____
Date

3                                                                      0520070402

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Robin Olebara
P.O.B. 2530
Washington, DC 20013

Mariam G. Harvey, Director, EO Programs
Office of Equal Opportunity & Diversity Division
Department of the Treasury
1750 Pennsylvania Ave., NW  Rm: 8157D
Washington, DC 20220

MAY 1 7 2007
_____
Date

_____
Equal Opportunity Assistant