## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBIN OLEBARA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 07-1487 (JR) |
| - v - | ) | |
| | ) | |
| JOHN W. SNOW, Secretary, | ) | |
| U.S. Department of the Treasury, | ) | |
| Defendant. | ) | |

### ANSWER

Defendant John W. Snow, Secretary, United States Department of the Treasury, hereby answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant answers the individual paragraphs of the Complaint as follows:

As to the first (unnumbered) paragraph on page 1: Defendant admits that plaintiff has filed this civil action *pro se*, that the cited docket numbers from plaintiff's EEOC case are correct, and that the attachments to the complaint include those mentioned; otherwise denies.

As to the second (unnumbered) paragraph on page 1 (continuing to the top of page 2): Defendant admits that plaintiff is an African-American female who filed a complaint of discrimination against the Office of Thrift Supervision (OTS), a bureau of the U.S. Department of the Treasury, on the basis of race, color, age, sex and previous protected activity; that on

July 26, 2002, she retired from OTS in lieu of involuntary action in connection with a reduction in force (RIF); and that she seeks judicial relief as stated in the complaint; otherwise denies.

As to the first full (unnumbered) paragraph on page 2: Defendant admits that plaintiff was an OTS employee and that she seeks enforcement of rights under various statutes; otherwise denies.

As to the second full (unnumbered) paragraph on page 2: Defendant admits that the plaintiff's contentions are based on her race, color, sex, age and prior involvement in the grievance and complaint processes; otherwise denies.

As to the first (unnumbered) bullet point on page 2: Denies.

As to the second (unnumbered) bullet point on page 2: Defendant admits that in connection with the 2002 RIF, some employees, including at least one white employee, were found to be entitled to exercise bump and retreat rights; otherwise denies.

As to the third (unnumbered) bullet point on page 2: Denies.

As to the first (unnumbered) bullet point on page 3: Denies.

As to the second (unnumbered) bullet point on page 3: Denies.

As to the third (unnumbered) bullet point on page 3: Denies.

As to the fourth (unnumbered) bullet point on page 3: Defendant submits that plaintiff voluntarily chose retirement as one of several options available to her after she received notice on or about May 6, 2002, that she was being released from her position in connection with a RIF; otherwise denies.

As to the fifth (unnumbered) bullet point on page 3: Denies.

As to the sixth (unnumbered) bullet point on page 3: Defendant admits that OTS offered some of its employees buyouts of varying amounts in connection with some other RIFs before and after the 2002 RIF, but that OTS did not offer any buyouts in connection with the 2002 RIF, either in Washington, DC, or the agency's regional offices; otherwise denies.

As to the seventh (unnumbered) bullet point on page 3: Denies.

As to the eighth (unnumbered) bullet point on page 3: Denies.

As to the ninth (unnumbered) bullet point on page 3: Defendant admits that on April 11, 2002, the Director of OTS issued a memorandum to all OTS staff concerning "OTS Reorganization," the text of which is the best evidence of its contents; otherwise denies.

As to the tenth (unnumbered) bullet point on page 3: Defendant states that OTS advised plaintiff in writing that she was eligible for the OTS Re-employment Priority Program, the Treasury Department Career Transition Assistance Program, and the Treasury Department's Priority Placement Program; otherwise denies.

As to the eleventh (unnumbered) bullet point on page 3: Denies.

As to the first (unnumbered) bullet point on page 4: Denies.

As to the second (unnumbered) bullet point on page 4: Defendant submits that plaintiff voluntarily chose retirement as one of several options available to her after she received notice in May 2002 that she was being released from her position in connection with a RIF, and admits that because of her age and years of service at the time of retirement, plaintiff's annuity

was reduced from what it would have been had she reached full retirement eligibility; otherwise denies.

As to the first full (unnumbered) paragraph on page 4: Denies.

The phrase "Pertaining to the 2002 RIF" on page 4 appears to be a heading and does not require the Defendant to either admit or deny.

As to the second full (unnumbered) paragraph on page 4: Defendant admits that all OTS employees who were involuntarily separated from their positions and were not eligible for retirement have received severance pay in accordance with applicable regulations; that plaintiff did not receive a severance payment because she was eligible to retire; that approximately 206 employees were separated from OTS during the 2002 RIF, including employees in the Washington and regional offices; and that the 2002 RIF was undertaken because of budget shortfalls; otherwise denies.

As to the first full (unnumbered) paragraph on page 5: Defendant denies that any employee was "targeted" during the 2002 RIF; further, Defendant avers that more than one white male was involuntarily separated from OTS during the 2002 RIF, that Brenda Sansone and Sally Watts chose to retire in lieu of involuntary action on June 15, 2002, and July 1, 2002, respectively, and that Koko Ives separated by RIF on July 8, 2002; otherwise denies the allegations of this paragraph.

As to the second full (unnumbered) paragraph on page 5: Denies.

As to paragraph No. 1 on page 5: Defendant admits that Sharon Rudder (a white female) chose to retire in lieu of involuntary action during the 2002 RIF and that she was

eligible for full retirement benefits because she had more than thirty years of service; otherwise denies.

As to paragraph No. 2 on page 5: Defendant admits that during the 2002 RIF, Deborah Goddard (a white female) was entitled to "bump" another employee and retreat to a position she had previously held, and therefore was not involuntarily separated.

As to paragraph No. 3 on page 5: Defendant admits that on July 26, 2002, Cynthia Jenkins (a black female) was involuntarily separated by RIF.

