UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robin Olebara
#2 Massachusetts Avenue, N.E
Washington, D.C. 20013-2530
(202) 269-3683
        Plaintiff,

v.        CIVIL ACTION NO. 07-1487 (JR)

John W. Snow,
Secretary
Department of the Treasury,
Agency
1750 Pennsylvania Avenue, N.W.
Washington, D.C. 20220
        Defendant.

RECEIVED
JAN 2 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL, 2ND REQUEST

Plaintiff again requests Court-appoint legal representation initially denied August 30, 2007 by Judge James Robertson based on the following:

November 2, 2007, during the Initial Scheduling Conference, Judge James Robertson stated, midway through the scheduling process he would reconsider Plaintiff's Motion For Court-Appointed Counsel filed August 17, 2007, this motion requests such (*re*) consideration.

During the scheduling conference held November 2, 2007, Judge Robertson mentioned Plaintiff's experience in the complaint process. It is imperative to note, the plaintiff's experience is limited to the issues of the complaint and as a victim of discrimination by the defendant, as filed. The Plaintiff is not an attorney; and, never made such claims. The Plaintiff has stayed consistent; and, solely met all deadlines in pursuit of this complaint to the courts. However, within the court, judicial procedures now require an appropriate defense; strictly stating, even an attorney reflect representing himself. The

procedural process is intense and requires a learned and experienced attorney and staff, as displayed by the defendant. The Plaintiff is not an attorney, of any kind; and, should not be placed in a predicament to hinder her pursuit of justice under the laws, against the defendant. The issues of complaint as filed, against the defendant, are valid and serious; and, in violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The issues involves employment discrimination and seeks relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794 (c). Equal Pay Act, Age Discrimination in Employment Act, Title VIII.

The Plaintiff exhausted finances in pursuit of the previously related In reference to the related case, United States District Court for the District of Columbia, under Civil Case No. 00CV 02374 (JR) related case. The defendant also discriminated against the Plaintiff involving the agency's (Department of Treasury, Office of Thrift Supervision "OTS"); and, the Office of Personnel Management regulations and policies. During the Plaintiff's career, the defendant (OTS), a federal banking regulatory supervising agency was identified with unlimited funding, not appropriated, but, assessments from mortgage and banking as established by Congress. It is an unfair advantage to deny the Plaintiff's motion for court-appoint counsel, while the defendant is overly compensated in funds and staff; and, used such violated federal laws, regulations and policies against the Plaintiff. In true consideration, as a taxpayer, in effect, the Plaintiff paid; and, paid, considerably. To reiterate, the complaint is not frivolous.

At the scheduling conference on November 2, 2007, the defendant's representative (E. Moore, Attorney), notified the Plaintiff and the court of their intent to issue a summary judgment. The Court was already aware of the intent by the defendant for a summary judgment; and, mentioned it several times during the scheduling conference. The court mentioned communications with the defendant; and,

advised the Plaintiff she is not privy to those emails (electronic transmissions). This is certainly an unfair advantage against the Plaintiff. By Answer, the defendant also requests monetary relief award by the court, from the Plaintiff in pursuing the legal complaint. In other words, vengeful tactics to unduly burden the Plaintiff for seeking justice, but, penalized and required pay the defendant for the displeasure of being discriminated by the defendant; and, in violations of the established. There is no logic to the defendant's claim.

The Plaintiff's issues of discrimination and retaliation are proper and valid; and, unlawful employment practices established when the plaintiff demonstrates race or any other prohibited category was the motivating factor for any employment practice, even though other factors also motivated the practice; and, any heightened showing through direct evidence is not required. Based on the above, in question would be the previously issued summary judgment on the related case; and, the defendant's current intent. During the pre-trial conference for the related case, the issues of the complaint were mainly ignored; and, mostly there appeared a debate on the word. The court recognizes the laws were not authored by the Plaintiff, but, established to prevent and recompense victims of discrimination patterns and practices. In order to adhere to the protocols of the court; and, proper presentation of the issues, the Plaintiff requires legal representation. Throughout the entire complaint process, the defendant placed the Plaintiff at an unfair economic disadvantaged; and, only amplified, the process with the forced firing. The Plaintiff used her personal funds to and union resources to pursue the prior complaints. As a result of the actions by the defendant against the Plaintiff, the direct and personal attacked targeted the Plaintiff right to employment, by violating established laws, procedures and policies, while protecting others. The Plaintiff has become a statistic and now lives at the poverty level, as recently reported on Black residents within the District of Columbia.

The Plaintiff therefore re-submits the request court-appointed counsel. And in accordance with Judge Robertson statement during the scheduling conference held November 2, 2007; the Plaintiff reconsideration and approved of the request.

*(signature)*
Robin Olebara
#2 Massachusetts Avenue, N.E
Washington, D.C. 20013-2530
(202) 269-3683
                                    Plaintiff

Certificate of Service

I, Robin Olebara, declare under penalty of perjury on January 23, 2008, I mailed a copy Plaintiff's Motion For Court-Appointed Counsel, 2nd Request by first class mail to the following.

John W. Snow, Secretary
Department of Treasury
1750 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

U.S. Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

U.S. Attorney for the District of Columbia
501 Third Street, N.W.
Washington, D.C. 20001

*(signature)*
Robin Olebara
#2 Massachusetts Avenue, N.E
Washington, D.C. 20013-2530
(202) 269-3683
                                    Plaintiff

1-23-2008
Date