UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robin Olebara
Post Office Box 2530
Washington, D.C.  20013-2530
(202) 269-3683
   Plaintiff,

  v.

CIVIL ACTION NO. 07-1487 (JR)

John W. Snow,
Secretary
Department of the Treasury,
Agency
1750 Pennsylvania Avenue, N.W.
Washington, D.C.  20220
   Defendant.

## PLAINTIFF'S MOTION TO BENCH ON CLAIMS OF ISSUES

During the status meeting held January 23. 2008, Plaintiff repeated necessity for court-appointed counsel. In reply, Judge James Robertson implied Plaintiff's issues confusing; asked if Plaintiff had a performance problem during her work career at agency; what is meant by continued violation pattern and practice of discrimination; the specific issues, incidents and related names? Judge Robertson asked if Plaintiff sought legal counsel elsewhere, and mentioned the necessary funding required to provide court-appointed counsel; and, suggested Plaintiff's claim the issues lacked merit and presumed; and, her quests other legal representation had been denied by those firms; the Plaintiff explained, no such legal representation had been sought, other than motions filed to the bench. Judge Robertson further advised the defendant to accelerate their motion for summary judgment. After the meeting ended, it is unclear, if Plaintiff's motion for court-appointed counsel is still being considered; Judge Robertson confirmed he prior statements to grant the motion during the scheduling meeting. In response to Judge Robertson's statement, on Plaintiff has experience. The Plaintiff never inferred legal experience, and, within the legal profession, a jurist who may seek self-representative is implied "a fool" as a client; how much more someone who lacks the legal experience and bar requirement. Succinctly, Plaintiff has filed the claim; and, has declared (verbally and in writing) no legal experience, but, maintains issues with this court against defendant's reprehensible and unjustified actions in violation of equal employment performance and other abuses and breach; and, in no way infers legal acumen to proceed with these serious claims for in enforcement proceedings. Therefore as Pro Se, in response, and, without the legal

RECEIVED
FEB 2 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

citations and references, Plaintiff submits this motion to clarify Judge Robertson's concerns; and, prays he dismiss defendant's summary judgment; and, grant Plaintiff's motions for judicial justice based on the following:

April 10, 2002, the Plaintiff, Black female, dark-complexion African-American was notified by the bargaining union president, she had been targeted and the position eliminated, under the term "Reduction-in-force (RIF) though not specified, as such. The Plaintiff maintain the RIF was pretext and used in an ongoing manner to violated her equal employment protection, and, further retaliation based on Judge James Robertson's award of the defendant's summary judgment on the related case, less than six months prior to the April RIF notice. The next day, April 11, 2002, the director writes "in 2001 the industry had record earning"; and, later in 2002 before Plaintiff's departure from the agency, there was receipt of another memorandum issued to staff which promised future promotions to all during the Fall of 2002 along with increases and other benefits. The agency is not tax funded, but, from regulatory assessments from organizations with the banking industry, thus, OTS has the April 11 memo indicates has deep pockets.

By receipt of the memorandum dated April 10, 2002 (OTS Headquarters' notification); with the exception of the one named employee (Black Female); no other names listed. It became known, after a time, the RIF list included one male, all others females, the majority Black females. The one male (white) was removed from the RIF list when a non-RIFfed employee departure the agency; and, thus saved the white male employee; and, therefore, the RIF list applied to females only. And when other non-RIFfed specific employees left the agency during the same period, the Plaintiff was not provided the same protection, as the white male.

During this time, the Plaintiff worked in an administrative position; and, supported the compliance policy, specifically the director and other managerial staff. While those employees remained, the Plaintiff was targeted and position eliminated, the work assignments were transferred (some functions were given to E. Allen a Union Official closely connected to Pat Goings the Union President. The RIF list included four female employees in "Compliance Policy":

R. Olebara; and, C. Jenkins (Black)
D. Goddard; and, S. Rudder (White)

Despite the fact, D. Goddard bumped and retreated to a previously held position; the Plaintiff was denied the same opportunity to previously held and qualifying positions.

S. Rudder who had a suffered serious performance problems; and, was never fired for cause, was granted retirement without the underage penalty. Other administrative employees included (E. Hurwitz, White, civil services) and (N. Woods, White; A. Timbers, White; S. Jenkins, Black identified as Schedule A employees) with the exception of S. Jenkins, the others had no known responsible work assignments, but, were exempt from the RIF list. The Schedule A employees; especially A. Timbers had a close relationship with the Pat Goings the Union President.

***This complaint***, the Plaintiff contends she was deliberately targeted, during the 2002, at OTS headquarters' location when denied employment opportunities in accordance with established civil rights laws; and, the agency's own policies and procedures. The Plaintiff has been discriminated against in a retaliatory manner when:

RIFfed even though responsible work assignments remained and later transferred to others;
Placed on the RIF list, by the Union Official, as directed by the Agency;
Denied bump and retreat rights;
Denied intra- and inter- agency job opportunities;
Remained on the RIF list after non-RIFfed employees departed the Agency;
Denied employment opportunities, fired against Plaintiff's will; and, retired with permanent penalty;
Fired, involuntarily retired with a permanent (underage) 14% penalty;
Denied buyouts (provided to all headquarters' employees prior to 2002; and, continued in 2003);
Denied buyouts provided others in prior years which included more employees such as 1992, 1995; and,
Denied buyout (though provided to others, including some regional employees)

The Plaintiff was hired March 1989, as a qualified Contract Specialist 1102-7 with promotion potential to a GS-1102-12. The Plaintiff was qualified and deemed competent (via a written examination) administered by the U.S. Office of Personnel Management (OPM), the lead personnel agency for the federal government. As the defendant as made claim not such examination existed, a Notice of Rating is included herein.

*The related case* exhibits the continuing violation of discrimination and retaliation pattern as practice. During the Plaintiff's employment with the agency and its predecessor (Federal Home Loan Bank Board), she was told, because of her dark complexion should would not prevail at the agencies; and, would have been fired prior to 2002, had it not been for the claims filed prior to Judge James Robertson's summary judgment approval. The pattern and practice include discrimination, retaliation, the failure to appoint and promote, disciplinary actions, failure to train, breach of agreements and disparate impact. What really happened?

March 18, 1988, SF-50, Notification of Personnel Action shows hire Contract Specialist 1102-7 with promotion potential to GS-1102-12; and, fired as a administrative assistant TG-12, equivalent to a GS-5 July 2002.

May 5, 1988, memorandum changed the FPL promotion potential and series to Contract Specialist GS-1101-11, this notice is issued as preparation for the organizational chart described below.

October 11, 1988, Organizational Chart and October 19, 1988, issued within months after the Plaintiff's hire, placed the Plaintiff into a unrecognizable OPM position, the OPM did not have an official position titled as "Buyer." The word 'buyer" is a function of the Contract Specialist 1102 series; and, disparately impacted, all employees placed in the buyer chart box, so low on the paper, a carriage return who remove Plaintiff off the paper. All of the "buyers" are Black; and, except the Plaintiff were over 40 years of age. The chart shows the office Procurement Management *Branch* was elevated to the Procurement Management *Division*. The division never grew as shown on the chart, however, the director and chiefs were promoted; and, the one Black employee (H. Butler) was never promoted. This began a horrible career ordeal for the Plaintiff.

December 23, 1988 a memorandum provided an effective dated for the organization change; and, December 30, 1988 email communication confirms the agency's action.
September 24, 1988 promoted from GS-07 to GS-09 (promotion was due June 1989).
1989 Not Promoted to GS-11 (affected 12% across the board increase; and, January 1990 6% increase to the pay band)

1990 Not Promoted to GS-12

Date Unknown, improperly dated, SF-50, Notification of Personnel Action, shows agency improperly changed action. The action is improper, it does not provide the proper authority for the demotion; the effective dates for the changes are not properly placed on the form; and, overall it is an improper dated document, but, used as official notification of the changes. The document was received (very late) when Plaintiff was meeting in the office of Attorney Lofton Peterson and Leslie Yates (via FEDEX) the initial complaint TD-90-1077, related case.

Date Unknown, SF50 Notice of Personnel Action lists FPL, promotion potential GS-1102-9.
June 5, 1996, personnel actions during 1990 thru 1991, shows changes from OPM's General Schedule (GS) to OTS's Thrift Grade (TG).

December 12, 1990 Notice of Position Assignment (A. Mullarkey, White worked as office secretary; she applied, but, did not qualify for Vacancy Announcement #90-107 dated October 3, 1990).
July 10 – 12, 1991, Request for Promotion signed and approved (the 5% promotion was never received by Plaintiff).

1991 Pay Band promoted GS-9 professional employees up to TG-16

1991 – 1994 Plaintiff joined African-American females regarding pay raises and bonuses (related case), the agency settled with the complaints. As a result of the summary judgment issued previously, the Plaintiff was not paid a settlement; or, reimbursed for payments made.

1993 to 1994 retaliation against Plaintiff, all actions were improper and subsequently dismissed.

July 22, 1993, Plaintiff issued purchase order signed by contracting officer (CO), upon assembly of the order by Plaintiff; an incorrect billing address was noticed. The Plaintiff has a correct order issued; and, explained the problem to the CO decided to report the matter to her supervisor chastised the Plaintiff. It was later realized, the improper address was the result of (A. Truslow, White) and signed by the CO months earlier, which defaulted the wrong address.

July 22, 1993, CO attempted a failed attempt to alter Plaintiff's work.

August 10, 1993 CO's supervisor writes he's the culprit.

Part of an agreement, the retaliatory actions, were rescinded, were to be expunged by the Agency; however, the Attorney Jerry Goldstein and Plaintiff reviewed records, the documents remained. A breach of an agreement.

October 13, 1993 – February 24, 1994, the CO and her supervisor attack Plaintiff on leave use; and, tardiness. The CO's supervisor had a major leave and performance problem, it was rumored he tripped into walls, it was stated, he stayed inebriated on the job, when at the office.

September 10, 1993, Plaintiff prevailed in Union Grievance FMCS 92-28112; and, the agency breached the arbitrator's decision. Plaintiff notified her immediate supervisor (Mr. Chris Jude) the payment award was less than the additional two (2) percent; and, a revised performance appraisal was not received. After months, the payment was adjusted, but, failed to include any interest; and, a revised written appraisal was never received. It was mentioned (the prior CO) stated she had no intentions of revising Plaintiff's appraisal, per Arbitrator's direction; stayed true to her word; and, never did, so. The agency breached the agreement.

May 22, 1995, Plaintiff settled on matters of discrimination (Attorney Leroy Jenkins), with a clause not to retaliate. The settlement was soon breached too, within months of the settlement, the agency continued it discriminatory tactics, when the Plaintiff was RIFfed and demoted to a TG-10 Administrative secretarial position. The demotion placed the Plaintiff outside of the pay band and thus during the next promotion cycle, Plaintiff was denied a pay increase. Last during the process, a three (3) percent promotion was granted to the Plaintiff. The Union President (Pat Goings) mentioned to Plaintiff the standard (minimum) promotion increase was five (5) percent; and, most employees received more. The 1995 RIF also affected, S Rudder (White) was RIF to an administrative position in the same division, as the Plaintiff, but a different area. In time, S. Rudder was promoted from an administrative to a professional position. As a result of S. Rudder's promotion, she was not penalized in pay, or, position. S. Rudder was not originally hired in the professional series, as the Plaintiff. S. Rudder also blundered and made many work errors.

All of the above matters pertained to the related case, as presented by Attorneys

During the pre-trial conference held November 15, 2001 (Attorneys Swick and Shapiro), the defendant mentioned to the court, Plaintiff was not qualified for the Contract Specialist as a result to OPM changes to the series. OPM changes did not exclude Plaintiff, however, neither Terri Radcliff (White female) or Miriam Neale (Black female) qualified and neither had OPM's Notice of Rating. This continues the breach and retaliation against the Plaintiff by the defendant. More importantly, the conference dealt with a particular word; and, other irrelevant matters; and, disregarded the issues mentioned herein.

The discrimination actions by the defendant is not simple happenstance, but, purposeful and deliberate actions against the Plaintiff, a matter of a glass ceiling and a slippery floor; in consequence and violation of Plaintiff's equal employment opportunities which negatively impacted promotions, retirement pay; and related benefits including insurance and savings' plan, ending with wrongful termination as retaliation.

_____
Robin Olebara
Post Office Box 2530
Washington, D.C. 20013-2530
(202) 269-3683

Plaintiff,

_____
2/25/2008
Date

Certificate of Service

I, Robin Olebara, declare under penalty of perjury on February 25, 2008, I mailed a copy Plaintiff's Motion to Bench on Claims of Issues by first class mail to the following.

John W. Snow, Secretary
Department of Treasury
1750 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

U.S. Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

U.S. Attorney for the District of Columbia
501 Third Street, N.W.
Washington, D.C. 20001



**Office of Thrift Supervision**
Department of the Treasury

*James E. Gilleran*
*Director*

1700 G Street, N.W., Washington, DC 20552 • (202) 906-6590

January 23, 2002

**MEMORANDUM FOR:**   All OTS Employees

**FROM:**   James E. Gilleran

**SUBJECT:**   Organizational Matters

One of my goals as the Director of OTS is to improve organizational efficiency and increase effectiveness in delivering our services and meeting the challenges that lie ahead. As an initial step in this process, I would like to share with you a number of changes in our Washington structure that are effective immediately.

- The internal review and quality assurance functions currently performed in Washington and the Regions will be consolidated with a new peer review program under Scott Albinson, Managing Director, Supervision.

- The Chief Counsel's Office, through Carolyn Buck, will report to the Deputy Director, Rick Riccobono. This change will ensure a closer coordination between the legal and supervision staffs as they address critical supervisory issues. Carolyn Buck will continue to serve as Chief Counsel to the Director.

- Compliance Policy, managed by Richard Riese, will report to Scott Albinson, Managing Director, Supervision. I believe this realignment will ensure better support to our Regional examiners and open possibilities for greater examination efficiencies without reducing emphasis on compliance.

- The RIS Economic Analysis staff, under the direction of David Malmquist, will report to Scott Albinson, Managing Director, Supervision.

- Kevin Petrasic will continue as Director, Congressional Affairs, but the Public Affairs staff, through Sam Eskenazi, will report to Kevin.



-2-

- Lynwood Campbell will move from his current position of Director, Internal Review and Evaluation, to the Director of the Office of Equality and Workplace Principles.

- Planning, Budget and Finance, along with Procurement and Administrative Services, will report to Research and Information Systems (RIS). RIS will be renamed Information Systems, Administration, and Finance, and Tim Ward will serve as CFO, CIO and Managing Director of this new office.

- Professional Development, along with Payroll and Travel, will report to Sue Rendleman, Director of Human Resources.

- The Records Management program has transferred from the Chief Counsel's office to Information Systems, Administration, and Finance under the management of Kathy Collins. Nadine Washington and Albert Samson have been reassigned from Supervision to work with Kathy. Nadine has been designated as the OTS records management contact and Albert will be the alternate. Responsibilities relating to freedom and dissemination of information and the Paperwork Reduction Act will remain with the Chief Counsel's Office.

- On January 22, Joanne J. Haakinson joined OTS in the position of Advisor for Special Programs. Joanne has over 30 years of experience in the financial services industry working for over 5 years at the Bank of San Francisco as the Executive Vice President and Chief Administrative Officer. Prior to joining OTS, Joanne was a management consultant to financial institutions. In her new position, Joanne will have responsibility for conducting studies of operational and policy issues on a broad range of activities affecting the agency and the thrift and financial services industry. One of her major responsibilities will be working with the Regions on an internal peer review program to identify best practices in agency operations and recommendations to address program or operational improvements. I know you will enjoy working with her and will welcome her to OTS.

I know I can depend upon you to lend your support to these changes and the goals they are intended to achieve. I have enjoyed meeting many of you and have been impressed with your ideas and dedication to OTS. I look forward to meeting all of you in Washington, the regional offices, or the field during the coming year.

②

**Office of Thrift Supervision**
Department of the Treasury

*James E. Gilleran*
*Director*

1700 G Street, N.W., Washington, DC 20552 • (202) 906-6590

April 11, 2002

**MEMORANDUM FOR: CHIEF EXECUTIVE OFFICERS**

**FROM:**                    **James E. Gilleran**

**SUBJECT:**                 **OTS Restructuring**

OTS is currently implementing a restructuring plan that will achieve greater operating efficiencies, effectiveness, and consistency of regulation for the thrift industry. The changes involve three major actions: combining supervisory resources; centralizing administrative functions; and reducing staff to match workload demands. The restructuring will result in more effective development of the examination force, and greater administrative savings. It will also mean more efficient and effective oversight by working to combine our safety and soundness and compliance exams. Further, by establishing a better method of getting feedback from you, we expect to continuously improve our service to the industry.

The thrift industry is healthy and profitable, assets are growing, and in 2001 the industry had record earnings. Changes in the composition of the industry, however, have resulted in changes in the workload requirements of OTS. OTS has continued to reduce inefficiencies and cut expenses; nevertheless, the cost reductions were not always commensurate with the loss of revenues from a consolidating industry and increases in general operating expenses. Therefore, we are consolidating certain administrative functions into Washington that were previously duplicated in each region. The areas affected are human resources, budgeting, accounting and procurement.

This has involved painful job cuts to reduce layers of management and eliminate some positions, as well as reassigning staff to other offices where their skills will be better utilized. In addition, in reviewing our regulatory workforce, we find that we are able to make modest reductions in our examination staff to keep pace with industry consolidation without adversely impacting our regulatory effectiveness.

I believe that the result of our restructuring program will be a stronger, more effective regulating agency for our nation's savings associations. Improvements in the structure of OTS and in the



Page 2

examination process will mean more effective oversight of the industry combined with less regulatory burden on your institutions. It will also place OTS on a sound financial footing by balancing the budget without raising assessments.

We have also realigned the agency's regional structure. After a careful review of our operations, we determined that our supervisory obligations could be effectively met with four supervisory regions, rather than five. Therefore, supervisory responsibilities for the institutions in the states that made up the former Central region have been reassigned among the other regions. OTS will maintain a Chicago office with a substantial supervisory presence.

The Southeast region has assumed oversight of thrifts in Michigan, Illinois, Indiana, and Kentucky. The Midwest regional office now covers thrifts in Wisconsin and Tennessee, and Ohio will be added to the Northeast region. In addition, North and South Dakota, Colorado, and New Mexico will be transferred to the Western region from the Midwest region as part of the realignment.

We are committed to vigorous and progressive oversight of your industry. We are beginning the process of cross-training our examiners to get them fully accredited in both the safety and soundness and compliance disciplines. Many of our examiners already hold dual accreditation and broad professional development in all aspects of the financial services industry will continue to be strongly encouraged. Cross-training and full accreditation will result in the cultivation of a highly skilled workforce that can adapt as your industry evolves.

While a combined safety and soundness and compliance examination is in the process of being developed, we will continue to perform our examinations in the same way as in the past. As financial products and distribution of financial services have evolved, a focused approach is required in order to yield the best regulatory result. We plan to test the combined examination approach on a limited number of institutions utilizing a pilot program. As we gain valuable experience during this pilot period, we will assess the program's effectiveness and make adjustments accordingly. Our intent is to expand the pilot program gradually to phase in the new comprehensive examination program throughout the thrift industry. Melding the safety and soundness and the compliance examinations together will ensure that compliance issues do not compromise safety and soundness and that safety and soundness standards do not undermine compliance requirements. This will provide a clearer representation of the operations of each institution, and ensure that all regulatory objectives are consistently met. In addition to the cross-training of examiners, we will continue to maintain a cadre of compliance experts, both in the regions and in Washington, to assist examiners in handling particularly difficult, complex or technical compliance-related matters.

