UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBIN OLEBARA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 07-1487 (JR) |
| | ) | |
| HENRY PAULSON, | ) | |
| Secretary of the Treasury, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S "MOTION TO BENCH ON CLAIMS OF ISSUES"**

In 2002 the Plaintiff, along with 20 percent of the workforce of the Office of Thrift Supervision, was subjected to a reduction-in-force ("RIF") necessitated by the agency's budget shortfall.  Plaintiff retired in lieu of being released from her position, subsequently filing an administrative complaint of alleged discrimination which now culminates in this lawsuit.

On February 26, 2008, the Plaintiff filed a document styled "Plaintiff's Motion to Bench on Claims of Issues."  Plaintiff's motion does not cite which of the Federal Rules of Civil Procedure or other provision of law it is filed under, but it appears to concern two distinct matters.  First, Plaintiff makes a third motion for appointment of counsel in a civil case, brought under Local Civil Rule 83.11 and 28 U.S.C. § 1915(e)(1).  Second, the Plaintiff's motion appears to be a premature opposition to a Motion for Summary

Judgment that Defendant intends to file shortly with the Court.  For the reasons set forth

in this Opposition, the Plaintiff's motion should be denied.[1]

    1.    **<u>The Plaintiff's third motion for appointment of counsel should be denied.</u>**

On August 30, 2007, this Court denied the Plaintiff's first motion for appointment

of counsel, noting that Plaintiff is not entitled to counsel unless she "demonstrates [that]

such exceptional circumstances exist that the denial of counsel would result in

fundamental unfairness."  Order, August 30, 2007 at 1.  Plaintiff filed a second motion

for appointment of counsel on January 23, 2008, which the Court took under advisement.

In the following months, Plaintiff has not shown that her case is meritorious.  For

example, in response to Defendant's interrogatory requesting that she identify any person

who has information relevant to her claims, the Plaintiff's entire response was "Pro se,

none at this time."[2]  Most, if not all of Plaintiff's documents appended to the instant

motion concern a lawsuit which was already decided against her by this Court six years

ago.  *See Olebara v. Summers*, C.A. 00-2374 (JR) (D.D.C. 2000), *aff'd. on summary*

*disposition sub nom. Olebara v. O'Neill,* No. 02-5039 (D.C. Cir. 2002).

No civil litigant is guaranteed counsel.  *Willis v. FBI,* 274 F.3d 531, 532 (D.C.

Cir. 2001).  A district court has discretion in determining whether counsel should be

---

[1]    Local Civil Rule 7(m) requires even *pro se* litigants to first consult with opposing counsel prior to filing non-dispositive motions, in an effort to see if the differences between the parties can be resolved or if the opposing party may consent to the relief sought by the moving party.  In this case, Ms. Olebara did not consult with the Defendant before filing this motion.  This failure provides the Court with an alternate basis to deny the motion.

[2]    In her deposition, held February 26, 2008, the Plaintiff repeated that she could identify no witnesses who could come forward to support her claims.

2

appointed to an unrepresented party. *Id.*; *see also* 28 U.S.C. § 1915(e)(1) ("the court may request an attorney to represent any person unable to afford counsel"). In evaluating whether the appointment of counsel is appropriate, the Court should consider the four factors enumerated in Local Civil Rule 83.11(b)(3), which include the nature and complexity of the action, the potential merit of the *pro se* party's claims, the demonstrated inability of the *pro se* party to retain counsel by other means, and the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. *Gaviria v. Reynolds,* 476 F.3d 940, 943 (D.C. Cir. 2007).

In this case, Plaintiff has met none of the standards required by Local Civil Rule 83.11(b)(3). First, her case is not complex. For example, she admits that there are no witnesses to support her claims. Second, as many of the allegations of the Complaint concern matters that were litigated previously and decided against her, there appears to be little, if any, substantive merit to Plaintiff's new lawsuit. Third, the Plaintiff has not demonstrated that she has diligently sought to engage the services of counsel prior to asking the Court to award her one for free. Finally, given the lack of evidentiary support for Plaintiff's claims, there appears to be no assistance to the Court to be gained by appointment of counsel, and the scarce availability of attorneys on the *pro bono* panel would be better accommodated by assigning them to a case that is not, in many respects, a rehash of a case already dismissed by the Court six years ago.

## 2. The Plaintiff's opposition to summary judgment is prematurely filed.

The Plaintiff's motion "prays [the Court] dismiss defendant's summary judgment." Pl. Mot. at 2. Since the Defendant has not yet filed a Motion for Summary

Judgment, this filing is premature.  Moreover, after briefly discussing her RIF on pages 2

and 3, the remainder of the motion concerns historical matters already heard and ruled

upon by this Court in Plaintiff's 2000 lawsuit against the Defendant.  As such, all matters

in Plaintiff's motion after the end of page 3 are irrelevant to the 2002 RIF which is the

only subject matter the Court has not already heard and decided against Plaintiff.

For the foregoing reasons, the Plaintiff's motion should be denied.

Dated: March 4, 2008                                Respectfully submitted,

JOHN E. BOWMAN
Chief Counsel

DIRK S. ROBERTS
Deputy Chief Counsel

ELIZABETH R. MOORE
Special Counsel


/s/_____
CHRISTOPHER A. STERBENZ
Trial Attorney
Office of Thrift Supervision
1700 G Street, N.W.
Washington, D.C.  20552
Telephone (202) 906-6528
Fax (202) 906-6353
christopher.sterbenz@ots.treas.gov
DC Bar No. 437722

Attorneys for Henry Paulson,
Secretary
United States Department of the
Treasury

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2008, I served a copy of the foregoing on

the following by certified mail, return receipt requested:

> Robin Olebara
> P.O. Box 2530
> Washington, DC  20013-2530

/s/_____
Christopher A. Sterbenz
Trial Attorney
Office of Thrift Supervision
1700 G Street, N.W.
Washington, D.C.  20552
Telephone (202) 906-6528
Fax (202) 906-6353
christopher.sterbenz@ots.treas.gov
DC Bar No. 437722