UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robin Olebara, Pro Se
Post Office Box 2530
Washington, D.C.  20013-2530
(202) 269-3683
                    Plaintiff,

v.                                                          CIVIL ACTION NO. 07-1487 (JR)

John W. Snow,
Secretary
Department of the Treasury,
Agency
1750 Pennsylvania Avenue, N.W.
Washington, D.C.  20220
                    Defendant.


## PLAINTIFF'S PETITION TO CHIEF JUDGE HOGAN FOR COURT-APPOINTED COUNSEL,

## AND, 2ND MOTION TO RECUSE JUDGE JAMES ROBERTSON

I, Robin Olebara, hereby request Chief Judge Thomas F. Hogan assign court-appoint counsel to Plaintiff

and recuse Judge James Robertson from Civil Action No. 07-1487 (JR); based on the following:


The Plaintiff submitted timely motions and pleas for the requests of this petition, denied by Judge

Robertson.  Judge Robertson denied Plaintiff's request for court-appointed counsel immediately after

filing; and, months later during the "status meeting" stated he was unaware of Plaintiff's issues

submitted in the complaint.  At the earlier "scheduling meeting", Judge Robertson stated he would

consider (his previously denied decision) to Plaintiff's request for court-appointed counsel.  In conflict

during the "status meeting" Judge Robertson urged the defendant representative o expedite defendant's

request for "summary judgment".

At the "status meeting" Judge Robertson urge the Plaintiff to attend the deposition meeting (knowingly

without an attorney).  Without recourse to the Plaintiff, the deposition as held was unnecessarily volatile

RECEIVED

MAR 1 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

and explosive, the newly hired attorney (Mr. Chris Sterbenz) whooped, hollered, cut-off and finished Plaintiff's responses in an arrogant manner. Further, during the deposition, the same attorney asked the Plaintiff, a series of questions, regarding the "N" Nigger word. The Plaintiff responded, no. The line of questioning is suspicious and strange, as the Plaintiff does not recollect any mention of the word "nigger" as an issue or reference in the complaint and related cases. More importantly, racial discrimination under the Civil Rights Act, does not suggest or limit rights to seek justice and claims of racial discrimination by use of the word "Nigger". Therefore, the Plaintiff concludes, the attorney used the hyphenated word term as a veil attempt to call her a "nigger" deemed a cheap approach to name-call and interject a racist mentality. For what other reason would he have presented the line of questioning; and, further addendum to the plaintiff's complaint (see below)?

Later after the deposition ended, the questioning so outlandish, jolted Plaintiff's memory, upon reflection, the Plaintiff remembers, at least one incident when the word "nigger" was used by the then-supervisor, Mr. Timothy Burniston (white male). Mr. Burniston showed Plaintiff a one-page paper-copy of an article, regarding Supreme Court Justice Clarence Thomas (Black male). At the footnote of the article, the letters "HNIC" was typed. Mr. Burniston asked Plaintiff if she knew what "HNIC" meant? Plaintiff responded, "No!" Mr. Burniston seemed surprised, and asked again, "you don't know what it is means?" The Plaintiff had never heard of the lettering (apparently some other inner circle exploit, even against a Supreme Court appointee) or, its use, and, replied, "No!", once more; at which, Mr. Burniston stated, "HNIC" means "Head Nigger In-Charge."

Judge Robertson placed the Plaintiff, Pro Se, in peril and remains dismissive to the facts. During this ordeal, the defendant has assigned three attorneys to the civil complaint; two staff employees; and, a recently acquired third (as an employee, or, contractor-type). On this aspect, the scale is unbalanced; and tilted against the Plaintiff, no attorneys, in preparation of the case seeking judicial relief. During the

"status meeting", Judge Robertson inferred his confusion with the Plaintiff's issues; and, named individuals. Even though, the initial complaint and all subsequent motions filed, discussions during the "scheduling" and "status" meetings; and, prior (related) complaints filed prepared by attorneys clearly detailed the issues, with the newly addendum "N-word"; how much more is required? It is obvious to reason Judge Robertson's bias against the Plaintiff and / or preference for the defendant. It is unclear if he has a relationship with the defendant as a protective relative, associate, or, any other means; however, it is obvious, Judge Robertson's intent is to deny Plaintiff's right to seek justice in accordance with the applicable laws, ruling, policies and procedures of the complaint is unyielding.

These proceeding are out-of-order and based on these matters, the Plaintiff suspends the civil complaint; and, all contact with the defendant, defendant representatives and agents until the court intervenes; and, assigns attorneys in parity to the defendant. The Plaintiff reiterates the petition to recuse Judge Robertson; and, reassign the complaint as previously petitioned. At this time, the Plaintiff has been denied online case management (used between Judge Robertson and defendant); therefore, a written response via U.S. Postal Service, certified mail is required from the court.

_____
Robin Olebara , Pro Se
(202) 269-3683
Post Office Box 2530
Washington, D.C.  20013-2530
                                                      Plaintiff,

_____
Date

Certificate of Service

I, Robin Olebara, declare under penalty of perjury, mailed via first class mail a copy Plaintiff's Petition to Chief Judge Hogan on March 12, 2008 to the following:

Ms. Elizabeth R. Moore, Special Counsel/Ethics Counsel
Office of Thrift Supervision
1700 G Street, N.W.
Washington, DC  20552