As to paragraph No. 4 on page 5: Defendant admits that during the 2002 RIF, plaintiff was not entitled to bump any other employee or retreat to a position she had previously held, and that plaintiff voluntarily chose early retirement with a reduced annuity as one of several options available to her after she received notice that she was being released from her position; otherwise denies.

As to the third full (unnumbered) paragraph on page 5: Defendant admits that Sharon Rudder chose to retire in lieu of involuntary action during the 2002 RIF and that she was eligible for full retirement benefits because she had more than thirty years of service; and Defendant contends that plaintiff's allegations concerning Ms. Rudder's work performance are irrelevant to any issue in this lawsuit. Further, Defendant lacks knowledge or information sufficient to form a belief concerning the truth or falsity of plaintiff's allegation that there are rumors about whether Ms. Rudder received severance pay, and therefore denies the same. Defendant otherwise denies the allegations of this paragraph.

As to the first full (unnumbered) paragraph on page 6: As to the first two sentences, Defendant admits that the Compliance Policy unit remained after the 2002 RIF, including its director, and that after her retirement, plaintiff's duties were dispersed among the remaining staff. The third sentence is a question and not a statement of fact that the Defendant can either admit or deny; but in all events, Defendant denies that plaintiff was "targeted." Defendant denies the fourth sentence.

As to the second full (unnumbered) paragraph on page 6: Defendant admits that Ann Timbers assisted the agency's Year 2000 team, and avers that Ms. Timbers was in the excepted service, not the competitive service as was plaintiff, and therefore was not on the same retention register as the plaintiff and did not compete with plaintiff for her position; otherwise denies.

As to the third full (unnumbered) paragraph on page 6: Defendant admits that Norma Woods reported to Bill Brady. Defendant lacks knowledge or information sufficient to form a belief concerning plaintiff's allegation about where Bill Brady worked after leaving OTS. Defendant otherwise denies the allegations of this paragraph.

As to the fourth full (unnumbered) paragraph on page 6: Denies.

As to the fifth full (unnumbered) paragraph on page 6: The first and third sentences of this paragraph consist of argument, as to which no answer is required, but insofar as an answer may be deemed required, Defendant denies the allegations of these two sentences, and specifically denies that OTS claimed to or did "target" the plaintiff. Defendant is not able to understand the second sentence; but insofar as an answer may be deemed required, Defendant

denies the allegations of this sentence. As to the fourth sentence, Defendant admits that on

April 11, 2002, the Director of OTS issued a memorandum to all OTS staff concerning "OTS

Reorganization," the text of which is the best evidence of its contents; otherwise denies.

Denies the fifth sentence.

     As to the first full (unnumbered) paragraph on page 7 (continuing to the top of page 8):

As to the first sentence, Defendant admits that plaintiff filed Civil Action No. 00-02374 in this

Court raising some of the same allegations of discrimination that she has raised in this case;

otherwise denies. As to the second through sixth sentences, Defendant admits that Judge

James Robertson held a pretrial hearing in Civil Action No. 00-02374 on or about November

15, 2001, during which he also heard argument on the Government's motion for summary

judgment; and Defendant further avers that what was said during that hearing and what is

published in the *Washington Post* are matters of the public record, which speaks for itself;

otherwise denies. The seventh through fourteenth sentences consist of argument, as to which

no answer is required, but insofar as an answer may be deemed required, Defendant denies the

allegations of these sentences. As to the fifteenth sentence, Defendant admits that in December

2001, Judge Robertson granted summary judgment for the Government on all of plaintiff's

claims of discrimination in Civil Action No. 00-2374, and avers that his decision was affirmed

on appeal. As to the sixteenth sentence, Defendant avers that what was said during the

referenced hearing is a matter of the public record, which speaks for itself; otherwise denies.

Defendant is not able to understand the seventeenth sentence; but insofar as an answer may be

deemed required, Defendant denies the allegations of this sentence, and specifically denies that

OTS "campaigned" to RIF the plaintiff.  As to the eighteenth sentence, Defendant admits that

a class complaint concerning performance evaluations was filed against OTS on behalf of

certain African-American female employees, which complaint was settled in 2005, and that

plaintiff was one of the class agents, but that she opted out of the class before settlement in

order to pursue her own individual suit in district court; otherwise denies.

As to the second full (unnumbered) paragraph on page 8: Defendant admits that

plaintiff seeks a jury trial.

As to the third full (unnumbered) paragraph on page 8: Defendant denies, generally and

specifically, each and every allegation of the plaintiff's prayer for relief and denies that

plaintiff is entitled to any relief whatsoever.

Defendant denies, generally and specifically, each and every allegation of the

Complaint not otherwise answered above.

WHEREFORE, Defendant respectfully prays that the plaintiff take nothing and that the

Court dismiss the Complaint with prejudice and award Defendant the costs incurred in

defending the same.

Dated: October 10, 2007.                    Respectfully submitted,

                                            JOHN E. BOWMAN
                                            Chief Counsel


                                            DIRK S. ROBERTS
                                            Deputy Chief Counsel

                                            ELIZABETH R. MOORE

- 8 -

Special Counsel
D.C. Bar No. 358769
Office of Thrift Supervision
1700 G Street, N.W.
Washington, D.C.  20552

Telephone (202) 906-7631
Fax (202) 906-6353
E-mail: Dirk.Roberts@ots.treas.gov

Attorneys for Defendant
John W. Snow, Secretary,
United States Department of the Treasury

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 10, 2007, I served a copy of the foregoing

"Answer" on the following by first class mail, postage prepaid:

> Robin Olebara
> #2 Massachusetts Avenue, NE
> Washington, DC  20013-2530

Dirk S. Roberts
Attorney for Defendant