I wish to emphasize that I view compliance as a vital and integral aspect of an institution's business. Poor compliance is as serious a safety and soundness issue as, for example, weak underwriting standards or weak internal controls. I expect institutions to view compliance risks in the same light as other operational risks. Later this spring we will be sending all institutions a



Page 3

compliance self-assessment questionnaire to help them determine their compliance on an ongoing basis and for use by our examiners for comparative purposes.

In order to ensure that OTS continues to provide the highest possible level of service and oversight to the industry, we have also updated our management survey of CEOs. This voluntary survey will be conducted annually, beginning this summer, and will replace the survey that was previously sent to you at the completion of each examination cycle. The feedback generated by the attached sample Annual Thrift Satisfaction Survey will help us to further refine the examination process, in order to maintain the strength and health of both OTS and the thrift industry.

Thank you for your continued support of the OTS and the thrift charter during this transition period. If you have any questions regarding this memo, please do not hesitate to contact me.



Page 4

# Annual Thrift Satisfaction Survey

1. Please tell us the things you feel OTS does well.

_____

_____

_____

2. Please tell us the things you feel OTS needs to start doing or do better.

_____

_____

_____

3. Please tell us the things you wish OTS would stop doing.

_____

_____

_____

4. Reflecting on your most recent examination(s) please tell us if:

   a) The examiners took time at the start of the examination to gain an understanding of your institution's business strategy and operating philosophy.

   _____

   b) The examiners maintained adequate communications with management during the examination.

   _____

   c) The tone and content of the Report of Examination was consistent with the board or management exit meetings.

   _____

   d) You felt the examination was of value to your organization.

   _____

5. If you had a reason to use or interact with OTS departments or offices other than during examinations, were you satisfied with the accuracy, timeliness and manner in which your business was handled?

_____

_____

6. Other comments?





| Bowman, Christina L | (312) 917-5060 | R1:JERSEY C... | Administrative... | OTS | BOWMANCL | EX |
|---|---|---|---|---|---|---|
| Carter, Patricia | (202) 906-7151 | CC:E | Administrative... | Office of Thrift ... | CARTERPD | EX |
| Cervera, Karen M | (201) 413-7349 | R1:JERSEY C... | Administrative... | Office of Thrift ... | CERVERAKM | EX |
| Dayao, Amelita F | (650) 746-7076 | R5:SAN FRA... | Administrative... | Office of Thrift ... | DAYAOAF | EX |
| DeGracia, Lourdes C | (650) 746-7043 | R5:SAN FRA... | Administrative... | Office of Thrift ... | DEGRACIALC | EX |
| Dixon, Eloise | (312) 917-5070 | R2:ATLANTA | Administrative... | OTS | DIXONEL | EX |
| Ford-Norris, Beverly | (202) 906-7051 | CC:BT | Administrative... | Office of Thrift ... | NORRISBF | EX |
| Grey, Lillian | (404) 888-8572 | R2:ATLANTA | Administrative... | Office of Thrift ... | GRAYLI | EX |
| Hennigan, Ayuko | (312) 917-5010 | R3:CHICAGO | Administrative... | OTS | HENNIGANAY | EX |
| Huggins, Harriet M | (206) 553-5457 | R6:SEATTLE | Administrative... | Office of Thrift ... | HUGGINSHM | EX |
| Hurwitz, Evelyn S | (202) 906-6220 | DIR:IR | Administrative... | Office of Thrift ... | HURWITZE | EX |
| Jenkins, Serny | (202) 906-5691 | SPV:EP | Administrative... | Office of Thrift ... | JENKINSS | EX |
| Kennedy, Jennifer L | (404) 888-8545 | R2:ATLANTA | Administrative... | Office of Thrift ... | KENNEDYJL | EX |
| Olebara, Robin | (202) 906-6342 | SPV:CP | Administrative... | Office of Thrift ... | OLEBARAR | EX |
| Powell, Donna H | (404) 888-8584 | R2:ATLANTA | Administrative... | Office of Thrift ... | POWELLDH | EX |
| Salazar, Virginia J | (650) 746-7063 | R5:SAN FRA... | Administrative... | Office of Thrift ... | SALAZARVJ | EX |
| Smith, Anna M | (972) 277-9629 | R4:DALLAS | Administrative... | Office of Thrift ... | SMITHAM | EX |
| Sweeney, Megan E | (650) 746-7065 | R5:SAN FRA... | Administrative... | Office of Thrift ... | SWEENEYME | EX |
| Timbers, Ann L | (202) 906-5623 | SPV:EP | Administrative... | Office of Thrift ... | TIMBERSA | EX |
| Wilson, Belinda | (312) 917-5040 | R2:ATLANTA | Administrative... | OTS | WILSONBE | EX |
| Woods, Norma | (202) 906-6224 | ISAF:PBF | Administrative... | Office of Thrift ... | WOODSN | EX |

TG-12
Administrative
Secretaries
Washington DC
Headquarters
Shown with
(202) Area code





**Olebara, Robin**

| | |
|---|---|
| **From:** | Shenk, Debbie on behalf of HELP LINE |
| **Sent:** | Tuesday, June 04, 2002 12:02 PM |
| **To:** | *WASH_USERS |
| **Subject:** | Reception for Sally Watts and Koko Ives |
| | |
| **Sensitivity:** | Private |

*Sally is Retiring*    Koko is Moving On

    

*Let's send them off* with our best wishes!

---

# TUESDAY, JUNE 18TH

# Reception for Sally Watts and Koko Ives
# 3 pm
# RLD Conference Room

---

All are invited.  If you would like to contribute to the purchase of a gift,
please see Tim Leary, RLD, 5th Floor, F1





**Olebara, Robin**

| | |
|---|---|
| **From:** | Shenk, Debbie on behalf of HELP LINE |
| **Sent:** | Wednesday, June 05, 2002 10:30 AM |
| **To:** | *WASH_USERS |
| **Subject:** | Reminder - Brenda Harding's Retirement |
| **Sensitivity:** | Private |

*Please join us in wishing*
*Brenda Sansone Harding a wonderful retirement!*

*June 13, 2002*
*4:00pm - 7:00 pm*

*Exchange Bar and Grill*
*Washington, DC.*

*$28.00 per person*
*(inlcudes gift, appetizers, beer, wine and sodas)*

*RSVP:*
*by June 7, 2002*

*Debbie Shenk  202-906-6031*
*Jean Pond  202-906-6288*
*Lori Gauvin  202-906-7420*

*If you have an anecdote about Brenda you would like to share -*
*let us know!*

1

L2



With the
exception of
Ann Timbers
all others
listed were
regional employees



K1



10



NORMAN WOODS
WORKED W/ BILL BRADY, CONTROLLER
DEPARTED OTS TRANSFERRED
TO GSA IN 2001



```
RUN DATE: 04/15/200:                    OFFICE OF THRIFT SUPERVISION
RUN TIME: 08:43:0:                      PAYROLL/PERSONNEL SYSTEM
PY PERIOD:    0:                        REPORT: OTS RETENTION REGISTE:           REPORT #: AGY030_WC
PY PERIOD DATES: 04/07/200: - 04/20/200:  USER: PERSONNEL                        PAGE :     5
                                                                                      WASHINGTON D.C.
```

```
                                        FULL TIME    - COMPETITIVE SERVICE(1)

                                        COMP AREA   : 0000 - WASHINGTON, DC

                                        GRAD        : 1:

                                        COMP LEVEL  : 0:
```

| ICE | TENURE | VET PREF | EMPLOYEE NAME | JOB CODE AND TITLE | ACTUAL RIF+SCC | 4 TH APPR | PERF-APR | COMPUTED SERVICE |
|-----|--------|----------|---------------|--------------------|----------------|-----------|----------|------------------|
|     | 1      | :        | HURWITZ, EVELYN : | 005908 ADMINISTRATIVE SECRETARY I: | 06/27/1961 04 | 16 + 16 +12 = 44 | 06/27/1946 |
|     | 1      | :        | WOODS, NORMA J | 005908 ADMINISTRATIVE SECRETARY I: | 04/30/1965 05 | 20 + 20 +20 = 60 | 04/30/1945 |
|     | :      | :        | OLBEARA, ROBIN C | 005908 ADMINISTRATIVE SECRETARY I: | 07/04/1974 05 | 20 + 20 +20 = 60 | 07/04/1954 |
|     |        |          | FORD, BEVERLY C | 005908 ADMINISTRATIVE SECRETARY I: | 07/30/1973 04 | 12 + 16 +16 = 44 | 07/30/1957 |
| 0:  | 1      | :        | CARTER, PATRICIA J | 005908 ADMINISTRATIVE SECRETARY I: | 05/17/1973 05 | 16 + 16 +16 = 48 | 05/17/1957 |

(0) - ASSUMED FULLY SUCCESSFUL, no performance rating on file.

(*) - ASSUMED FULLY SUCCESSFUL, performance rating of (9) on file.

(12)

OFFICE OF PERSONNEL MANAGEMENT

# NOTICE OF RESULTS

STAFFING SERVICE CENTER
HCX 9800
MACON, GA. 31298-2699

3144
2
419

Attachment 5

DATE ISSUED:   MAY 21, 1986
BATCH NUMBER:   MC0839
1) SOCIAL SECURITY NUMBER:   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
DATE ELIGIBILITY EXPIRES:   MAY, 1987

2)   ROBIN C. OLEBARA
     POST OFFICE BOX 2530
     WASHINGTON, DC   20013

This is a record of your application for Federal Employment in the occupation shown in line 10 below. This is not a job offer. This notice provides information contained in your record as it appears in the files of the Servicing Office shown above. You should carefully review this information to assure that it is correct. If any information is incorrect or has changed since you submitted your application, use the back of this form to notify the office shown above. Your qualifications and any veteran preference claims are subject to verification. Refer to the enclosed "Explanation of your NOTICE OF RESULTS" for important information regarding your eligibility and interpretation of ratings and message codes.

3) DATE OF AVAILABILITY: MAY 21, 1986
4) FULL-TIME EMPLOYMENT: YES
5) PART-TIME EMPLOYMENT: NOT AVAILABLE FOR PART-TIME EMPLOYMENT.
6) TEMPORARY EMPLOYMENT: NOT AVAILABLE FOR TEMPORARY EMPLOYMENT.
7) TRAVEL AVAILABILITY: 11 OR MORE NIGHTS TRAVEL PER MONTH.
8) GEOGRAPHIC AVAILABILITY: (REFER TO YOUR GEOGRAPHIC CODE LISTING TO INTERPRET LOCATION CODES)
    AREA REQUESTED:        NATIONWIDE
                           LOCATIONS  16 17 39 46 54 55

9) VETERAN PREFERENCE: NONE
10) OCCUPATIONAL TITLE:       1102 CONTRACT SPECIALIST

| GRADE | RATING |
|-------|--------|
| GS-5  | 81.0   |
| GS-7  | 81.0   |

(13)

eligible ratings are tentative. You must meet all medical, suitability, and qualifications requirements when you are considered for a
tcific job The Office of Personnel Management

# NOTIFICATION OF PERSONNEL ACTION

Form 50-B
November 1985
Office of Personnel Management
Chapter 296

| 1 Name (Last, First, Middle) | | | | 2 SSN 577728732 | | 3 Position Sensitivity (Old) NS | 4 Date of Birth 03-20-54 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| OLEBARA, RUFIN C | | | | | | | |

| 5 Veteran Preference | | | | 6 Serv Comp Date (Leave) 07-28-76 | 7 Tenure 3 | 8 Retirement 1 |
| --- | --- | --- | --- | --- | --- | --- |
| 2 | 1—None 2—5 Pt | 3—10 Pt Disab 4—10 Pt Comp | 5—10 Pt Other 6—10 Pt /30% Comp. | | | |

| 9 FEGLI | 10 FLSA N | | E—Exempt N—Nonexempt | 11 Sex F | 12 Citizenship 1 | 1—US 8—Other | 13 Comp Level 02 |
| --- | --- | --- | --- | --- | --- | --- | --- |

| 14 Effective Date 03-13-88 | 15 Annuitant Indicator 9 | 1—Reempl Ann-CS 2—RETO | 3—RETM 4—RETO & CS | 5—RETM & CS 9—Not Applicable | 16 Work Schedule F | F—Full-time P—Part-time | I—Intermittent O—FT Seasonal Q—PT Seasonal | J—INT Seasonal N—FT On Call R—PT ON Call | 17 (Reserved for OPM Use) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

| 18-A NOAC 17 | 18-B Nature of Action EXC APPT | | 19-A NOAC | 19-B Nature of Action | |
| --- | --- | --- | --- | --- | --- |
| 18-C Auth Code XLM | 18-D Authority SCH B. 213.3203(L) | | 19-C Auth Code | 19-D Authority | |
| 18-E Auth Code | 18-F Authority | | 19-E Auth Code | 19-F Authority | |

| 20. FROM: Position Title and Number | 27. TO: Position Title and Number CONTRACT SPECIALIST 00059759 |
| --- | --- |
| 21. Name and Location of Employing Office | 28. Name and Location of Employing Office FSLIC-ADMIN SERVICES DIV |

| 22. Pay Plan & Occupational Code | 23 Grade or Level | 24 Step or Rate | 25 Salary | 26. Pay Basis | 29 Pay Plan & Occupational Code GS 11 2 | 30 Grade or Level 07 | 31 Step or Rate 07 | 32 Salary $ 22,473 | 33 Pay Basis PA |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Duty Station WASHINGTON    DC | | | | | 35. Position Occupied 2 | 1—Competitive 2—Excepted | 3—SES General 4—SES Career Reserved | 36. Appropriation Code (Optional) NONADMIN FSLIC | |

Remarks

APPOINTMENT AFFIDAVIT EXECUTED  03-14-88

BAIL PERIOD COMPLETED.

SERVICE COUNTING TOWARDS PERMANENT TENURE FROM  07-01-79 TO  07-01-82

FULL PERFORMANCE LEVEL:    GS-1102-12.





| Approval | B Date | 39. FPMIS Data | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| DIRECTOR OF PERSONNEL | 03-24-88 | A. Supv. or Nonsupv. Ind. 8 | B VEV IND N | C. PRD 6 | D. Barg Unit Status 0010 | E. Functional Class 00 |
| Signature/Authentication of Approving Official [signature] ELIAN E. CASEY | | F. Educational Level 07 | G Year Degree Attained 00 | H. Academic Discipline | I. Agency Code FH63 | |
| | | J. Location Code | | | K. SON | |

Attachment 9

Federal
Home
Loan
Bank
Board

# Memo

CONFIDENTIAL

PERSONNEL

INTER-OFFICE COMMUNICATION

FROM:
Karen F. Thomas
Personnel Management Specialist

TO:
Robin Olebara/Procurement

DATE:
May 5, 1988

SUBJECT:
FPL of Contract
Specialist

This memo is to advise you of the correct Full Performance level for Con-
tract Specialist position for which you were selected. This level is
GS-1101-11. The correct full performance level was correctly posted on the
vacancy announcement from which you applied. Due to administrative error
it was incorrectly put on the Notice of Personnel Action (SF-50) as
GS-1101-12.

*This appears to be an additional
error listed when the series is
... 13 in not 1101.*







FEDERAL HOME LOAN BANK BOARD
PROCUREMENT MANAGEMENT DIVISION

DIRECTOR
15
JONES (B)
(WHITE MALE)
(UNDER 40)

SECRETARY
Simms

PROCUREMENT ASSISTANT
L. Butler

DATA ENTRY
Ellis

PROCUREMENT POLICY BRANCH CHIEF
14
VACANT

PROCUREMENT ANALYST
(WHITE MALE)
(OVER 40)

PROCUREMENT ANALYST
VACANT

SECRETARY

PROCUREMENT OPERATIONS BRANCH A CHIEF
14
VACANT

CONTRACT SPECIALIST
12
LEGAL SVCS.

13 VACANT
CONTRACT SPECIALIST
SENIOR LEGAL SVCS.
H. Butler
(BLACK FEMALE)
(OVER 40)

CONTRACT SPECIALIST
11
AUDIT SVCS.

13 VACANT
CONTRACT SPECIALIST
SENIOR AUDIT SVCS.
Cook
(BLACK FEMALE)
(OVER 40)

SECRETARY

SMALL PURCHASES BRANCH CHIEF
9/10
Williamson (WHITE FEMALE) (OVER 40)

BUYER
(WHITE FEMALE)
Washington

BUYER
Edmondson

BUYER
Olohana

BUYER
5
Bennett

PROCUREMENT CLERK
Lott

PROCUREMENT OPERATIONS BRANCH B CHIEF
14
VACANT

12/13 VACANT
CONTRACT SPECIALIST
BANK BOARD

12/13 VACANT
CONTRACT SPECIALIST
ADF SPECIALIST

12/13 VACANT
CONTRACT SPECIALIST
RECEIVERSHIP/PUBLIC

SECRETARY

Approved:

Gregory D. Rothwell
Executive Director
Administration and Human Resources

FTE AUTHORIZED = 25

Grades penciled in position block. Circled number represents the current grade level before the reorganization. RC

10/11/88

16

B-1

FTE AUTHORIZED = 25

# PROCUREMENT MANAGEMENT DIVISION

PROVIDES BANK BOARD AND FSLIC WITH PROCUREMENT SUPPORT TO OBTAIN A WIDE RANGE OF EQUIPMENT, SUPPLIES AND SERVICES. THE DIVISION HAS AN ONGOING PROGRAM TO PROVIDE CONTRACTOR SUPPORT FOR ADP FUNCTIONS, FACILITY MANAGEMENT FUNCTIONS, OUTSIDE LEGAL COUNSEL SERVICES AND OUTSIDE AUDIT SERVICES IN ADDITION TO THE TRADITIONAL OFFICE EQUIPMENT SUPPLY FUNCTION. PROVIDES ACQUISITION POLICY FOR ALL BANK BOARD FUNCTIONS. PERFORMS DATA ENTRY INTO THE BOARD ACCOUNTING SYSTEM. PROVIDES SUPPORT FOR THE FEDERAL MARITIME ADMINISTRATION.

## PROCUREMENT POLICY BRANCH

DEVELOPS APPROPRIATE PROCUREMENT POLICY FOR THE BANK BOARD. REVIEWS VARIOUS PUBLICATIONS AND PROVIDES UPDATES TO GOVERNING REGULATIONS AS APPROPRIATE. MAINTAINS THE ANNUAL ADVANCE PROCUREMENT PLAN AND PROVIDES THIS TO THE BUDGET DIVISION FOR INCLUSION WITH THE ANNUAL BUDGET. MAINTAINS THE DIVISION INTERNAL CONTROL RECORDS AND PERFORMS APPROPRIATE INTERNAL REVIEWS OF THE BANK BOARD PROCUREMENT PROGRAM. RESPONSIBLE FOR CONTROLLING ALL OUTSIDE AUDIT REQUESTS. MAINTAINS RECORDS OF BANK BOARD PROCUREMENT OBLIGATIONS.

## SMALL PURCHASES BRANCH

PROVIDES PROCUREMENT SUPPORT TO THE BANK BOARD FOR SMALL PURCHASES AND ACQUISITIONS FROM GSA MANDATORY AND NONMANDATORY FEDERAL SUPPLY SERVICE PROGRAMS.

## PROCUREMENT OPERATIONS BRANCH A

PROVIDES THE NECESSARY SUPPORT FOR OBTAINING LEGAL AND AUDIT SERVICES BY CONTRACT. RESPONSIBLE FOR THE DEVELOPMENT OF AND EXECUTION OF THE ANNUAL ADVANCE PROCUREMENT PLAN FOR THE TWO PROGRAM AREAS THIS BRANCH SUPPORTS. RESPONSIBLE FOR ALL ASPECTS OF THE PROCUREMENT FROM THE INITIAL SOLICITATION PREPARATION THROUGH AWARD AND EVENTUAL CLOSEOUT OF THE CONTRACT.

## PROCUREMENT OPERATIONS BRANCH B

PROVIDES ALL NECESSARY SUPPORT FOR OBTAINING AUTOMATED DATA PROCESSING EQUIPMENT, SUPPLIES AND SERVICES, AND PROFESSIONAL SERVICES AND OTHER CONTRACT SERVICES REQUIRED FOR THE BANK BOARD. PROVIDES PROCUREMENT SUPPORT FOR THE FSLIC AS THE RECEIVER. RESPONSIBLE FOR THE DEVELOPMENT AND EXECUTION OF THE ANNUAL ADVANCE PROCUREMENT PLAN FOR THE PROGRAM AREAS THIS BRANCH SUPPORTS. RESPONSIBLE FOR ALL ASPECTS OF THE PROCUREMENT FROM THE INITIAL SOLICITATION PREPARATION THROUGH AWARD AND EVENTUAL CLOSEOUT OF THE CONTRACT.

PROCUREMENT MANAGEMENT DIVISION
Functional Statement Chart
October 19, 1989

APPROVED
Michael E. Jones, Director



⑰

DEC 23 1988                                    Attachment 3

TO:        Robin Olebara

FROM:      Michael Jones
           Director, Procurement Management Division

                                                        CONFIDENTIAL

SUBJECT:   Reassignment

        Effective January 1, 1909 we will reorganize the Procurement Management Division to better meet the goals and objectives of the organization. To further that aim, you will be reassigned to the position of Contract Specialist, GS-1102-9 in the Small Purchases Branch. This position carries the same promotion potential as your current position.

        I know you will work with me to ensure the success and the smooth transition to this new organization.



# INTEROFFICE MEMORANDUM

| | |
|---|---|
| **Date:** | 30-Dec-1988 11:15am EST |
| **From:** | Robin Olebara |
| | OLEBARAR |
| **Dept:** | PMD |
| **Tel No:** | (202)377-6342 |

CONFIDENTIAL

Michael "Mickey" Jones ( JONESM_PMD )

Robin Olebara ( OLEBARAR )

ject: Reassignment and promotion potential

December 23, you issued a memorandum regarding a reassignment. The
orandum stated the reassignment will not affect the my promotion potential,
ch according to my SF50 (as changed) and the memorandum from personnel is
the GS-11 level. However, you assumed it to be at the GS-09 level. To the
trary, on December 23, as requested, I handed you a copy of the personnel
ifications.

irectly queried you about the action because it is highly unlikely to have
same potential has a supervisor (among other things). Since, per your
tement, at least a 7-day notice is required for such actions, and as of
ay's date no official word has been received, what is the status of my
ition?

*my understanding is the Dec. 23, 1988 letter is still
effective.*

(19)

## NOTIFICATION OF PERSONNEL ACTION

Standard Form 50-A
November 1985
Office of Personnel Management
Chapter 296

| me (Last, First, Middle) | | 2. SSN | 3. Position Sensitivity (Cd) | 4. Date of Birth |
|---|---|---|---|---|
| CRADA, ROBIN C | | 577728732 | 49 | 03-20-54 |

| ran Preference | | 6. Serv. Comp. Date (Leave) | 7. Tenure | 8. Retirement |
|---|---|---|---|---|
| 1—None    3—10 Pt. Disab.    5—10 Pt. Other | | 07-06-76 | 3 | |
| 2—5 Pt    4—10 Pt. Comp.    6—10 Pt./30% Comp. | | | | |

| EQLI | | 10. FLSA | 11. Sex | 12. Citizenship | 13. Comp. Unit (Cd) |
|---|---|---|---|---|---|
| | | N | F | 1  1—US    8—Other    00 | |
| | | E—Exempt    N—Nonexempt | | | |

| Effective Date | 16. Annuitant Indicator | 18. Work Schedule | 17. (Reserved for OPM Use) |
|---|---|---|---|
| 5-13-58 | 0  1—Reempl Ann-CS    3—RETM    5—RETM & CS    2—RETO    4—RETO & CS    9—Not Applicable | F  F—Full-time    I—Intermittent    J—NT Seasonal    P—Part-time    O—PT Seasonal    R—PT On Call    R—PT Off Call | |

| 19-B. Nature of Action | 19-A. NOAC | 19-B. Nature of Action |
|---|---|---|
| C | | |
| R  CXC APPT | 19-C. Auth    Code | 19-D. Authority |
| 19-D. Authority | | |
| R  REG by  213.3202(L) | | |
| 19-F. Auth    Code | 19-E. Auth    Code | 19-F. Authority |

| FROM: Position Title and Number | 27. TO: Position Title and Number |
|---|---|
| | CONTRACT SPECIALIST    00009759 |

| Name and Location of Employing Office | 28. Name and Location of Employing Office |
|---|---|
| | FSLIC-ADMIN SERVICES DIV |

| Pay Plan & Occupational Code | 23. Grade or Level | 24. Step or Rate | 25. Salary | 26. Pay Basis | 28. Pay Plan & Occupational Code | 30. Grade or Level | 31. Step or Rate | 32. Salary | 33. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | GS 1102 | 07 | 07 | S 22,247 | PA |

| Duty Station | | 35. Position Occupied | 36. Appropriation Code (Optional) |
|---|---|---|---|
| WASHINGTON    DC | | 2  1—Competitive    3—SES General    2—Excepted    4—SES Career Reserved | NONADMIN FSLIC |

**Remarks**

PRE-EMPLOYMENT AFFIDAVIT EXECUTED  03-14-88

TRIAL PERIOD COMPLETED.

SERVICE COUNTING TOWARDS PERMANENT TENURE FROM  07-01-79 TO  07-01-82

FULL PERFORMANCE LEVEL:  GS-1102-11. 9 mst 12/88

| Approval | | 39. FPMIS Data | | | | |
|---|---|---|---|---|---|---|
| Title of Approving Official | B. Date | A. Supv or Manager Ind | B. VEV IND | C. PRD | D. Berg Unit Status | E. Functional Class |
| DIRECTOR OF PERSONNEL | 03-24-88 | P | 4 | C | GS15 | 05 |
| Signature/Authentication of Approving Official | | F. Educational Level | G. Year Degree Attained | H. Academic Discipline | I. Agency Code | |
| | | 07 | 06 | | FHQ3 | |
| | | J. Location Code | | | K. SCH | |
| WILLIAM B. CASEY | | 110010001 | | | 1060 | |
| Employing Department or Agency | | | | | | |
| FEDERAL HOME LOAN BANK BOARD | | | | | Previous Edition Usable    NSN 7540-01-116-0007 | |

```
RUN DATE: 10/02/96     OFFICE OF THRIFT SUPERVISION
RUN TIME: 10:13:07     PERSONNEL INFORMATION QUERY              REPORT #: PIQ05
                       REPORT: PIQ INDIVIDUAL REPORT                   PAGE:  3
                       USER:  (OLEBARAR)
```

Name: OLEBARA, ROBIN C                    Office code: 6050 CONFIDENTIAL

```
==================== E M P L O Y E E    H I S T O R Y ====================
Eff Date --Nature of Action-- Plan Grd Step Salary ------ Occup Title ------
03/13/88 130  TRANSFER          GS 07  07  $22,470  CONTRACT SPEC
                                             Office: PROCUREMENT MGMT
09/25/88 703  PROMOTION         GS 09  03  $24,435  CONTRACT SPEC
                                             Office: PROCUREMENT MGMT
09/24/89 893  WITHIN-GRADE INC  GS 09  04  $26,231  CONTRACT SPECIALIST
                                             Office: FSLIC PROCUREMENT DIVI
10/08/89 132  MASS TRANSFER     GS 09  04  $26,231  CONTRACT SPECIALIST
                                             Office: FSLIC PROCUREMENT DIVI
10/08/89 894  PAY ADJ           TG 09  04  $29,379  CONTRACT SPECIALIST
                                             Office: MGMT-F&AS-PROCUREMENT
09/09/90 885  PERFORMANCE AWARD TG 09  04     $400  CONTRACT SPECIALIST
                                             Office: MGMT-F&AS-PROCUREMENT
12/30/90 721  REASSIGNMENT      TG 12      $29,379  CONTRACT SPECIALIST I
                                             Office: WASH OP-ADM-FAM-PROCUR
12/30/90 721  REASSIGNMENT      TG 12      $29,379  PURCHASING SPECIALIST I
                                             Office: WASH OP-ADM-FAM-PROCUR
02/24/91 894  PAY ADJ           TG 12      $32,709  CONTRACT SPECIALIST I
                                             Office: WASH OP-ADM-FAM-PROCUR
02/23/92 894  PAY ADJ           TG 12      $33,363  PURCHASING SPECIALIST I
                                             Office: WASH OP-ADM-P&ASD-PROC
02/23/92 894  CORRECT: PAY ADJ  TG 12      $34,017  PURCHASING SPECIALIST I
                                             Office: WASH OP-ADM-P&ASD-PROC
02/21/93 894  PAY ADJ           TG 12      $33,947  PURCHASING SPECIALIST I
                                             Office: WASH OP-ADM-P&ASD-PROC
02/21/93 894  CORRECT: PAY ADJ  TG 12      $34,613  PURCHASING SPECIALIST I
                                             Office: WASH OP-ADM-P&ASD-PROC
09/19/93 882  CHG IN SCD        TG 12      $34,613  PURCHASING SPECIALIST I
                                             Office: WASH OP-ADM-P&ASD-PROC
02/20/94 894  PAY ADJ           TG 12      $35,333  PURCHASING SPECIALIST I
                                             Office: WASH OP-ADM-P&ASD-PROC
02/19/95 894  PAY ADJ           TG 12      $36,216  PURCHASING SPECIALIST I
                                             Office: ADMIN-ADMIN SERVICES-P
02/19/95 994  LUMP SUM PAYMENT  TG 12        $750  PURCHASING SPECIALIST I
                                             Office: ADMIN-ADMIN SERVICES-P
08/21/95 713  CHG TO LOWER GRAD TG 10      $36,216  ADMINISTRATIVE SECRETARY
                                             Office: SUPERVISION-COMPLIANCE
01/07/96 894  PAY ADJ           TG 10      $36,216  ADMINISTRATIVE SECRETARY
                                             Office: SUPERVISION-COMPLIANCE
04/14/96 702  PROMOTION         TG 12      $37,302  ADMINISTRATIVE SECRETARY
                                             Office: SUPERVISION-COMPLIANCE
```

(21)

NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | | | | | 2. Social Security Number | | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|---|---|---|---|---|---|
| OLEBARA, ROBIN C | | | | | | | | | 07-01 |

| FIRST ACTION | | | SECOND ACTION | |
|---|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | | 6-A. Code | 6-B. Nature of Action |
| 721 | REASSIGNMENT | | | |
| 5-C. Code | 5-D. Legal Authority | | 6-C. Code | 6-D. Legal Authority |
| N2M | REG 335.102 | | | |
| 5-E. Code | 5-F. Legal Authority | | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | | | | 15. TO: Position Title and Number | | | |
|---|---|---|---|---|---|---|---|
| CONTRACT SPECIALIST 00010372 | | | | CONTRACT SPECIALIST 00010661 | | | |

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Salary/Award | 21. Pay |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 1102 | 09 | 03 | $ 25,436 | PA | GS | 1102 | 09 | 03 | $ 25,436 | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| FSLIC PROCUREMENT DIVISION | FSLIC PROCUREMENT DIVISION |

**EMPLOYEE DATA**

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference |
|---|---|---|---|
| 1 | 1—None  3—10 Pt. Disab.  5—10 Pt. Other | 0—None  2—Conditional | YES  NO |
|  | 2—5 Pt.  4—10 Pt. Comp.  6—10 Pt./30% Comp. | 1—Permanent  3—Indefinite | |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
|  | 1—Reempl. Ann-CS  3—RETM  5—RETM & CS | 0 |
|  | 2—RETO  4—RETO & CS  6—Not Applicable | |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours |
|---|---|---|---|
|  | 07-08-76 | 1—Intermittent  J—INT Seasonal | 00 Per Biweekly Pay |
|  |  | F—Full-time  6—FT Seasonal  H—FT On Call | |
|  |  | P—Part-time  O—PT Seasonal  R—PT On Call | |

**POSITION DATA**

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1—Competitive Service  3—SES General | N | NONADMIN FSLIC | 0010 |
| 2—Excepted Service  4—SES Career Reserved | E—Exempt  N—Nonexempt | | |

| 38. Duty Station Code | 39. Duty Station (City—County—State or Overseas Location) |
|---|---|
| 110010001 | WASHINGTON DC |

| 40. Agency Data | 41. | 42. | 43. | 44. Budget No. |
|---|---|---|---|---|
| | | | | 89-F-361 |

| 45. Remarks |
|---|

FULL PERFORMANCE LEVEL:  GS-1102-09.

(22)

| 46. Employing Department or Agency | | 50. Signature/Authentication and Title of Approving Official |
|---|---|---|
| FEDERAL HOME LOAN BANK BOARD | | DIRECTOR OF PERSONNEL |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | |
|---|---|---|---|
| FH03 | 1060 | 01-13-89 | Sue A. Pendleman |

110

GILSON.RPT/Washington Employees Only

GRADE GS - 7

| Name | Year | Occupation | Job_title | Grade | NOAC | Definition | NOA_date |
|---|---|---|---|---|---|---|---|
| BEAMER, LINDA S. | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 702 | PROMOTION | 91/09/11 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 702 | PROMOTION | 91/08/11 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 885 | PERFORMANCE AWARD | 91/02/24 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 877 | SPECIAL ACT OR SERVICE AWARD | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 892 | QUALITY INC | 90/10/07 |
| BEDNEY, WALTER J | 1991 | BINDERY WORKING SERIES | | 8 | 702 | PROMOTION NTE | 90/10/07 |
| | 1991 | BINDERY WORKING SERIES | | 8 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | BINDERY WORKING SERIES | | 7 | 703 | PROMOTION NTE | 90/10/07 |
| | 1990 | BINDERY WORKING SERIES | | 8 | 894 | PAY ADJ | 90/12/30 |
| | 1990 | BINDERY WORKING SERIES | | 7 | 703 | PROMOTION NTE | 90/10/07 |
| BRAILEY, LISA M. | 1991 | LEGAL CLERK AND TECHNICIAN | INFORMATION TECHNICIAN ASSISTA | 8 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | LEGAL CLERK AND TECHNICIAN | INFORMATION TECHNICIAN ASSISTA | 8 | 885 | PERFORMANCE AWARD | 91/02/24 |
| | 1991 | LEGAL CLERK AND TECHNICIAN | INFORMATION TECHNICIAN ASSISTA | 8 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | LEGAL CLERK AND TECHNICIAN | INFORMATION TECHNICIAN ASSISTA | 8 | 721 | REASSIGNMENT | 90/12/16 |
| | 1990 | LEGAL CLERK AND TECHNICIAN | INFORMATION TECHNICIAN ASSISTA | 7 | 885 | PERFORMANCE AWARD | 90/12/02 |
| | 1990 | LEGAL CLERK AND TECHNICIAN | INFORMATION TECHNICIAN ASSISTA | 7 | 721 | REASSIGNMENT | 90/10/28 |
| BROWN, NORMA L | 1991 | MISC. CLERK & ASSISTANT SERIES | INFORMATION TECHNICIAN ASSISTA | 12 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | MISC. CLERK & ASSISTANT SERIES | INFORMATION TECHNICIAN ASSISTA | 12 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | INFORMATION TECHNICIAN ASSISTA | 7 | 721 | PAY ADJ | 90/12/30 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | INFORMATION TECHNICIAN ASSISTA | 7 | 721 | PAY ADJ | 90/12/30 |
| COSGROVE, AURORA L | 1991 | PERS CLK AND ASST SERIES | ADMINISTRATIVE SECRETARY I | 12 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | PERS CLK AND ASST SERIES | ADMINISTRATIVE SECRETARY I | 12 | 885 | RTD | 90/09/04 |
| | 1991 | PERS CLK AND ASST SERIES | ADMINISTRATIVE SECRETARY I | 7 | 702 | PROMOTION | 91/04/21 |
| | 1990 | PERS CLK AND ASST SERIES | ADMINISTRATIVE SECRETARY I | 7 | 894 | PAY ADJ | 91/02/24 |
| DANDRIDGE, SYLVIA L | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 885 | PERFORMANCE AWARD | 90/09/23 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 7 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 7 | 721 | REASSIGNMENT | 90/12/30 |
| DANIEL, JANNICE R | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 894 | REASSIGNMENT | 90/12/30 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 894 | OTS LIFE INSURANCE | 90/12/31 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 7 | 721 | PAY ADJ | 91/02/24 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 7 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 7 | 292 | REASSIGNMENT | 90/11/18 |
| DANIELS, PEGGY MALCH | 1991 | PARALEGAL SPECIALIST SERIES | INFORMATION SERVICES PARALEGAL | 10 | 894 | REASSIGNMENT | 89/12/31 |
| | 1991 | PARALEGAL SPECIALIST SERIES | INFORMATION SERVICES PARALEGAL | 10 | 721 | PAY ADJ | 91/02/24 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | INFORMATION SERVICES PARALEGAL | 7 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | INFORMATION SERVICES PARALEGAL | 7 | 721 | SPECIAL ACT OR SERVICE AWARD | 90/10/21 |
| ROONEY, OCTAVIA | 1991 | MISC. CLERK & ASSISTANT SERIES | PUBLIC CONTACT REPRESENTATIVE | 8 | 894 | PAY ADJ | 90/05/20 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | PUBLIC CONTACT REPRESENTATIVE | 8 | 721 | REASSIGNMENT | 91/02/24 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | PUBLIC CONTACT REPRESENTATIVE | 7 | 877 | SPECIAL ACT OR SERVICE AWARD | 90/10/21 |

H Ø

GRADE GS - 7
GILSON.RPT/Washington Employees Only

| Name | Year | Occupation | Job_title | Grade | NOAC | Definition | NOA_date |
|---|---|---|---|---|---|---|---|
| FOREST, EILEEN F | 1991 | LIBRARY TECHNICIAN SERIES | LIBRARY TECH (LAW) | 10 | 702 | PROMOTION | 91/09/22 |
| | 1991 | LIBRARY TECHNICIAN SERIES | LIBRARY TECH (LAW) | 10 | 894 | PAY ADJ | 91/03/09 |
| | 1991 | LIBRARY TECHNICIAN SERIES | LIBRARY TECH (LAW) | 10 | 721 | REASSIGNMENT | 91/02/24 |
| | 1990 | LIBRARY TECHNICIAN SERIES | | 7 | 885 | PERFORMANCE AWARD | 91/02/24 |
| | 1991 | LIBRARY TECHNICIAN SERIES | | 10 | 721 | REASSIGNMENT | 91/02/24 |
| | 1991 | LIBRARY TECHNICIAN SERIES | | | 881 | FEGLI CHG | 90/12/17 |
| | 1990 | LIBRARY TECHNICIAN SERIES | | 7 | 885 | PERFORMANCE AWARD | 90/09/09 |
| GRAY, JEAN B | 1991 | LIBRARY TECHNICIAN SERIES | LIBRARY TECH (LAW) | 10 | 702 | PROMOTION | 91/02/24 |
| | 1991 | LIBRARY TECHNICIAN SERIES | LIBRARY TECH (LAW) | 10 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | LIBRARY TECHNICIAN SERIES | LIBRARY TECH (LAW) | 10 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | LIBRARY TECHNICIAN SERIES | | 7 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | LIBRARY TECHNICIAN SERIES | | 7 | 885 | PERFORMANCE AWARD | 90/10/07 |
| HAWKINS, RHONDA ANN | 1991 | TRANS CLERK & ASSISTANT SERIES | SENIOR RELOCATION SPECIALIST | 10 | 702 | PROMOTION | 91/12/01 |
| | 1991 | TRANS CLERK & ASSISTANT SERIES | SENIOR RELOCATION SPECIALIST | 8 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | TRANS CLERK & ASSISTANT SERIES | SENIOR RELOCATION SPECIALIST | 8 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | LEGAL CLERK AND TECHNICIAN | SENIOR RELOCATION SPECIALIST | 8 | 885 | PERFORMANCE AWARD | 90/12/30 |
| | 1990 | LEGAL CLERK AND TECHNICIAN | SENIOR RELOCATION SPECIALIST | 7 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | TRANS CLERK & ASSISTANT SERIES | SENIOR RELOCATION SPECIALIST | 7 | 885 | PERFORMANCE AWARD | 90/09/09 |
| ING, THEODORA K | 1991 | LEGAL CLERK AND TECHNICIAN | LEAD ACCOUNTING TECHNICIAN | 10 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/09/25 |
| | 1991 | LEGAL CLERK AND TECHNICIAN | LEAD ACCOUNTING TECHNICIAN | 10 | 880 | CHG IN TENURE GROUP | 91/09/25 |
| | 1991 | ACCOUNTING TECHNICIAN SERIES | LEAD ACCOUNTING TECHNICIAN | 10 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | ACCOUNTING TECHNICIAN SERIES | ACCOUNTING TECHNICIAN | 10 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | ACCOUNTING TECHNICIAN SERIES | ACCOUNTING TECHNICIAN | 7 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | ACCOUNTING TECHNICIAN SERIES | ACCOUNTING TECHNICIAN | 7 | 885 | PERFORMANCE AWARD | 90/08/12 |
| JENKINS, CYNTHIA D | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 13 | 892 | QUALITY INC | 90/08/12 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 885 | PERFORMANCE AWARD | 90/08/12 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 877 | SPECIAL ACT OR SERVICE AWARD | 90/08/12 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 885 | PERFORMANCE AWARD | 90/08/12 |
| JONES, CAROLYN J. | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 702 | PROMOTION | 91/08/11 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 721 | REASSIGNMENT | 91/08/11 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | | 7 | 884 | OTS LIFE INSURANCE | 90/12/30 |
| | 1990 | SECRETARY SERIES | | 7 | 170 | EXC APPT | 90/02/11 |
| JORDAN, LEE D. | 1991 | PERSONNEL MANAGEMENT SERIES | | 10 | 702 | PROMOTION | 91/06/02 |
| | 1991 | PERSONNEL MANAGEMENT SERIES | | 10 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | PERSONNEL MANAGEMENT SERIES | | 10 | 894 | PAY ADJ | 91/12/30 |
| | 1991 | PERSONNEL MANAGEMENT SERIES | | 7 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | PERSONNEL MANAGEMENT SERIES | | 7 | 885 | PERFORMANCE AWARD | 90/05/20 |
| | 1990 | PERSONNEL MANAGEMENT SERIES | | 7 | 702 | PROMOTION | 90/10/07 |
| | 1990 | PERSONNEL MANAGEMENT SERIES | | 7 | 780 | NAME CHG FROM | 90/04/08 |
| | 1990 | PERSONNEL MANAGEMENT SERIES | | 7 | 713 | CHG TO LOWER GRADE | 90/03/25 |
| | 1990 | PERSONNEL MANAGEMENT SERIES | | 7 | 877 | SPECIAL ACT OR SERVICE AWARD | 90/02/25 |
| | 1990 | PERSONNEL MANAGEMENT SERIES | | 7 | 880 | CHG IN TENURE GROUP | 90/02/22 |

Listing Produced on 05JUN96

2



GRADE GS - 7
GILSON.RPT/Washington Employees Only

| Name | Year | Occupation | Job_Title | Grade | NOAC | Definition | NOA_date |
|------|------|-----------|-----------|-------|------|-----------|----------|
| KOZAK, DONNA M. | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/09/25 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 702 | PROMOTION | 91/06/02 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 702 | PROMOTION | 91/06/02 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 721 | REASSIGNMENT | 91/02/24 |
| | 1990 | SECRETARY SERIES | | 7 | 877 | SPECIAL ACT OR SERVICE AWARD | 90/12/30 |
| | 1990 | SECRETARY SERIES | | 7 | 702 | PROMOTION | 90/12/30 |
| | 1990 | SECRETARY SERIES | | 7 | 721 | REASSIGNMENT | 90/10/07 |
| | 1990 | SECRETARY SERIES | | 7 | 721 | REASSIGNMENT | 89/12/17 |
| LASTER, BETTY J | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 702 | PROMOTION | 91/12/01 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 894 | PROMOTION | 91/12/01 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 721 | REASSIGNMENT | 91/02/24 |
| | 1990 | LEGAL CLERK AND TECHNICIAN | | 7 | 721 | PERFORMANCE AWARD | 90/12/30 |
| | | | | 7 | 885 | QUALITY INC | 90/08/26 |
| MARTIN, ANNETTE E. | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 800 | CHG IN DATA ELEMENT | 91/09/11 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 702 | PROMOTION | 91/02/24 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 894 | REASSIGNMENT | 91/02/24 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 7 | 721 | PAY ADJ | 90/12/30 |
| MAYHEW, ANGELA | 1991 | SECRETARY SERIES | SECRETARY III | 8 | 885 | SPECIAL ACT OR SERVICE AWARD | 91/02/24 |
| | 1991 | SECRETARY SERIES | SECRETARY III | 8 | 894 | PAY ADJ | 91/02/24 |
| MCCANNON, MELBA H | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 721 | REASSIGNMENT | 90/07/29 |
| | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 884 | OTS LIFE INSURANCE | 90/07/29 |
| | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 881 | FEGLI CHG | 90/06/24 |
| | 1990 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 170 | EXC APPT | |
| | 1990 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 877 | SPECIAL ACT OR SERVICE AWARD | 87/12/31 |
| MILLS, ANDREA M | 1991 | SECRETARY SERIES | SECRETARY III | 7 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/02/24 |
| | 1991 | SECRETARY SERIES | SECRETARY III | 8 | 894 | PERFORMANCE AWARD | 91/02/24 |
| | 1991 | SECRETARY SERIES | SECRETARY III | 8 | 721 | REASSIGNMENT | 91/02/24 |
| | 1991 | SECRETARY SERIES | SECRETARY | 7 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/02/24 |
| | 1991 | SECRETARY SERIES | | 7 | 885 | PERFORMANCE AWARD | 90/12/30 |
| NUGENT, DAPHINE D. | 1991 | MISC. ADMIN. & PROGRAM SERIES | RESEARCH ASSISTANT | 10 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | RESEARCH ASSISTANT | 10 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | RESEARCH ASSISTANT | 10 | 721 | REASSIGNMENT | 91/02/24 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | RESEARCH ASSISTANT | 10 | 460 | LWOP NTE | 91/02/24 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | RESEARCH ASSISTANT | 10 | 460 | LWOP NTE | 90/10/28 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | RESEARCH ASSISTANT | 7 | 292 | RTD | 90/10/09 |
| | 1990 | MISC. ADMIN. & PROGRAM SERIES | RESEARCH ASSISTANT | 7 | 877 | SPECIAL ACT OR SERVICE AWARD | 90/04/16 |
| | 1990 | MISC. ADMIN. & PROGRAM SERIES | RESEARCH ASSISTANT | 7 | 884 | OTS LIFE INSURANCE | 90/04/16 |
| | 1990 | MISC. ADMIN. & PROGRAM SERIES | | | 584 | CONV TO EXCEPTED APPT | |
| | 1990 | MISC. ADMIN. & PROGRAM SERIES | | | 570 | FEGLI CHG | |
| | 1990 | MISC. ADMIN. & PROGRAM SERIES | | | 881 | PAY ADJ | 91/05/23 |
| | | | | | 894 | PAY ADJ | 91/05/09 |
| | | | | | 721 | REASSIGNMENT | 91/04/21 |
| | | | | | 894 | OTS LIFE INSURANCE | 91/04/21 |
| | | | | | 721 | PAY ADJ | 91/02/24 |
| | | | | | 115 | REASSIGNMENT | 90/12/30 |
| | | | | | 115 | APPT NTE | 90/06/03 |
| | | | | | 115 | APPT NTE | 90/05/29 |
| | | | | | | NTE | 90/05/29 |



GRADE GS - 7

GILSON.RPT/Washington Employees Only

| Name | Year | Occupation | Job_title | Grade | NOAC | Definition | NOA_date |
|---|---|---|---|---|---|---|---|
| PADGETT, TIM ARTHUR | 1991 | BINDERY WORKING SERIES | | 8 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | BINDERY WORKING SERIES | | 8 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | BINDERY WORKING SERIES | | 8 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | BINDERY WORKING SERIES | | 8 | 721 | REASSIGNMENT | 91/02/24 |
| | 1991 | BINDERY WORKING SERIES | | 8 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | BINDERY WORKING SERIES | | 8 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | BINDERY WORKING SERIES | | 8 | 894 | PAY ADJ | 90/12/30 |
| | 1990 | BINDERY WORKING SERIES | | 8 | 894 | PAY ADJ | 90/12/30 |
| | 1990 | BINDERY WORKING SERIES | | 8 | 893 | WITHIN-GRADE INC | 90/02/11 |
| PERRY, JOHN W | 1991 | COMPUTER OPERATION SERIES | COMPUTER OPERATOR III | 12 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | COMPUTER OPERATION SERIES | COMPUTER OPERATOR III | 12 | 894 | REASSIGNMENT | 90/12/30 |
| | 1991 | COMPUTER OPERATION SERIES | COMPUTER OPERATOR III | 12 | 894 | PAY ADJ | 90/12/30 |
| | 1990 | COMPUTER OPERATION SERIES | COMPUTER OPERATOR III | 7 | 702 | PROMOTION | 89/12/31 |
| PERRY, VIRGINIA L | 1991 | COMPUTER SPECIALIST SERIES | COMPUTER SPECIALIST I | 14 | 702 | PROMOTION | 91/06/21 |
| | 1991 | COMPUTER SPECIALIST SERIES | COMPUTER SPECIALIST I | 14 | 721 | REASSIGNMENT | 91/03/24 |
| | 1991 | COMPUTER SPECIALIST SERIES | COMPUTER SPECIALIST I | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | COMPUTER SPECIALIST SERIES | COMPUTER SPECIALIST I | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | COMPUTER SPECIALIST SERIES | COMPUTER SPECIALIST I | 14 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | COMPUTER SPECIALIST | | 7 | 292 | RTD | 90/08/05 |
| | 1990 | COMPUTER SPECIALIST | | 7 | 893 | WITHIN-GRADE INC | 90/07/29 |
| PITTS, BERNICE S | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 702 | PROMOTION | 91/09/22 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 9 | 894 | PERFORMANCE AWARD | 91/09/22 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 9 | 885 | REASSIGNMENT | 91/02/24 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 9 | 894 | PERFORMANCE AWARD | 91/02/24 |
| | 1990 | SECRETARY SERIES | | 7 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | | 7 | 884 | OTS LIFE INSURANCE | 90/03/25 |
| POLLARD, YVONNE | 1991 | MANAGEMENT CLERICAL & ASST. | ADMINISTRATIVE SECRETARY II | 12 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/10/12 |
| | 1991 | MANAGEMENT CLERICAL & ASST. | ADMINISTRATIVE SECRETARY II | 9 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/02/24 |
| | 1991 | MANAGEMENT CLERICAL & ASST. | ADMINISTRATIVE SECRETARY II | 9 | 894 | REASSIGNMENT | 91/02/24 |
| | 1991 | MANAGEMENT CLERICAL & ASST. | ADMINISTRATIVE SECRETARY I | 9 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | MANAGEMENT CLERICAL & ASST. | | 7 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | MANAGEMENT CLERICAL & ASST. | | 7 | 702 | PROMOTION | 90/03/25 |
| RAUSCH, JACK L. | 1991 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 14 | 702 | PROMOTION | 91/09/22 |
| | 1991 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 14 | 885 | PERFORMANCE AWARD | 91/02/24 |
| | 1991 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 14 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | MANAGEMENT CLERICAL & ASST. | MANAGER, SYSTEMS DESIGN AND DE | 8 | 884 | OTS LIFE INSURANCE | 90/03/11 |
| | 1991 | MANAGEMENT CLERICAL & ASST. | | 8 | 894 | REASSIGNMENT | 90/12/30 |
| | 1990 | MANAGEMENT CLERICAL & ASST. | | 8 | 101 | CAREER COND APPT | 90/05/04 |
| SCOTT, JOHN | 1991 | BINDERY WORKING SERIES | | 8 | 884 | OTS LIFE INSURANCE | 90/12/30 |
| | 1991 | BINDERY WORKING SERIES | | 8 | | | 90/12/30 |
| | 1991 | BINDERY WORKING SERIES | | 8 | | | 90/12/30 |
| | 1991 | BINDERY WORKING SERIES | | 8 | | | 90/12/30 |
| | 1991 | BINDERY WORKING SERIES | | 8 | | | |
| | 1991 | BINDERY WORKING SERIES | | 8 | | | |
| | 1991 | BINDERY WORKING SERIES | | 8 | | | |

(26)



GRADE GS - 7
GILSON.RPT/Washington Employees Only

| Name | Year | Occupation | Job_title | Grade | NOAC | Definition | NOA_date |
|---|---|---|---|---|---|---|---|
| SCOTT, JOHN | 1990 | BINDERY WORKING SERIES | | 7 | 885 | PERFORMANCE AWARD | 90/09/23 |
| SIMMS, DEBORAH J | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 880 | CHG IN TENURE GROUP | 91/04/10 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 893 | WITHIN-GRADE INC | 90/12/30 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 884 | OTS LIFE INSURANCE | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 885 | PERFORMANCE AWARD | 90/09/09 |
| | 1990 | SECRETARY SERIES | SECRETARY | 7 | 702 | PROMOTION | 89/12/31 |
| STONE, FLORENCE E | 1991 | CIVILIAN PAY SERIES | PAYROLL ACCOUNTING TECH. | 12 | 702 | PROMOTION | 91/12/01 |
| | 1991 | CIVILIAN PAY SERIES | PAYROLL ACCOUNTING TECH. | 12 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | CIVILIAN PAY SERIES | PAYROLL ACCOUNTING TECH. | 12 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | FIN. CLERICAL & ASSI. SERIES | PAYROLL ACCOUNTING TECH. | 7 | 877 | PERFORMANCE AWARD | 90/05/20 |
| STUCKEY, PAMELA M | 1991 | MISC. CLERK & ASSISTANT SERIES | INFORMATION TECHNICIAN ASSISTA | 8 | 730 | DETAIL NTE | 91/07/22 |
| | 1991 | MISC. CLERK & ASSISTANT SERIES | INFORMATION TECHNICIAN ASSISTA | 8 | 731 | EXT OF DETAIL NTE | 91/04/26 |
| | 1991 | MISC. CLERK & ASSISTANT SERIES | INFORMATION TECHNICIAN ASSISTA | 8 | 731 | TERM OF DETAIL NTE | 91/04/26 |
| | 1991 | MISC. CLERK & ASSISTANT SERIES | INFORMATION TECHNICIAN ASSISTA | 8 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | MISC. CLERK & ASSISTANT SERIES | INFORMATION TECHNICIAN ASSISTA | 8 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | FIN. ADMIN. & PROGRAM SERIES | INFORMATION SERVICES PARALEGAL | 7 | 877 | SPECIAL ACT OR SERVICE AWARD | 90/05/20 |
| SUN, ELAINE E | 1991 | TRANS CLERK & ASSISTANT SERIES | TRAVEL COUNSELOR | 8 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | TRANS CLERK & ASSISTANT SERIES | TRAVEL COUNSELOR | 8 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | TRANS CLERK & ASSISTANT SERIES | TRAVEL COUNSELOR | 7 | 885 | PERFORMANCE AWARD | 90/09/09 |
| THOMAS, CYNTHIA | 1991 | PARALEGAL SPECIALIST SERIES | INFORMATION SERVICES PARALEGAL | 10 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | PARALEGAL SPECIALIST SERIES | INFORMATION SERVICES PARALEGAL | 10 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | PARALEGAL SPECIALIST SERIES | INFORMATION SERVICES PARALEGAL | 10 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | MISC. ADMIN. & PROGRAM SERIES | INFORMATION SERVICES PARALEGAL | 7 | 721 | REASSIGNMENT | 90/08/12 |
| THOMAS, DENISE E. | 1991 | MISC. CLERK & ASSISTANT SERIES | FINANCIAL INFORMATION TECHNICI | 8 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | MISC. CLERK & ASSISTANT SERIES | FINANCIAL INFORMATION TECHNICI | 8 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | FINANCIAL INFORMATION TECHNICI | 7 | 702 | PROMOTION | 90/07/01 |
| TUNISON, CAROL LEA | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 7 | 702 | PROMOTION | 90/07/01 |
| TURNER, ALETHEA F | 1991 | ACCOUNTING SERIES | OPERATING ACCOUNTANT II | 14 | 702 | PROMOTION | 91/09/08 |
| | 1991 | ACCOUNTING SERIES | OPERATING ACCOUNTANT II | 14 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/05/02 |
| | 1991 | ACCOUNTING SERIES | OPERATING ACCOUNTANT II | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | ACCOUNTING SERIES | OPERATING ACCOUNTANT II | 7 | 885 | PERFORMANCE AWARD | 90/12/30 |
| | 1990 | ACCOUNTING SERIES | OPERATING ACCOUNTANT II | 7 | 702 | PROMOTION | 90/09/09 |
| | 1991 | ACCOUNTING SERIES | OPERATING ACCOUNTANT II | 7 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | ACCOUNTING SERIES | OPERATING ACCOUNTANT II | 7 | 894 | PAY ADJ | 90/12/30 |
| | 1990 | ACCOUNTING TECHNICIAN SERIES | OPERATING ACCOUNTANT | 7 | 881 | FEGLI CHG | 90/11/03 |



GRADE GS - 7
GILSON.RPT/Washington Employees Only

| Name | Year | Occupation | Job_title | Grade | NOAC | Definition | NOA_date |
|---|---|---|---|---|---|---|---|
| TURNER, ALETHEA F | 1990 | ACCOUNTING TECHNICIAN SERIES | | 7 | 893 | WITHIN-GRADE INC | 90/10/07 |
| | 1990 | ACCOUNTING TECHNICIAN SERIES | | 7 | 880 | CHG IN TENURE GROUP | 90/09/27 |
| | 1990 | ACCOUNTING TECHNICIAN SERIES | | 7 | 880 | CHG IN TENURE GROUP | 90/09/27 |
| | 1990 | ACCOUNTING TECHNICIAN SERIES | | 7 | 877 | SPECIAL ACT OR SERVICE AWARD | 90/05/20 |
| VAUGHN, ELIZABETH B | 1991 | GENERAL ARTS AND INFORM SERIES | PUBLIC AFFAIRS ASSISTANT | 10 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/11/21 |
| | 1991 | GENERAL ARTS AND INFORM SERIES | PUBLIC AFFAIRS ASSISTANT | 10 | 894 | PAY ADJ | 91/03/24 |
| | 1990 | GENERAL ARTS AND INFORM SERIES | PUBLIC AFFAIRS ASSISTANT | 10 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | GENERAL ARTS AND INFORM SERIES | | 7 | 885 | PERFORMANCE AWARD | 90/10/07 |
| WASHINGTON, KAREN M | 1991 | PRINTING MANAGEMENT SERIES | | 13 | 702 | PROMOTION | 91/11/17 |
| | 1991 | PRINTING MANAGEMENT SERIES | COPY CENTER BRANCH CHIEF | 13 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | PRINTING MANAGEMENT SERIES | COPY CENTER BRANCH CHIEF | 13 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | PRINTING MANAGEMENT SERIES | COPY CENTER BRANCH CHIEF | 13 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | PRINTING MANAGEMENT SERIES | COPY CENTER BRANCH CHIEF | 13 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | PRINTING MANAGEMENT SERIES | COPY CENTER BRANCH CHIEF | 13 | 894 | PAY ADJ | 90/12/30 |
| | 1990 | PRINTING MANAGEMENT SERIES | COPY CENTER BRANCH CHIEF | 13 | 884 | PAY ADJ | 90/12/30 |
| | 1990 | BINDERY WORKING SERIES | COPY CENTER BRANCH CHIEF | 7 | 877 | OTS LIFE INSURANCE | 90/12/02 |
| | 1990 | BINDERY WORKING SERIES | | 7 | 884 | SPECIAL ACT OR SERVICE AWARD | 90/02/11 |
| | 1990 | BINDERY WORKING SERIES | | 7 | 721 | REASSIGNMENT | 89/12/31 |
| WEEKS, ROSLYN E | 1991 | PARALEGAL SPECIALIST SERIES | INFORMATION SERVICES PARALEGAL | 10 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | PARALEGAL SPECIALIST SERIES | INFORMATION SERVICES PARALEGAL | 10 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | PARALEGAL SPECIALIST SERIES | INFORMATION SERVICES PARALEGAL | 7 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | | 7 | 877 | SPECIAL ACT OR SERVICE AWARD | 90/10/21 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | | 7 | 721 | REASSIGNMENT | 90/08/12 |






GRADE GS - 8
GILSON.RPT/Washington Employees Only

| Name | Year | Occupation | Job_title | Grade | NOAC | Definition | NOA_date |
|---|---|---|---|---|---|---|---|
| CARTER, PATRICIA D | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 885 | PERFORMANCE AWARD | 91/02/24 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 724 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 721 | REASSIGNMENT | 90/12/30 |
| EVANS, SANDRA E | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 8 | 894 | PAY ADJ | 90/12/30 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 8 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/01/21 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 8 | 893 | WITHIN-GRADE INC | 90/10/21 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 8 | 877 | SPECIAL ACT OR SERVICE AWARD | 90/01/28 |
| GREGORY, PATRICIA L | 1991 | MISC. CLERK & ASSISTANT SERIES | | 8 | 885 | PERFORMANCE AWARD | 91/09/22 |
| | 1991 | MISC. CLERK & ASSISTANT SERIES | | 8 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/02/24 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | | 8 | 702 | PROMOTION | 90/12/30 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | | 8 | 894 | PAY ADJ | 90/12/14 |
| | 1990 | SECRETARY SERIES | | 8 | 721 | REASSIGNMENT | 90/10/28 |
| | 1990 | SECRETARY SERIES | | 8 | 170 | EXC APPT | 90/07/29 |
| | 1990 | SECRETARY SERIES | | 8 | 170 | EXC APPT | 90/07/07 |
| GIULIANO, ZELIA M. | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 893 | WITHIN-GRADE INC | 90/10/07 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 12 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 8 | 721 | REASSIGNMENT | 90/12/31 |
| JONES, WANDA R | 1991 | ACCOUNTING TECHNICIAN SERIES | LEAD ACCOUNTING TECHNICIAN | 10 | 893 | WITHIN-GRADE INC | 90/10/07 |
| | 1990 | ACCOUNTING TECHNICIAN SERIES | LEAD ACCOUNTING TECHNICIAN | 10 | 893 | CHF IN DATA ELEMENT | 90/05/20 |
| JOYNER, RUBY A | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 894 | PAY ADJ | 91/03/24 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 8 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 8 | 893 | WITHIN-GRADE INC | 90/05/20 |
| MCKINNEY, MARY V. | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 894 | PAY ADJ | 91/09/11 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 721 | REASSIGNMENT | 91/02/24 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 8 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 8 | 540 | CONV TO REINS-CAREER | 90/10/28 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 8 | 540 | CONV TO REINS-CAREER | 90/03/25 |
| MCLEOD, SHARON Y | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/11/07 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 10 | 702 | PROMOTION | 91/09/22 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 8 | 885 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 8 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 8 | 885 | PERFORMANCE AWARD | 90/07/23 |
| NEWMAN, MAE ETTA | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/09/25 |
| | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 702 | PROMOTION | 91/09/22 |
| | 1990 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 721 | REASSIGNMENT | 90/12/30 |

Listing Produced on 05JUN96

29

1

(46)

GRADE GS - 8
GILSON.RPT/Washington Employees Only

| Name | Year | Occupation | Job_title | Grade | NOAC | Definition | NOA_date |
|---|---|---|---|---|---|---|---|
| NEWMAN, MAE ETTA | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 894 | PAY ADJ | 91/09/22 |
|  | 1990 | SECRETARY SERIES |  | 8 | 885 | PERFORMANCE AWARD | 90/12/30 |
|  | 1990 | SECRETARY SERIES |  | 8 | 892 | QUALITY INC | 90/03/11 |
|  | 1990 | SECRETARY SERIES |  | 8 | 893 | WITHIN-GRADE INC | 90/03/11 |
| POND, ADA REGINA DILWORTH | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 540 | CONV TO REINS-CAREER | 90/02/25 |
|  | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 894 | PAY ADJ | 91/09/22 |
|  | 1990 | SECRETARY SERIES | EXECUTIVE SECRETARY | 8 | 721 | REASSIGNMENT | 91/02/24 |
|  | 1990 | SECRETARY SERIES | SECRETARY | 8 | 894 | PAY ADJ | 91/02/24 |
|  | 1990 | SECRETARY SERIES |  | 8 | 893 | WITHIN-GRADE INC | 90/12/30 |
| SAINT LOUIS, JANICE D. | 1991 | SECRETARY SERIES |  | 8 | 721 | REASSIGNMENT | 90/02/11 |
|  | 1990 | SECRETARY SERIES |  | 8 | 170 | EXC APPT | 90/02/10 |
| TINNETT, KAREN B | 1991 | MISC. ADMIN. & PROGRAM SERIES | MANAGEMENT INFORM ASSISTANT | 12 | 702 | PROMOTION | 91/09/22 |
|  | 1991 | MISC. ADMIN. & PROGRAM SERIES | MANAGEMENT INFORM ASSISTANT | 12 | 885 | PERFORMANCE AWARD | 91/02/24 |
|  | 1991 | MISC. ADMIN. & PROGRAM SERIES | MANAGEMENT INFORM ASSISTANT | 12 | 894 | PAY ADJ | 91/02/24 |
|  | 1990 | SECRETARY SERIES | MANAGEMENT INFORM ASSISTANT | 8 | 721 | REASSIGNMENT | 90/12/30 |
|  | 1990 | SECRETARY SERIES | MANAGEMENT INFORM ASSISTANT | 8 | 721 | REASSIGNMENT | 90/09/23 |
| WALKER, VIOLA | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 10 | 894 | PROMOTION | 91/09/23 |
|  | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 10 | 895 | PERFORMANCE AWARD | 90/07/30 |
|  | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 8 | 885 | REASSIGNMENT | 90/09/23 |
| WEINSTEIN, HARRIS | 1991 | GENERAL ATTORNEY SERIES | CHIEF COUNSEL | 29 | 894 | PAY ADJ | 91/02/24 |
|  | 1991 | GENERAL ATTORNEY SERIES | CHIEF COUNSEL | 29 | 912 | CONV TO EXCEPTED APPT | 90/07/30 |
|  | 1991 | GENERAL ATTORNEY SERIES |  | 10 | 570 | CONV TO NONCAREER EXEC APPT | 90/09/23 |
|  | 1990 | GENERAL ATTORNEY SERIES |  | 10 | 881 | FEGLI CHG | 90/08/11 |
|  | 1990 | GENERAL ATTORNEY SERIES |  | 8 | 884 | OTS LIFE INSURANCE | 90/08/16 |
|  | 1990 | GENERAL ATTORNEY SERIES |  | 8 | 882 | CHG IN SCD | 90/06/16 |
|  | 1990 | GENERAL ATTORNEY SERIES |  | 8 | 177 | EXC APPT NTE | 90/08/12 |
| WILLS, ERICK O | 1991 | COMPUTER OPERATION SERIES | COMPUTER OPERATOR III | 12 | 894 | PAY ADJ | 91/02/24 |
|  | 1991 | COMPUTER OPERATION SERIES | COMPUTER OPERATOR III | 12 | 721 | REASSIGNMENT | 90/12/30 |
|  | 1990 | COMPUTER OPERATION SERIES | COMPUTER OPERATOR III | 10 | 885 | PERFORMANCE AWARD | 90/12/30 |
|  | 1990 | COMPUTER OPERATION SERIES | COMPUTER OPERATOR III | 10 | 702 | PROMOTION | 90/06/17 |
| WOODS, NORMA J | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 8 | 885 | PERFORMANCE AWARD | 91/02/24 |
|  | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 8 | 894 | PAY ADJ | 91/02/24 |
|  | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 8 | 894 | PAY ADJ | 91/02/24 |
|  | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY I | 8 | 721 | REASSIGNMENT | 90/12/30 |
|  | 1990 | SECRETARY SERIES |  | 8 | 885 | PERFORMANCE AWARD | 90/09/23 |
|  | 1990 | SECRETARY SERIES |  | 8 | 702 | PROMOTION | 90/03/25 |



(H-7)

GILSON.RPT/Washington Employees Only

GRADE GS - 09

| Name | Year | Occupation | Job_title | Grade | NOAC | Definition | NOA_date |
|---|---|---|---|---|---|---|---|
| AYRES, CHERYL A. | 1990 | COMPUTER SPECIALIST SERIES | TRANSFER | 09 | 130 | TRANSFER | 90/01/14 |
| | 1991 | COMPUTER SPECIALIST SERIES | PROGRAM MANAGER, QUALITY ASSUR | 16 | 721 | PAY ADJ | 90/12/30 |
| | 1991 | COMPUTER SPECIALIST SERIES | PROGRAM MANAGER, QUALITY ASSUR | 16 | 894 | REASSIGNMENT | 90/12/30 |
| | 1991 | COMPUTER SPECIALIST SERIES | PROGRAM MANAGER, QUALITY ASSUR | 16 | 880 | CHG IN TENURE GROUP | 90/12/30 |
| | 1991 | COMPUTER SPECIALIST SERIES | PROGRAM MANAGER, QUALITY ASSUR | 16 | 885 | PERFORMANCE AWARD | 91/01/27 |
| | 1991 | COMPUTER SPECIALIST SERIES | PROGRAM MANAGER, QUALITY ASSUR | 16 | 894 | REASSIGNMENT | 91/02/03 |
| | 1991 | COMPUTER SPECIALIST SERIES | PROGRAM MANAGER, QUALITY ASSUR | 16 | 702 | PROMOTION | 91/06/02 |
| BORNSTEIN, SHIRLEY | 1990 | LIBRARIAN | | 09 | 721 | REASSIGNMENT | 90/02/11 |
| | 1990 | LIBRARIAN | | 13 | 895 | OTS LIFE INSURANCE | 90/07/29 |
| | 1990 | LIBRARIAN | | 13 | 894 | WITHIN-GRADE INC | 90/12/30 |
| | 1991 | LIBRARIAN | | 13 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | LIBRARIAN | | 13 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | LIBRARIAN | | 13 | 721 | SPECIAL ACT OR SERVICE AWARD | 90/12/30 |
| | 1991 | LIBRARIAN | | 13 | 894 | WITHIN-GRADE INC | 90/12/30 |
| | 1991 | LIBRARIAN | | 13 | 702 | REASSIGNMENT | 90/12/30 |
| | 1991 | LIBRARIAN | | 13 | 877 | PAY ADJ | 90/12/30 |
| BRY, MARY E | 1990 | EMPLOYEE RELATIONS SERIES | HUMAN RESOURCES SPECIALIST III | 09 | 877 | PAY ADJ | 90/12/30 |
| | 1991 | PERSONNEL MANAGEMENT SERIES | HUMAN RESOURCES SPECIALIST III | 15 | 721 | DENIAL OF WITHIN-GRADE INC | 91/04/21 |
| | 1991 | PERSONNEL MANAGEMENT SERIES | HUMAN RESOURCES SPECIALIST III | 15 | 702 | PAY ADJ | 91/04/21 |
| | 1991 | PERSONNEL MANAGEMENT SERIES | HUMAN RESOURCES SPECIALIST III | 15 | 894 | SPECIAL ACT OR SERVICE AWARD | 91/02/24 |
| | 1991 | PERSONNEL MANAGEMENT SERIES | HUMAN RESOURCES SPECIALIST III | 15 | 894 | PROMOTION | 91/11/13 |
| | 1991 | PERSONNEL MANAGEMENT SERIES | HUMAN RESOURCES SPECIALIST III | 15 | 877 | PAY ADJ | |
| CASTEEL, GLORIA D | 1990 | ACCOUNTING SERIES | OPERATING ACCOUNTANT II | 09 | 877 | PAY ADJ | 90/02/25 |
| | 1990 | ACCOUNTING SERIES | OPERATING ACCOUNTANT II | 14 | 893 | WITHIN-GRADE INC | 90/12/30 |
| | 1991 | ACCOUNTING SERIES | OPERATING ACCOUNTANT II | 14 | 894 | REASSIGNMENT | 90/12/30 |
| | 1991 | ACCOUNTING SERIES | OPERATING ACCOUNTANT II | 14 | 894 | PAY ADJ | 91/02/24 |
| DAVIS, LARRY W | 1990 | TRANSPORTATION SPECIALIST SER | ACCOUNTING TECHNICIAN | 09 | 893 | REASSIGNMENT | 90/06/05 |
| | 1991 | ACCOUNTING TECHNICIAN SERIES | ACCOUNTING TECHNICIAN | 14 | 721 | WITHIN-GRADE INC | 91/10/28 |
| | 1991 | ACCOUNTING TECHNICIAN SERIES | ACCOUNTING TECHNICIAN | 14 | 894 | PAY ADJ | 91/02/24 |
| DEVORE, BRENDA N | 1990 | COMPUTER OPERATION SERIES | CORRESPONDENCE WRITER/EDITOR | 09 | 893 | WITHIN-GRADE INC | 91/11/18 |
| | 1991 | COMPUTER OPERATION SERIES | CORRESPONDENCE WRITER/EDITOR | 16 | 721 | REASSIGNMENT | 90/12/30 |
| | 1991 | COMPUTER OPERATION SERIES | CORRESPONDENCE WRITER/EDITOR | 16 | 894 | PAY ADJ | 90/12/30 |
| | 1991 | COMPUTER OPERATION SERIES | CORRESPONDENCE WRITER/EDITOR | 16 | 894 | PAY ADJ | 91/02/24 |
| GATTUSO, PATRICIA ANN | 1990 | MISC. ADMIN. & PROGRAM SERIES | CORRESPONDENCE WRITER/EDITOR | 16 | 894 | REASSIGNMENT | 91/02/24 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | CORRESPONDENCE WRITER/EDITOR | 16 | 885 | PERFORMANCE AWARD | 91/02/24 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | CORRESPONDENCE WRITER/EDITOR | 16 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | CORRESPONDENCE WRITER/EDITOR | 16 | 721 | REASSIGNMENT | 91/02/24 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | CORRESPONDENCE WRITER/EDITOR | 16 | 885 | PERFORMANCE AWARD | 91/11/04 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | CORRESPONDENCE WRITER/EDITOR | 16 | 801 | CONV IN DATA ELEMENT | 90/06/08 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | CORRESPONDENCE WRITER/EDITOR | 16 | 800 | CONV TO CAREER COND APPT | 89/12/17 |
| GLAVIN, LORI M. | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 894 | OTS LIFE INSURANCE | 91/02/24 |
| | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 721 | REASSIGNMENT | 91/02/24 |
| | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 894 | PAY ADJ | 90/12/30 |

(31)

H8

1

GILSON.RPT/Washington Employees Only

GRADE GS - 09

| Name | Year | Occupation | Job_title | Grade | NOAC | Definition | NOA_date |
|---|---|---|---|---|---|---|---|
| GAUVIN, LORI M. | 1990 | SECRETARY SERIES | | 9 | 130 | TRANSFER | 90/10/07 |
| GREGG, GWENDOLYN M | 1991 | PUBLIC AFFAIRS SERIES | PUBLIC AFFAIRS SPECIALIST | 11 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/11/21 |
| | 1991 | PUBLIC AFFAIRS SERIES | PUBLIC AFFAIRS SPECIALIST | 11 | 721 | PAY ADJ | 91/02/24 |
| | 1991 | PUBLIC AFFAIRS SERIES | PUBLIC AFFAIRS SPECIALIST | 11 | 877 | REASSIGNMENT | 90/12/30 |
| | 1990 | PUBLIC AFFAIRS SERIES | | 9 | 893 | SPECIAL ACT OR SERVICE AWARD | 90/12/30 |
| | 1990 | PUBLIC AFFAIRS SERIES | | 9 | 893 | WITHIN-GRADE INC | 90/02/25 |
| LAURENT, JOHN E | 1991 | COMPUTER OPERATION SERIES | COMPUTER REPAIR COORDINATOR | 14 | 885 | PERFORMANCE AWARD | 91/02/24 |
| | 1991 | COMPUTER OPERATION SERIES | COMPUTER REPAIR COORDINATOR | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | COMPUTER OPERATION SERIES | COMPUTER REPAIR COORDINATOR | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | COMPUTER OPERATION SERIES | COMPUTER REPAIR COORDINATOR | 14 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | COMPUTER OPERATION SERIES | COMPUTER REPAIR COORDINATOR | 14 | 885 | PERFORMANCE AWARD | 90/11/11 |
| LEPORE, JANICE M | 1990 | MISC. CLERK & ASSISTANT SERIES | | 9 | 885 | WITHIN-GRADE INC | 90/11/18 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | | 9 | 780 | NAME CHG FROM | 90/06/08 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | | 9 | 721 | REASSIGNMENT | 90/03/18 |
| | 1990 | MISC. CLERK & ASSISTANT SERIES | | 9 | 570 | CONV TO EXCEPTED APPT | 90/03/18 |
| FINK, SHIRLEY J | 1991 | COMPUTER OPERATION SERIES | PROGRAM ANALYST II | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | COMPUTER OPERATION SERIES | PROGRAM ANALYST II | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | COMPUTER OPERATION SERIES | PROGRAM ANALYST II | 14 | 721 | REASSIGNMENT | 90/12/30 |
| | 1990 | COMPUTER OPERATION SERIES | PROGRAM ANALYST II | 14 | 893 | WITHIN-GRADE INC | 90/08/26 |
| MCCARTHY, EILEEN M. | 1991 | MANAGEMENT & PROGRAM ANAL SER | PROGRAM ANALYST II | 16 | 702 | PROMOTION | 91/09/22 |
| | 1991 | MANAGEMENT & PROGRAM ANAL SER | PROGRAM ANALYST II | 16 | 721 | PAY ADJ | 91/02/24 |
| | 1991 | MANAGEMENT & PROGRAM ANAL SER | PROGRAM ANALYST II | 16 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | MANAGEMENT & PROGRAM ANAL SER | PROGRAM ANALYST II | 16 | 885 | PERFORMANCE AWARD | 91/02/24 |
| | 1991 | MANAGEMENT & PROGRAM ANAL SER | PROGRAM ANALYST II | 16 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | MANAGEMENT & PROGRAM ANAL SER | PROGRAM ANALYST II | 16 | 884 | PAY ADJ | 91/02/24 |
| DICKENS, ANTHONY | 1991 | INVENTORY MANAGEMENT SERIES | INVENTORY MANAGEMENT SPECIALIS | 10 | 170 | OTS LIFE INSURANCE | 91/02/24 |
| | 1991 | INVENTORY MANAGEMENT | INVENTORY MANAGEMENT SPECIALIS | 10 | 884 | REASSIGNMENT | 90/12/30 |
| | 1990 | FINANCIAL ANALYSIS SERIES | | 9 | 721 | EXC APPT | 90/07/07 |
| | 1990 | FINANCIAL ANALYSIS SERIES | | 9 | 894 | EXC APPT | 90/12/30 |
| | 1990 | FINANCIAL ANALYSIS SERIES | | 9 | 894 | REASSIGNMENT | 90/03/18 |
| NUSSBAUM, ROBERTA P | 1991 | INVENTORY MANAGEMENT SERIES | MANAGEMENT INFORMATION SPECIAL | 16 | 702 | PROMOTION | 91/12/01 |
| | 1991 | INVENTORY MANAGEMENT SERIES | MANAGEMENT INFORMATION SPECIAL | 16 | 894 | PERFORMANCE AWARD | 91/02/24 |
| | 1991 | INVENTORY MANAGEMENT | MANAGEMENT INFORMATION SPECIAL | 16 | 885 | PAY ADJ | 91/02/24 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | | 9 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | MISC. ADMIN. & PROGRAM SERIES | | 9 | 702 | REASSIGNMENT | 90/12/30 |
| | 1990 | MISC. ADMIN. & PROGRAM SERIES | | 9 | 884 | PROMOTION | 90/11/18 |
| | 1990 | MISC. ADMIN. & PROGRAM SERIES | | 9 | 894 | OTS LIFE INSURANCE | 90/05/06 |
| BARBARA, ROBIN C | 1991 | CONTRACTING SERIES | PURCHASING SPECIALIST I | 12 | 721 | PAY ADJ | 91/02/24 |
| | 1991 | CONTRACTING SERIES | PURCHASING SPECIALIST I | 12 | 877 | REASSIGNMENT | 90/12/30 |
| | 1990 | CONTRACTING SERIES | PURCHASING SPECIALIST I | 12 | 894 | PERFORMANCE AWARD | 90/07/07 |
| VER, RHODASHIA W | 1991 | WRITING AND EDITING SERIES | EDITORIAL SPECIALIST | 12 | 885 | SPECIAL ACT OR SERVICE AWARD | 91/11/19 |
| | 1991 | WRITING AND EDITING SERIES | EDITORIAL SPECIALIST | 12 | 877 | REASSIGNMENT | 91/06/02 |
| | | | | | 721 | | |

32

2

H93

| Name | Year | Occupation | Job_title | Grade | NOAC | Definition | NOA_date |
|---|---|---|---|---|---|---|---|
| OLIVER, RHODASHIA W | 1991 | WRITING AND EDITING SERIES | EDITORIAL SPECIALIST | 12 | 721 | REASSIGNMENT | 91/05/02 |
| | 1991 | WRITING AND EDITING SERIES | EDITORIAL SPECIALIST | 12 | 894 | PAY ADJ | 91/12/24 |
| | 1991 | WRITING AND EDITING SERIES | EDITORIAL SPECIALIST | 12 | 721 | REASSIGNMENT | 91/12/24 |
| | 1990 | AUDIO-VISUAL PRODUCTION | EDITORIAL SPECIALIST | 12 | 877 | SPECIAL ACT OR SERVICE AWARD | 91/10/07 |
| PETERS, ESTELLA E. | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 702 | PROMOTION | 91/08/11 |
| | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 894 | REASSIGNMENT | 91/12/24 |
| | 1991 | SECRETARY SERIES | EXECUTIVE SECRETARY | 14 | 721 | REASSIGNMENT | 91/12/24 |
| | 1990 | SECRETARY SERIES | EXECUTIVE SECRETARY | 9 | 885 | PERFORMANCE AWARD | 90/09/23 |
| RUDDER, SHARON A | 1991 | BUDGET ANALYSIS SERIES | BUDGET ANALYST I | 12 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | BUDGET ANALYSIS SERIES | BUDGET ANALYST I | 12 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | BUDGET ANALYSIS SERIES | BUDGET ANALYST I | 12 | 721 | PAY ADJ | 90/12/30 |
| | 1990 | BUDGET ANALYSIS SERIES | BUDGET ANALYST I | 9 | 893 | REASSIGNMENT INC | 90/08/26 |
| | 1990 | COMPUTER SPECIALIST SERIES | | 9 | 884 | OTS LIFE INSURANCE | 89/12/17 |
| WALPECK, JACQUELINE | 1991 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 14 | 721 | PAY ADJ | 91/02/24 |
| | 1990 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 14 | 721 | PAY ADJ | 90/12/30 |
| | 1990 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 9 | 702 | PROMOTION | 90/10/21 |
| | 1990 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 9 | 893 | WITHIN-GRADE INC | 90/07/01 |
| HURNEYSEN, ESTHER A | 1991 | FACILITY MANAGEMENT | MANAGER, SYSTEMS DESIGN AND DE | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | FACILITY MANAGEMENT | MANAGER, SYSTEMS DESIGN AND DE | 14 | 721 | REASSIGNMENT | 91/02/24 |
| | 1991 | FACILITY MANAGEMENT | MANAGER, SYSTEMS DESIGN AND DE | 9 | 877 | SPECIAL ACT OR SERVICE AWARD | 90/12/30 |
| | 1990 | FACILITY MANAGEMENT | MANAGER, SYSTEMS DESIGN AND DE | 9 | 885 | PERFORMANCE AWARD | 90/09/23 |
| TIRIMACCO, DOROTHY B. | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 13 | 515 | CONV TO APPT NTE | 91/09/22 |
| | 1991 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 13 | 894 | PAY ADJ | 91/02/24 |
| | 1990 | SECRETARY SERIES | ADMINISTRATIVE SECRETARY II | 13 | 721 | PAY ADJ | 90/12/30 |
| TURNER, THERESA A | 1991 | MISC. ADMIN. & PROGRAM SERIES | CASETRACKING SPECIALIST | 11 | 721 | REASSIGNMENT | 90/12/16 |
| | 1991 | MISC. ADMIN. & PROGRAM SERIES | CASETRACKING SPECIALIST | 11 | 893 | WITHIN-GRADE INC | 90/01/14 |
| | 1990 | MISC. ADMIN. & PROGRAM SERIES | CASETRACKING SPECIALIST | 9 | 515 | CONV TO APPT NTE | 89/12/17 |
| WHITESIDE, RONNIE | 1991 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 14 | 894 | PAY ADJ | 91/02/24 |
| | 1991 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 14 | 721 | REASSIGNMENT | 91/02/24 |
| | 1990 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 14 | 894 | PAY ADJ | 90/12/30 |
| | 1990 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 9 | 881 | FEGLI CHG | 90/12/29 |
| | 1990 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 9 | 702 | PROMOTION | 90/06/17 |
| | 1990 | COMPUTER SPECIALIST SERIES | MANAGER, SYSTEMS DESIGN AND DE | 9 | 800 | CHF IN DATA ELEMENT | 90/01/08 |


H10



# Office of Thrift Supervision
## Department of the Treasury
### 1700 G Street, N.W., Washington, D.C. 20552

Attachment 8

December 12, 1990

CONFIDENTIAL

5208 60140
MS ROBIN C OLEBARA
PO BOX 2530
WASHINGTON        DC        20013

MEMORANDUM

TO:        ROBIN C OLEBARA

FROM:      Timothy Ryan

SUBJECT:   Notice of Position Assignment

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) granted OTS authority to develop a compensation and benefits program.

This is to notify you that effective January 1, 1991, a new OTS compensation program will be implemented.   Under the provisions of this program, your position, grade and salary range are as follows:

TITLE:   CONTRACT SPECIALIST I
GRADE ASSIGNMENT:   12                       JOB CODE: 5208
SALARY RANGE:   $28,402 – $39,883
SALARY:         $29,379

Your position assignment was made by your managers based on your job responsibilities and duties.  If you have any questions, I encourage you to discuss them with your managers.  Any changes in your current salary will be reflected in the paycheck you receive on January 15, 1991.

Should you have any further questions regarding your position assignment, please contact your local Human Resources representative.





Attachment 6

# Office of Thrift Supervision
### Department of the Treasury
1700 G Street, N.W., Washington, D.C. 20552

CONFIDENTIAL

*Non-status*

*· forwarded to OPM for a waiver*

*· forwarded to OTS Mgmt.*

## VACANCY ANNOUNCEMENT

| | | |
|---|---|---|
| POSITION TITLE SERIES: | Contract Specialist, TG-1102-5/7 | ANNOUNCEMENT NUMBER: 90-107 |
| SALARY RANGE: | $17,827 to $28,384 | OPENING DATE: 10-03-90 |
| # OF VACANCIES: | 1 (unit) | CLOSING DATE: 10-17-90 |
| AREA OF CONSIDERATION: | OTS Status Candidates Only | |
| PROMOTION POTENTIAL TO: | TG-1102-9 | |
| LOCATION: | Management, Financial and Administrative Systems, Procurement Management Division, Washington, DC | |

## DUTIES

The incumbent serves as a Contract Specialist in the Small Purchases Branch of the Procurement Management Division. Responsibilities include: making purchases from GSA Schedule contracts; processing purchasing documents; reviewing the market as to determine availability of items or services; preparing Requests of Quotations; and analyzing quotations. Additionally, the incumbent will be responsible for furnishing advice and guidance to Division technical personnel in the procurement of supply items, office furnishings, technical instruments, and scientific services, and working with the Minority Business and Small Business representative to attain an effective program in both areas with regard to open-market procurement.

## QUALIFICATION REQUIREMENTS

TG-5:  3 years of general experience, 1 year of which was at least equivalent to TG-4.

TG-7:  1 year of specialized experience at least equivalent to TG-5.

*General Experience* is experience which may have been gained in administrative, professional, technical, investigative or other responsible work.

*Specialized Experience* is experience which is in or directly related to the line of work of the position to be filled and which has equipped the candidate with the particular knowledge, skills, and abilities to successfully perform the duties of the position.  To be creditable, specialized experience must have been at least equivalent to the next lower grade level.

## KNOWLEDGE, SKILLS & ABILITIES REQUIRED FOR THE POSITION

To make meaningful distinctions among qualified applicants, it is important to address the Knowledge, Skills and Abilities below.  The weights or point values indicate the relative importance of each factor.

| | | Weights 5 | 7 |
|---|---|---|---|
| 1. | Analytical ability. | 25 | 30 |
| 2. | Ability to communicate orally. | 25 | 20 |
| 3. | Ability to communicate in writing. | 25 | 20 |
| 4. | Ability to perform detailed assignments. | 25 | 30 |

(35)



**Office of Thrift Supervision**
Department of the Treasury

1700 G Street, N.W., Washington, D.C. 20552 • (202) 906-6000

JUL 12 1991

MEMORANDUM

TO:        Richard L. Petrocci
           Acting Assistant Director
           for Administration

THROUGH:   William D. Boyer
           Acting Deputy Assistant Director
           for Financial and Administration Management

FROM:      Frances L. Sullivan
           Director, Procurement Management Division

SUBJECT:   Request for Promotion

    The following is a brief justification for the promotion of
an employee in the Procurement Management Division.  The
promotion is less than 10%, therefore, in accordance with the
current promotion policy, I am requesting your approval of the
promotion.

           Employee:   Robin Olebara
           Position:   Contract Specialist
           Current:    TG-1102-12  $32,709
           Proposed:   TG-1102-13  $34,345

Justification:  Robin Olebara has been a Contract Specialist in
the Procurement Management Division for the past three years.
Ms. Olebara performs her assigned duties in a highly efficient
and professional manner.  Due to her diligence in negotiations
and her knowledge of the Federal Procurement Regulations Ms.
Olebara has saved the Agency money and has been essential to the
prompt processing of procurement requests.  In addition, Ms.
Olebara's contributions to the continued smooth operation of the
Procurement Management Division is especially critical due to
the recent loss of more senior staff.  Current ant projected
workload reflects a continuing need for her services.

Approved:                                Denied: _____

E 2

36

U.S. Office of Personnel Management
FPM Chapter 296

# REQUEST FOR PERSONNEL ACTION

**PART A—Requesting Office** (Also complete Part B, Items 1, 7-22, 32, 33, 36 and 39.)

| 1. Actions Requested | 2. Request Number |
|---|---|
| Promotion | |

| 3. For Additional Information Call (Name and Telephone Number) | 4. Proposed Effective Date |
|---|---|
| Deborah Simms    x6901 | |

| 5. Action Requested By (Typed Name, Title, Signature, and Request Date) | 6. Action Authorized By (Typed Name, Title, Signature, and Concurrence Date) |
|---|---|
| Frances L. Sullivan    07-10-91<br>Director, Procurement Management<br>Division | William D. Boyer    07-10-91<br>Acting Deputy Assistant Director 7/4/91<br>for Financial and Administrative Mgt. |

**PART B—For Preparation of SF 50** (Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| Olebara, Robin | 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 | | |

| First Action | | Second Action | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| Contract Specialist | Contract Specialist |

| 8. Pay Plan | 9. Occ Code | 10. Grade or Level | 11. Step or Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ Code | 18. Grade or Level | 19. Step or Rate | 20. Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TG | 1102 | 12 | | $32,709 | PA | TG | 1102 | 13 | | $34,345 | PA |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| Administration Office<br>Financial and Administrative Management<br>Procurement Management Division<br>Small Purchases Branch | Administration Office<br>Financial and Administrative Management<br>Procurement Management Division<br>Small Purchases Branch |

**Employee Data**

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1—None    3—10 Pt. Disab.    5—10 Pt. Other<br>2—5 Pt.    4—10 Pt. Comp.    6—10 Pt./30% Comp. | 0—None    2—Conditional<br>1—Permanent    3—Indefinite | | YES    NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| | 1—Reempl. Ann-CS    3—RETM    5—RETM & CS<br>2—RETO    4—RETO & CS    N—Not Applicable | |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours |
|---|---|---|---|
| | | I—Intermittent    J—INT Seasonal<br>F—Full-time    S—FT Seasonal    N—FT On Call<br>P—Part-time    O—PT Seasonal    R—PT On Call | Per Biweekly Pay Period |

**Position Data**

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1—Competitive Service    3—SES General<br>2—Excepted Service    4—SES Career Reserved | E—Exempt<br>N—Nonexempt | | |

| 38. Duty Station Code | 39. Duty Station (City—County—State or Overseas Location) |
|---|---|
| | |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49. Citizenship | 50. Vietnam Era Vet | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| | | | | 1—USA    8—Other | V—Yes    N—No | |

**PART C—Reviews and Approval** (Not to be used by requesting office.)

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A. | | | D. | | |
| B. | | | E. | | |
| C. | | | F. | | |

Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

Signature    Approval Date

**CONTINUED ON REVERSE SIDE**    52-115    Previous Edition Unusable After 9/30/88
NSN 7540-01-249-3980

(37)

(E3)

# POSITION DESCRIPTION *(Please Read Instructions on the Back)*

| | | | | 1. Agency Position No |
|---|---|---|---|---|

**2. Reason for Submission**
- ☐ Redescription
- ☐ Reestablishment
- ☒ New
- ☐ Other

**Explanation (Show any positions replaced)**

**3. Service** ☒ Dept'l ☐ Field

**4. Employing Office Location** Washington, DC

**5. Duty Station** Washington, DC

**6. CSC Certification No**

**7. Fair Labor Standards Act** ☐ Exempt ☐ Nonexempt

**8. Employment/Financial Stmt Required** ☐ Yes ☐ No

**9. Subject to IA Action** ☐ Yes ☐ No

**10. Position Status** ☐ Competitive ☐ Excepted (Specify)

**11. Position is** ☐ Supvsry ☐ Managerial ☐ Neither

**12. Sensitivity** ☐ Critical ☐ Noncritical ☐ Nonsensitive

**13. Competitive Level Code**

**14. Agency Use**

### 15. Classified/Graded by

| | Official Title of Position | Pay Plan | Occupational Code | Grade | Initials | Date |
|---|---|---|---|---|---|---|
| a. Civil Service Commission | | | | | | |
| b. Department, Agency, or Establishment | Contract Specialist | TG | 1102 | 13 | | |
| c. Bureau | | | | | | |
| d. Field Office | | | | | | |
| e. Recommended by Supervisor or Initiating Office | | | | | | |

**16. Organizational Title of Position (if different from official title)**

**17. Name of Employee (if vacancy, specify)** Robin Olebara

**18. Department, Agency, or Establishment** Office of Thrift Supervision

**a. First Subdivision** Administration Office

**b. Second Subdivision** Financial and Administrative Mgt.

**c. Third Subdivision** Procurement Management Division

**d. Fourth Subdivision** Small Purchases Branch

**e. Fifth Subdivision**

**19. Employee Review** This is an accurate description of the major duties and responsibilities of my position.

**Signature of Employee (optional)**

**20. Supervisory Certification.** I certify that this is an accurate statement of the major duties and responsibilities of this position and its organizational relationships, and that the position is necessary to carry out Government functions for which I am responsible. This certification is made with the knowledge that this information is to be used for statutory purposes relating to appointment and payment of public funds, and that false or misleading statements may constitute violations of such statutes or their implementing regulations.

**a. Typed Name and Title of Immediate Supervisor** Frances L. Sullivan, Director Procurement Management Division

Signature _[signed]_ Date 7/16/91

**b. Typed Name and Title of Higher-Level Supervisor or Manager (optional)** William D. Boyer, Acting Deputy Assistant Director for FAM

Signature _[signed]_ Date 7/11/91

**21. Classification/Job Grading Certification.** I certify that this position has been classified/graded as required by Title 5, U.S Code, in conformance with standards published by the Civil Service Commission or, if no published standards apply directly, consistently with the most applicable published standards.

**Typed Name and Title of Official Taking Action** Mary Kucevich Human Resources Specialist

Signature Date

**22. Standards Used in Classifying/Grading Position**

**Information for Employees.** The standards, and information on their application, are available in the personnel office. The classification of the position may be reviewed and corrected by the agency or the Civil Service Commission. Information on classification/job grading appeals and complaints on exemption from FLSA is available from the personnel office or the Commission.

### 23. Position Review

| | Initials | Date | Initials | Date | Initials | Date | Initials | Date | Initials | Date |
|---|---|---|---|---|---|---|---|---|---|---|
| a. Employee (optional) | | | | | | | | | | |
| b. Supervisor | | | | | | | | | | |
| c. Classifier | | | | | | | | | | |

**24. Remarks**

 

**25. Description of Major Duties and Responsibilities (see attached)**

5008-105

* GPO : 1979-281-137(9527)

Optional Form 8 (Revised 8-77)
U.S. Civil Service Commission, FPM Chap. 295

Department of the Treasury, Office of Thrift Supervision

ROBIN

ALL "BILL TO"
ADDRESSES ARE

WEST REGION
ACCOUNTS PAYABLE
P O BOX 7165
SAN FRANCISCO      CA 94120

appear on all INVOICES,
PACKAGES and PAPERS
relating to this order.

ORDER NUMBER
P30605

DATE
07/22/93

OMB Nos. 1505-0080 and 1505-0081 (Expire: 3/31/95)

OR NUMBER
101503

TO BE WASHINGTON—ONLY!

CONSIGNEE AND DESTINATION

SEE ATTACHED

WIK KALL
MMUNICATIONS
40 BIRNEY AVE
RANTON, PA 18507

OFFICE OF THRIFT SUPERVISION
1700 G STREET, N.W.
ATTN: KIMBERLY LEAGAN
Washington                DC 20552

ORDERED TO BE ISSUED. 8/4/93
THAT HAD TO BE

ATTN: REPAIR SERVICES DEPT. - DIANE

| T TERMS 30 | SCHEDULE CONTRACT NO. | REQUISITION NUMBER 705-43220 | REQUISITIONING OFFICE (Number and Name) 43220 ADMINISTRATIVE SERVICE |
| NT IN | DELIVERY SCHEDULE 08/24/93 | OPEN MARKET (See Reverse) OM | ACCOUNT NUMBER 18-0000-5757-80000 |

| ARTICLES OR SERVICES | QUAN. | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| REPAIR SERVICES:<br>GOVERNMENT-OWNED EQUIPMENT,<br>MOTOROLA PAGER, S/N 982067<br><br>A) THE VENDOR SHALL ARRANGE<br>   WITH THE COTR (SEE BELOW) THE<br>   EXCHANGE OF THE REPLACEMENT<br>   PAGER AND RETURN OF THE ITEM<br>   ABOVE FOR REPAIR. THE TOTAL<br>   CHARGES (LABOR, PARTS AND<br>   SHIPPING) SHALL NOT EXCEED<br>   $100.00 FOR THE JOB.<br><br>COTR: KIMBERLY LEAGAN<br>      (202) 906-6227<br><br>FACSIMILED TO KWIK KALL @<br>1-800-552-3312- DO NOT DUPLICATE | 1 | NTE | 100.00 | $100.00 |

7-28-93
Miriam

Can you
correct the
"bill to" address

Phone request by
Specialist for the
change.

QUESTIONS, CALL: ROBIN OLEBARA

TELEPHONE: (202) 906 6342

NOT-TO-EXCEED

| | TOTAL | $100.00 |

NAME (Type)
KAYE BROWN-HUSTON

TITLE
CONTRACTING OFFICER      7-28-93

SIGNATURE

| BILL TO: | Department of the Treasury, Office of Thrift Supervision | | This Order Number MUST appear on all INVOICES, PACKAGES and PAPERS relating to this order. |
|---|---|---|---|

West Region
Accounts Payable (415) 616-1750
PO Box 7165
San Francisco     CA 94120

OMB Nos. 1505-0080 and 1505-0081 (Expire: 3/31/95)

| ORDER NUMBER | P30414 |
|---|---|
| DATE | 04/08/93 |

**VENDOR NUMBER**
111784

**CONSIGNEE AND DESTINATION**

| V E N D O R | ROBERT B. ROSS<br>8405 VIA DEL PARQUE<br><br>SCOTTSDALE, AZ 85258 | S H I P T O | OFFICE OF THRIFT SUPERVISION<br>WEST REGION<br>1 MONTGOMERY STREET SUITE 400<br>SAN FRANCISCO     CA 94104 |
|---|---|---|---|

| PAYMENT TERMS | SCHEDULE CONTRACT NO | REQUISITION NUMBER | REQUISITIONING OFFICE (Number and Name) |
|---|---|---|---|
| NET 30 | | 325-65550 | 65550 CRIMINAL REFERRAL UNIT |
| F O B POINT | DELIVERY SCHEDULE | OPEN MARKET (See Reverse) | ACCOUNT NUMBER |
| D.ST | 06/30/93 | ON | 18-0000-5732-65550 |

| ITEM NO | ARTICLES OR SERVICES | QUAN | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1. | CONTRACTOR SHALL PROVIDE EXPERT CONSULTING SERVICES RELATING TO THE WESTERN SAVINGS & LOAN INVESTIGATION PERIOD OF PERFORMANCE APRIL 1, 1993 THROUGH JUNE 30, 1993.<br><br>HOURLY RATE @ $29.00/H, INCLUDING AIR & LOCAL TRAVEL. TOTAL HOURS 520.<br><br>COTR: JOHN W. BEHRENS (215) 616-1620 | 1 | NTE | 15080.00 | $15,080.00 |
| | QUESTIONS, CALL: ANNMARIE TRUSLOW<br><br>TELEPHONE: (202) 906 6012 | | | | |

(40)

| | | TOTAL | $15,080.00 |
|---|---|---|---|

| NAME (Type) | KAYE BROWN-HUSTON |
|---|---|
| TITLE | CONTRACTING OFFICER |
| SIGNATURE | |

| BILL TO: | Department of the Treasury, Office of Thrift Supervision | | | | | |
|---|---|---|---|---|---|---|

HEADQUARTERS
1700 G STREET, N.W.
CONTROLLERS (202-906-6155)
WASHINGTON        DC 20552

OMB Nos. 1505-0080 and 1505-0081 (Expire: 3/31/95)

This Order Number MUST appear on all INVOICES, PACKAGES and PAPERS relating to this order.

**ORDER NUMBER**
P30605

**DATE**
07/22/93

**VENDOR NUMBER**
101503

V E N D O R:
KWIK KALL
COMMUNICATIONS
4040 BIRNEY AVE
SCRANTON, PA 18507
ATTN: REPAIR SERVICES DEPT. — DIANE

**CONSIGNEE AND DESTINATION**
S H I P T O:
OFFICE OF THRIFT SUPERVISION
1700 G STREET, N.W.
ASD-KIMBERLY LEAGAN
Washington        DC 20552

| PAYMENT TERMS | SCHEDULE CONTRACT NO. | REQUISITION NUMBER | REQUISITIONING OFFICE (Number and Name) |
|---|---|---|---|
| NET 30 | | 705-43220    43220 | ADMINISTRATIVE SERVICE |

| F.O.B. POINT | DELIVERY SCHEDULE | OPEN MARKET (See Reverse) | ACCOUNT NUMBER |
|---|---|---|---|
| ORIGIN | 08/24/93 | OM | 16-0000-5757-80000 |

| ITEM NO. | ARTICLES OR SERVICES | QUAN. | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1. | REPAIR SERVICES: GOVERNMENT-OWNED EQUIPMENT, MOTOROLA PAGER, S/N 982067 | 1 | NTE | 100.00 | $100.00 |
| | A) THE VENDOR SHALL ARRANGE WITH THE COTR (SEE BELOW) THE EXCHANGE OF THE REPLACEMENT PAGER AND RETURN OF THE ITEM ABOVE FOR REPAIR. THE TOTAL CHARGES (LABOR, PARTS AND SHIPPING) SHALL NOT EXCEED $100.00 FOR THE JOB. | | | | |
| | COTR: KIMBERLY LEAGAN      (202) 906-6227 | | | | |
| | FACSIMILED TO KWIK KALL @ 1-800-552-3312- DO NOT DUPLICATE | | | | |
| | QUESTIONS, CALL: ROBIN OLEBARA | | | | |
| | TELEPHONE: (202) 906 6342 | | | | |

Order as issued

(41)

NOT-TO-EXCEED

| | TOTAL | $100.00 |
|---|---|---|

**NAME (Type)**
KAYE BROWN-HUSTON

**TITLE**
CONTRACTING OFFICER    8-2-3

**SIGNATURE**

OTS Form 528
Rev. April 1992 (PREVIOUS EDITIONS ARE OBSOLETE)        **PART II - PURCHASE ORDER FILE**

B LL TO:    Department of the Treasury, Office of Thrift Supervision

HEADQUARTERS
1700 G STREET, N.W.
CONTROLLERS(202-906-6155)
WASHINGTON          DC 20552

OMB Nos. 1505-0080 and 1505-0081 (Expire: 3/31/95)

This Order Number MUST appear on all INVOICES, PACKAGES and PAPERS relating to this order.

ORDER NUMBER

P30605

DATE

07/22/93

VENDOR NUMBER
101503

| | |
|---|---|
| V<br>E<br>N<br>D<br>O<br>R | KWIK KALL<br>COMMUNICATIONS<br>4040 BIRNEY AVE<br>SCRANTON, PA 18507 |

CONSIGNEE AND DESTINATION

S
H
I
P
T
O

OFFICE OF THRIFT SUPERVISION
1700 G STREET, N.W.
ASD-KIMBERLY LEAGAN
Washington          DC 20552

| PAYMENT TERMS<br>NET 30 | SCHEDULE CONTRACT NO. | REQUISITION NUMBER<br>705-43220    43220 | REQUISITIONING OFFICE (Number and Name)<br>ADMINISTRATIVE SERVICE |
|---|---|---|---|
| F.O.B. POINT<br>ORIGIN | DELIVERY SCHEDULE<br>08/24/93 | OPEN MARKET (See Reverse)<br>OM | ACCOUNT NUMBER<br>16-0000-5757-80000 |

| ITEM<br>NO. | ARTICLES OR SERVICES | QUAN. | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1. | REPAIR SERVICES:<br>GOVERNMENT-OWNED EQUIPMENT,<br>MOTOROLA PAGER, S/N 982067<br><br>A) THE VENDOR SHALL ARRANGE<br>   WITH THE COTR (SEE BELOW) THE<br>   EXCHANGE OF THE REPLACEMENT<br>   PAGER AND RETURN OF THE ITEM<br>   ABOVE FOR REPAIR. THE TOTAL<br>   CHARGES (LABOR, PARTS AND<br>   SHIPPING) SHALL NOT EXCEED<br>   $100.00 FOR THE JOB.<br><br>COTR: KIMBERLY LEAGAN<br>    (202) 906-6227<br><br>FACSIMILED TO KWIK KALL @<br>1-800-552-3312- DO NOT DUPLICATE<br><br><br><br>QUESTIONS, CALL: ROBIN OLEBARA<br><br>TELEPHONE: (202) 906 6342 | 1 | NTE | 100.00 | $100.00 |

(42)

| | TOTAL | $100.00 |
|---|---|---|

NAME (Type)
KAYE BROWN-HUSTON

TITLE
CONTRACTING OFFICER

SIGNATURE

OTS Form 528

INTEROFFICE   MEMORANDUM

Date:      10-Aug-1993 02:23pm EDT
From:      Robin Olebara (DC)
           OLEBARAR
Dept:      ADM:PMD
Tel No:    (202)906-6342

           ( BOYERW )

TO:  William Boyer (DC)

Subject: Response to Request for Clarification

Page 1 of 2

As requested here is the written explanation for the following:

P30605

The subject order was printed (via computer-generated) with the "Bill To" address showing the OTS West Region.  The order was forwarded to Kaye Brown-Huston for an award with a note attached ..."return to me, I'll facsimile".  Prior to transmitting the order, I noticed the incorrect "Bill To" address and inquired with the Data Entry Specialist the problem.  The specialist inquired with the IRM technical representatives and later made the required change and reprinted the order.  In addition to the subject order being changed, there were several other orders printed and signed by Kaye required the same change.

I am aware that the order should have read Washington, DC, which is why I requested the change in the first place, see my hand written note addressed to the data entry specialist.  In 1992 after administering small purchase requirements for the regional offices there was confusion regarding the "Bill To" address.  Kaye resolved the issue and required that orders administered in Washington, DC should be invoiced to Washington, D.C. as the paying address.

Note:  The change in the billing address showing the OTS West Region was initiated by Order No. P30598.  The order was printed and specified the West Region as the "Bill To"  address.  At that time, per confirmation by Kaye the address should have been Washington, D.C.  However, the "Bill To" address was further initiated by Order No. P30414 consulting services to the same vendor and account code.  Order No. P30414 was awarded by Kaye Brown-Huston in April 1993 and specified the West Region as the "Bill To" (see attached).

Therefore, I am not sure why Kaye presented this matter to you, since it was Kaye's award of Order No. P30414 which generated the computer to printout the OTS West Region as the "Bill To" P30605.  Under Order No. P30605, I actually caught the problem, returned the order for correction.

(43)

1992 Leave Use Analysis

1

| Employee Name | Annual Leave | Sick Leave | Arrived Late | Total Leave |
|---|---|---|---|---|
| ANN | 178 | 48 | 5 | 226 |
| CONNIE | 49 | 121 | 0 | 170 |
| DEBORAH | 104 | 116 | 32 | 220 |
| DOUG | 159 | 88 | 6 | 247 |
| FRANCES | 195 | 176 | 3 | 371 |
| IRVING | 56 | 8 | 0 | 64 |
| JUDE | 113 | 126 | 1 | 239 |
| KAYE | 154 | 120 | 0 | 274 |
| MIRIANN | 77 | 82 | 6 | 159 |
| ROBIN | 121 | 56 | 0 | 177 |
| SHIRLEY | 87 | 70 | 58 | 157 |

```
            Procurement Management Leave Records
         January 1, 1993 through October 20, 1993

    Employee                                        Total
    Name          ANNUAL         SICK       LATE    Leave
    _____used_____used_____taken____

    ANN             82            59          5      141
    CONNIE          88             9          0       97
    DEBORAH        115            54         13      169
    DOUG           209            24          2      233
Director >FRANCES   98           200          6      298
    IRVING         113            34          0      147
    JUDE            65             8          0       73
Srendl Chief >KAYE  84            99          4      183
    MIRIAM          97            81          3      178
    ROBIN          116           112          0      228
    SHIRLEY        129            55         21      184
```

45



**Office of Thrift Supervision**
Department of the Treasury

1700 G Street, N.W., Washington, D.C. 20552 • (202) 906-6000

OCT 1 3 1993

| | |
|---|---|
| **MEMORANDUM FOR:** | Robin Olebara<br>Procurement Division |
| **FROM:** | William D. Boyer<br>Deputy Assistant Director for<br>Procurement and Administrative<br>Services |
| **SUBJECT:** | Official Memorandum of Leave Restriction |

The purpose of this memorandum is to specifically advise you of the basic guidelines applicable to your use of leave, and to communicate my expectations regarding your future use of leave.

Annual leave granted to Federal employees is authorized by law for two purposes, first, to provide employees with an annual vacation period, and second, to provide periods of time off for personal and emergency needs. It is expected that employees will use their annual leave in such a way that it is available for these purposes. Sick leave is to be used when an employee is physically or mentally incapacitated to do his/her job. A supervisor has no obligation to approve leave without pay, and absence without approved leave (AWOL) can be the basis for disciplinary action.

Your frequent, unscheduled absences are interfering with your work and that of others. It is most difficult to operate an office when I am unsure of when you are coming in and whether the assignments you handle, are being completed and on time.

By memo dated 5/13/92 from the Division Director, all the employees in the Procurement Management Division were reminded of some of the requirements governing attendance and the use of leave. More specifically, you were informed of the need for arriving to work on time and that any deviation in arrival or departure time should be discussed with your immediate supervisor, the Division Director or Acting Division Director, should the supervisor not be available. They alone were described as having the authority to approve leave. AWOL could be charged at the discretion of the supervisor and leave was to be charged in hourly increments for any leave in excess of 15 minutes.

(46)

The lunch period was to be for one hour and not to go beyond 2:00 p.m., except where approved in advance by the supervisor. Telephones were to be covered from 7:45 a.m. to 4:30 p.m. and any absences away from an employee's desk for more than 15 minutes required supervisory notification.

In a memo from me dated 8/5/93, concern was expressed over your absence from the office on the morning of July 27, 1993, and whether you should be charged with being AWOL due to the fact that you provided no prior notification to your supervisor as required in the Division Director's 5/13/92 memo.

In considering whether or not you would be charged AWOL on July 27, you were asked to provide the following information concerning your appointment with Wanda Ross, an EEO counselor:

     1.  Your time of departure and your time of return.
     2.  Whether you informed Kaye or Frances of your appointment with Wanda Ross?

Your response was to be received by C.O.B. August 11th and you were informed that Ms. Ross would be contacted to determine whether Treasury had any policy which superseded supervisory notification in EEO complaint matters.

By E- Mail dated 8/9/93, you stated that you left the office around 9:05 a.m. and did not return until approximately 12:00 noon. You indicated that you did not advise Kaye or Frances of your departure but you did advise Deborah, Shirley and Miriam.

Based upon the information of record, I advised you by memo dated 8/10/93 that you would be charged with 3 hours AWOL for your unapproved absence from 9:00 a.m. to 12:00 p.m. on July 27, 1993. Your attention was called to the Division Director's 5/13/92 memo and to Section 6 of the Union Contract which require supervisory notification of any absence.

By E- Mail dated Tuesday 9/21/93, I inquired whether or not there was a mis-communication as to whether you were coming to work on that day since the voice message you left said only that you would be on sick leave on Monday 9/20/93. Responding to my memo, you stated in your 9/22/93 response that you did not leave a voice message; that you called and asked to speak to me but that I was not available; that you told whomever answered the telephone that you were not feeling well and would be on sick leave Monday. You also stated that instead of using 4 hours of sick leave on 9/16/93, you used only two hours of sick leave from 2:00 to 4:00 p.m.

Subsequently, by E-Mail dated 9/24/93, you were informed that when I went to your work station at 1:00 p.m. on 9/16/93, it was dark and I was told that you had left for the day. You had approved leave for only two hours from 2:00 to 4:00 p.m. You were also advised that you had not reported to work on 9/21/93 as



required and had not advised anyone to the contrary other than to inform Ms. Woods, my secretary, that you would be on sick leave on 9/20/93.

Based on the above information, you were advised that in the absence of a satisfactory explanation, you would be charged with being AWOL for one hour on 9/16/93 and nine hours on 9/21/93. As no response was received you were charged AWOL.

Your time and attendance records for 1993 have been reviewed in detail. Your attendance record through 10/2/93 shows that you accrued 152 hours of annual leave and used 102 hours and that you accrued 76 hours of sick leave and used 97 hours. You have been using your sick leave faster than it is earned. Clearly, you are abusing this use of sick leave. During this leave year, of the 13 days that sick leave was used, 10 of those days were in conjunction with either your AWS day; a holiday or a Monday/Friday.

Unscheduled leave taken by you before and after holidays, which is not approved in advance is particularly serious and disruptive since other employees are likely to be absent on scheduled leave at those times. Your repeated unscheduled absences are interfering with your work and that of others. It is most difficult to operate an office or to assign you work when I am unsure of when you are coming in, and whether the work assignments you handle are being handled in a timely manner.

Having been personally advised of my concern over your unauthorized use of leave and owing to your 18 years of Federal service and to your position as a Purchasing Specialist, you clearly know or should know the impact that your repeated absences are having upon your effectiveness and upon the efficiency of this office. This clearly cannot be allowed to continue.

In accordance with Article 12 Section 4, E of the Union Contract, you were warned concerning your use of leave, as noted in three separate memos and asked to respond to two of them. Your first response was not found to be sufficient and you were charged AWOL. As you did not respond to the second request you were again charged with AWOL. Not responding as requested after having been charged with being AWOL clearly meets the notice requirements of this Article.

In order to ensure there are no misunderstandings as to the approval of your use of leave, the following procedures must be adhered to for a period of six months. After that time I will review the situation to determine whether the leave restriction should be continued.

(49)

1.  Your AWS scheduled tour of duty is 7:30 a.m. to 5:00 p.m. with a one-hour lunch period.

2.  All annual leave or LWOP must be requested and approved by me at least one day in advance in writing.

3.  All unanticipated requests for annual leave or LWOP must be made before or within the first hour you are scheduled to report to work. When you call to request unscheduled annual leave or LWOP, you must speak directly to me or if I am unavailable, to either Brenda Sansone or Norma Woods. No later than the day following your return to work, you must submit a written leave request and appropriate documentation for the time in question to me for approval consideration.

4.  Unscheduled leave will not be approved unless for reasons of personal emergency for which you provide proof, e.g., car repair bill in the event your car breaks down, accident report, etc.

5.  Requesting leave on the day that it is to be used is not considered sufficient advanced notice.

6.  Sick leave for scheduled medical appointments must be requested in writing, and it must be submitted to me or in my absence to Brenda Sansone or Norma Woods, at least one day in advance of the appointment.

7.  Use of unplanned sick leave must be requested before or within the first hour you are scheduled to report to work. When you call in to request sick leave for illness, you must speak directly to me, or if I am unavailable, to Brenda Sansone or Norma Woods.

8.  All absences due to illness, both scheduled and unscheduled, must be substantiated by acceptable medical documentation presented to me no later than the day following your return to work. Your physician must certify on his/her own letterhead stationary that you were:

    a)  incapacitated for duty due to illness
    b)  the exact dates of your incapacitation
    c)  the diagnosis, and
    d)  the reason for your inability to come to work

9.  LWOP may be allowed upon request only for approved scheduled leave for which you do not have sufficient sick or annual leave to cover your absence, or for those instances in which you have provided appropriate documentation for unscheduled, personal emergencies.

10. All absences for which the above requirements are not met will be charged to AWOL.

49

I expect you will make every effort to correct your
attendance during the coming weeks so that our time and
efforts may be devoted to the tasks at hand in the office.
In order to accomplish these objectives effectively, it is
necessary that you be at your desk and concentrate on
completing your work assignments.  In addition, leave must be
requested in a timely manner so as to cause as little
disruption as possible to the flow of work.  For this reason,
it is imperative that the procedures as outlined
above in relation to and for requesting leave be followed.

Finally, by this memorandum, you are advised that I am
considering appropriate disciplinary action for the 3
occasions of AWOL.  In addition any further instances of
unexcused absences, or excessive use of leave, any failure on
your part to follow these procedures, or any instances of
AWOL, may be the basis for severe disciplinary action up to
and including your removal from your position and from the
Federal service.


cc:  Sue Rendleman



NOV  5 1993

**MEMORANDUM FOR:**   Robin Olebara
                     Procurement Division

**FROM:**            William D. Boyer
                     Deputy Assistant Director for
                       Procurement And Administrative
                       Services

**SUBJECT:**         Rescission of Leave Restriction

This is notice that the memorandum of Leave Restriction presented to you on
October 21, 1993 is hereby rescinded.  However, I would like to take this
opportunity to reiterate proper leave procedures and expect that you will abide
by them:

1.  Employees are required to be at work during their established tour of duty
    or to be in an approved leave status.  You have been approved to
    participate in the OTS Alternative Work Schedule Program. Your established
    tour of duty, under this program, is from 7:30 a.m. to 5:00 p.m. for eight
    days; 7:30 to 4:00 p.m. for one day; and one eight hour "flex day".

    You will be charged AWOL when you are absent from duty during a period when
    you are required to be on duty and have not complied with the required
    actions, as stated below, regardless of whether you have annual leave or
    sick leave for use.

2.  Requests to use annual leave should be made to your acting supervisor, Mr.
    Chris Jude at least 24 hours in advance of the use of leave.  If the
    request is for annual leave for three (3) or more consecutive work days, it
    must be made and approved in writing.
    Whenever possible, requests for sick leave for scheduled medical
    appointments should be made in writing at least 24 hours in advance of the
    requested leave.

3.  Requests for unscheduled or emergency annual leave must be requested by the
    end of the first hour of your scheduled work day. If you are unable to
    reach Mr. Jude, you should leave a message with either Brenda Sansone or
    Norma Woods of your attempt to contact Mr. Jude.  If they are unavailable
    during your first attempt to contact us, you should continue to call until
    appropriate contact is made.

    Requests for unscheduled sick leave should be made during the first hour of
    your scheduled work day.  If you are unable to reach Mr. Jude, you should

**51**

leave a message with either Brenda Sansone or Norma Woods of your attempt to contact Mr. Jude. If we are unavailable during your first attempt to contact us, you should continue to call until appropriate contact is made.

Sick leave requested for more than three (3) consecutive work days should be submitted on SF-71. For unscheduled sick leave, this form may be completed upon your return to work. Please note that I will require certification of the medical reason for the absence.

When you have a questions regarding your responsibility for following proper leave procedures and/or my expectations of you as an employee of the Procurement Management Division, please do not hesitate to contact me.


cc: Chris Jude, Acting Supervisor
    of Small Purchases

    Sue A. Rendleman
    Director of Human Resources

    Vickie Jeffries, Vice President
    Local 3295



**Office of Thrift Supervision**
Department of the Treasury

1700 G Street, N.W., Washington, D.C. 20552 • (202) 906-6000

November 30, 1993

**MEMORANDUM FOR:**    Robin Olebara
                        Procurement Division

**FROM:**               William D. Boyer
                        Deputy Assistant Director for
                           Procurement and Administrative Services

**SUBJECT:**            Notice of Reprimand

The purpose of this notice is to reprimand you for disrespectful conduct
displayed toward your supervisor.  Specifically, in an October 21, 1993 meeting
to discuss instances of absence without leave (AWOL) for which you had been
charged, you asked me if anyone had charged me AWOL for the time I took for my
three (3) hour daily drinking breaks.

This remark was out of line and inappropriate and is not conducive to fostering
a stable supervisor/subordinate working relationship.  An agency is entitled to
expect its employees to respect the authority of supervisors and to conform to
accepted standards.  Disrespectful remarks towards a supervisor, such as the
one you made to me as stated above, is not an acceptable standard at the Office
of Thrift Supervision and will not be tolerated.

It is hoped that as a result of this reprimand you will refrain from any
similar conduct in the future and will take special precaution to follow the
agency's established policies and procedures governing employee conduct.  You
should note that any future conduct of this nature may be grounds for a more
severe disciplinary action up to and including removal from the Federal
service.

You have the right to grieve this action under the Negotiated Grievance
Procedure.  You may contact the appropriate Union official for grievance
information and guidance.

Robin Olebara
Notice of Reprimand
Page 2

This document will be filed in your Official Personnel Folder (OPF) for a
period of one (1) year. If you should separate from the Office of Thrift
Supervision prior to the expiration of the one year period, this notice will be
expunged from your OPF on the date of separation.

THIS ACKNOWLEDGES MY RECEIPT OF THIS NOTICE OF REPRIMAND:

_____          _____
          Signature                            Date
                                              3-11-94

I grieve this not acceptable

(54)



**Office of Thrift Supervision**
Department of the Treasury

1700 G Street, N.W., Washington, D.C. 20552 • (202) 906-6000

DEC 16 1993

MEMORANDUM FOR:    Robin Olebara

FROM:    William D. Boyer, Deputy Assistant Director
for Procurement and Administrative Services

SUBJECT:    Notice of Warning

This Official Notice of Warning is given to you as a result of your failure to follow established policies regarding your absences during duty hours.

1.    By memorandum dated May 13, 1992, Frances Sullivan, Director, Procurement Management Division, reminded all employees in her division of the requirements governing their attendance and their use of leave.

In addition to this general notice, you were specifically informed of the importance of arriving to work on time and that any deviation in your arrival and departure time from your established hours of work should be discussed with your immediate supervisor. If your immediate supervisor was unavailable, you were instructed to contact the division director or acting division director regarding any changes in your work schedule. You were told that only these officials have the authority to approve your absences. You were further told that tardiness and early departures would be permitted only on an occasional basis not to exceed twice a month. You were informed that, for unapproved absences, absence without leave (AWOL) could be charged. You were notified that leave (any type) would be charged in hourly increments.

2.    On the morning of July 27, 1993, you were absent, without supervisory approval, for a period of three (3) hours, from 9:00 a.m. to 12:00 noon. I subsequently learned you had an appointment on an EEO related matter.

3.    On September 16, 1993, at 1:00 p.m., I went to your work station. Your work station was dark and I was told that you had left for the day. You had received prior approval for two (2) hours of leave for this day from 2:00 p.m. to 4:00 p.m. As it turned out, you took your lunch period in connection with your two hours of annual leave.

55

- 2 -

4.   On September 21, 1993 you were unofficially absent for nine (9) hours. You explained in a September 22 response that you called on September 20 and asked to speak to me but that I was not available. You indicated that you then told whomever answered the telephone that you were not feeling well and would be on sick leave for the day of September 20.  You said nothing about being absent on September 21.

This Official Warning is to notify you that failure to follow the established procedures relating to leave, time and attendance will result in the appropriate action being taken.

The October 21, 1993 Notice of proposed Suspension for 3 calendar days based on the behavior outlined above is officially rescinded and superseded by the Notice of Warning.  No record of the proposed suspension will be maintained. Additionally, I am requesting payroll to change the 2 hours you were charged as AWOL on September 16th and the 3 hours of AWOL on July 27th from a non-pay status to a pay status.



# I N T E R O F F I C E    M E M O R A N D U M

Date:    20-Dec-1993 08:11am EST
From:    Robin Olebara (DC)
         OLEBARAR
Dept:    ADM:PMD
Tel No:  (202)906-6342

TO: Ella Allen (DC)           ( ALLENE )
TO: Vicki Jeffries (DC)       ( JEFFRIESV )

Subject: Restoration of AWOL Hours

I have reviewed my T&A reports for the AWOL charges deducted
by Bill Boyer.  In adddition to the nine hours deducted Tuesday,
September 21, Bill deducted an additional 4 hours.

If Bill intends to restore the hours for August 27 and September 16, the
correct hours (for the AWOL charges) are 4 not 3 hours.

o  (9) nine hours Tuesday, September 21 (sick leave),
        this matter is still unresolved; however, the
o  (1) one hour September 16 (lunch break); and,
o  (3) three hours August 27 (EEO meeting).

I will provide a copy of those T&A reports for your information.


Thank you.

Robin

*57*



**Office of Thrift Supervision**
Department of the Treasury

1700 G Street, N.W., Washington, D.C. 20552 • (202) 906-6000

FEB 25 1994

MEMORANDUM FOR:   Robin Olebara
                  Procurement Division

FROM:             William J. Durbin, Acting Director
                  for Administration

SUBJECT:          Decision on Proposed Suspension Based on
                  Abusive, Offensive Language and Disrespectful
                  Conduct to your Supervisor

On November 5, 1993 Mr. William D. Boyer, Deputy Assistant Director for
Procurement and Administrative Services, gave you a memorandum proposing to
suspend you from your position as Purchasing Specialist with the Office of
Thrift Suspension for a period of 14 calendar days for use of abusive,
offensive language and disrespectful conduct towards him.  The specifics of the
charges are cited below:

    1.    In an October 21, 1993 meeting you were presented a proposed
           suspension for three (3) calendar days for instances of absence
           without leave (AWOL).  During this presentation, you asked
           Mr. Boyer if anyone had charged him AWOL for the time he took for
           his three (3) hour daily drinking breaks; and

    2.    In the same October 21, 1993 meeting as you and your
           representative, Ms. Vickie Jeffries, were leaving Mr. Boyer's
           office, he said "thank you" and you responded "fuck you".

You elected to provide an oral response to the proposal.  Your oral response
was presented to me on December 17, 1993. I have carefully reviewed and
considered Mr. Boyer's proposal notice, comments made by all parties in
attendance at the oral response meeting, and the written summary of the oral
response meeting.

My observations regarding the evidence presented in this matter are as follows:

    1.    There is no dispute that you made the remark regarding
           Mr. Boyer's three (3) hour daily drinking breaks and whether he
           had been charged AWOL for them.  All parties present at the
           meeting, including you, agree that you made the remark.



Robin Olebara
Page 2

In the oral response meeting, your representative contended that you made the remark because you were upset by the proposed three day suspension. In addition, your representative suggested that in view of the tension and stress felt by all employees due to the prolonged downsizing experienced by the agency, a remark such as the one you made should be overlooked.

The stress we all suffer from our environment cannot be an excuse for inappropriate actions and verbal remarks because permitting such actions would merely increase the tension we are all under. Mr. Boyer, too, is subject to these stresses, and suffered additional provocation from your remark, yet by all accounts maintained his composure and behaved professionally during the meeting.

2.   Regarding Mr. Boyer's contention that you made the remark of "fuck you", the evidence is not as conclusive. It seems, of all parties present, Mr. Boyer was the only one who can testify to hearing you make the remark. Although the evidence surrounding this alleged remark is circumstantial it appears likely that it may have occurred.

It is alleged by your representative that the OTS Table of Penalties does not support the proposed penalty. However, the table of penalties provides for a reprimand to removal for the first offense of using abusive or offensive language, gestures, or other disrespectful conduct to supervisors or coworkers. The Table of Penalties actually gives the deciding official a substantial degree of discretion in selecting the appropriate penalty for such misconduct.

It is noteworthy to mention that in determining an appropriate penalty, I took into account comments I received from your current first line supervisor, Mr. Columbus Jude, regarding your exemplary performance. Mr. Jude informed me that you have been extremely cooperative and helpful in assisting him with his transition to his new supervisory duties.

Based on all the evidence of record, I have decided to sustain that portion of the charges regarding your disrespectful remark about Mr. Boyer's three (3) hour daily drinking breaks. Regarding the "fuck you" remark, while it appears likely that you made this statement, it cannot be fully supported by a preponderance of evidence and serves to minimize the proposed suspension action. In this regard, I have decided to reduce the proposed 14 day suspension to a letter of reprimand which will be filed in your Official Personnel Folder for a period of one (1) year.

(59)

Robin Olebara
Page 3

It is hoped that as a result of this action you will refrain from any similar conduct in the future and will take special precaution to follow the agency's established policies and procedures governing employee conduct. You should note that any future conduct of this nature may be grounds for a more severe disciplinary action up to and including your removal from the Federal service.

You have the right to grieve this action under the Negotiated Grievance Procedure. You may contact the appropriate Union official for grievance information and guidance.

THIS ACKNOWLEDGES MY RECEIPT OF THIS FINAL DECISION ACTION:

_____          _____
           Signature                       Date



*R. OLEBARA*

In the Matter of Arbitration:

| | |
|---|---|
| OFFICE OF THRIFT SUPERVISION | FMCS Case No. 92-28112 |
| and | Performance Appraisal |
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL UNION 3295 | Robin C. Olebara |

Before: Ira F. Jaffe, Impartial Arbitrator

APPEARANCES:

    For the Union:

        William P. Milton, Jr., Labor Relations Consultant
        Patricia Goings, President, AFGE Local Union 3295

    For the Agency:

        Mike Petty, Labor Relations Specialist

## BACKGROUND

    At the May 18, 1993 arbitration hearing, the Parties agreed to the following statement of the issue presented for decision in this matter:

        Did the Agency violate the applicable provisions of the collective bargaining Agreement, the OTS PPAS Directive, and/or the OTS Compensation Program in issuing the October, 1991-December, 1991 rating to the Grievant, Robin C. Olebara, and if so, what shall be the appropriate remedy?

    The October 1, 1991 to December 31, 1991 appraisal was the annual rating of record for the Grievant for 1991. The Grievant was employed during the relevant period as a Purchasing Specialist.

    On March 9, 1992, the Grievant's first line supervisor, Kaye Brown-Huston, signed the Summary Rating Form. There were 4 critical elements and no non-critical elements in the 1991 performance appraisal.

(61)

Performance Appraisal (Robin C. Olebara)                              Page 36

## AWARD

The grievance filed on behalf of the Grievant, Robin C. Olebara, is sustained to the extent consistent with the foregoing Opinion and this Award.

The 1991 evaluation of the Grievant and the Grievant's 1991 merit pay award were inconsistent with Article 16 of the Agreement, the PPAS, and the OTS Compensation Program.

The Agency is directed to revise the Grievant's 1991 performance appraisal to reflect a rating of Level 4 on each critical element and an overall rating of Level 4.

The Agency is further directed to award the Grievant an additional 2% in merit pay, following the approval of the 1991 Pool Manager, in accordance with the OTS Compensation Program, said award to be calculated in accordance with the Back Pay Act.

The Agency is to further bear full responsibility for paying the fees and related expenses of the Arbitrator in accordance with Article 26, Section 5.

September 10, 1993

Ira F. Jaffe
Impartial Arbitrator





INTEROFFICE MEMORANDUM

EST

Date:     31-Mar-1994 08:26am
From:     William Boyer (DC)
          BOYERW
Dept:     ADM:PAS
Tel No:   (202)906-6666

TO:  Columbus Jude (DC)                        ( JUDEC )

CC:  William J. Durbin (DC)                     ( DURBINWJ_ADM )
CC:  Sue Rendleman (DC)                          ( RENDLEMANS )

Subject: Attached

Would you please explain to Robin, as Ella Allen of the Union has
tried to, that her merit increase was 2.08% (not 2.80%).  If the
rating form had 2.80%, it was in error.  That increased her base
salary from $34,613 to $35,333 or $720 per year.





**Office of Thrift Supervision**
1700 G Street, N.W., Washington, D.C. 20552

Mr. Jude,
We are taking
back payment for 1992
& 1993. The amount we
owe her $ 652.40.
~~I will give her the~~
~~difference in the check~~
~~$.~~ The difference will
be in the check dated 4/4/94.
Any questions, call
please call 6140



James R. Downer
Director
Controller Division
(202) 906-6140

APR 4   3 30 PM '94

Rec'd
4-4-94

206 days later
almost 7 months

F 2

64

**Office of Thrift Supervision**
Department of the Treasury                                    **CONFIDENTIAL**

1700 G Street, N.W., Washington, D.C. 20552 • (202) 906-6000

May 22, 1995


TO:        Christos Passakos

FROM:      Liz Gustafson

RE:        Settlement

Please issue a check for $5,000 payable to Robin C. Olebara    *Rec'd 5/24/95.*
and have the check returned to Bill Boyer.  This amount
should NOT be included in her taxable salary.

Also please issue a check for $3,500 payable to Leroy T.
Jenkins, Jr. and return the check to Geraldine R. Gennet in
the Litigation Division.

These payments should be issued by the Treasury processing
center in Birmingham so that we get the checks back no later
than early next week.  The payments should be charged to
5739-80000.


65

# Analysis of Job Performance Rating Data in the Jeffries et al. Case

## By Joseph L. Gastwirth and Efstathia Bura[1]

This report summarizes our analysis of the job ratings data in the Washington division of the Office of Thrift Supervision. We examined the data for the years 1993 through 1996 that the Agency provided. The data reported the performance ratings of all employees by their race and sex. The analysis was carried out with the understanding that employees are assessed on how well they perform their job irrespective of what the job is.

As black female employees are the proposed class, we compared their rankings with all other employees and with all white employees. Two statistical tests were performed. The first, the Wilcoxon 2-tailed test, compared the entire distribution of the rankings. This test assessed whether the black females received similar rankings as all other (all white) employees. The second test, Fisher's 2-tailed exact test, compared the fraction of black females receiving the top rank of five with the corresponding fraction of all other (all white) employees. In all years both tests showed that black females received statistically significantly lower rankings and also a lower proportion of the top ranking than all other (all white) employees. Both the Wilcoxon and Fisher tests are widely used and accepted procedures for this type of analysis. They are described in many statistical texts and are included in many standard statistical packages. Both methods have been used in the analysis of data in equal employment cases.

The detailed results of the comparisons are reported in Tables 1 and 2 on page 3. The data on which they are based are included in an Appendix. The results of our analysis of the rankings given to black females relative to those given to all other employees are reported in Table 1. We now describe the 1996 results in detail. The interpretation of the analysis for other years is similar.

The *p-value* is the probability that a result at least as far from expected as the actual data, under the assumption that there was no difference between the rankings given to black females and other employees, would occur assuming each employee had the same chance of receiving each possible rating. Statisticians typically use the .05 level to indicate a statistically significant difference. Sometimes the .01 level is used. The .05 level corresponds approximately to the two standard deviation criterion that has been used in legal cases. The .01 level corresponds approximately to 2.6 standard deviations. The p-value of the Wilcoxon test comparing the 1996 rankings of black females to all other employees was less than .0006. This corresponds to a difference of 3.46 standard deviation units. The p-value of Fisher's exact test for the 1996 data is .00004, corresponding to a difference of 4.1 standard deviations. The ratio of the odds a black female had of receiving the top rank of 5 relative to the odds of all other employees was one-sixth. An equivalent interpretation is that other employees had six times the odds of receiving a top grade in 1996 as a black female had. In all four years both the Wilcoxon and Fisher tests

---

[1] Joseph L. Gastwirth is Professor of Statistics and Economics at the George Washington University. Efstathia Bura is Assistant Professor of Statistics at The George Washington University.



indicated that black females received statistically significantly (at the .01 level) lower rankings and fewer top rankings than other employees.

Table 2 reports the p-values and their corresponding standard deviations for both tests when the rankings black females received are compared to those of white employees. The sixth column gives the ratio of the odds a black female employee had of receiving a grade of 5 relative to the odds a white employee had. As in Table 1, there is a pattern of black females receiving statistically significantly (at the .01 level) lower rankings and fewer top rankings than white employees.

In conclusion, the statistical significance of our results implies that the under-representation of black females in the top (5th) ranking is not due to chance. Similarly, the difference between the rankings as a whole, received by black females and other employees would not be attributed to chance.