UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN OLEBARA, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 07-1487 (JR) |
| | ) |
| HENRY PAULSON, | ) |
| Secretary of the Treasury, | ) |
| | ) |
|        Defendant. | ) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, through undersigned counsel, and hereby moves the Court, pursuant to Fed. R. Civ. P. 56(c), to enter summary judgment for Defendant on the Complaint and to dismiss the Plaintiff's Complaint with prejudice. A Memorandum of Points and Authorities, exhibits thereto, and a list of Material Facts Not In Dispute are submitted to the Court contemporaneously with this Motion.

## Warning to the Plaintiff

Defendant moves for summary judgment on all matters within the Complaint. Plaintiff should consult Fed. R. Civ. P. 56(e)(2), which states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Plaintiff should also consult Local Civil Rule 7(h), which states:

> **(h) MOTIONS FOR SUMMARY JUDGMENT.**
> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving

party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. Each such motion and opposition must also contain or be accompanied by a memorandum of points and authorities and proposed order as required by LCvR 7(a), (b) and (c). In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Dated: March 21, 2008

Respectfully submitted,

JOHN E. BOWMAN
Chief Counsel

DIRK S. ROBERTS
Deputy Chief Counsel

ELIZABETH R. MOORE
Special Counsel

/s/_____
CHRISTOPHER A. STERBENZ
Trial Attorney
Office of Thrift Supervision
1700 G Street, N.W.
Washington, D.C. 20552
Telephone (202) 906-6528
Fax (202) 906-6353
christopher.sterbenz@ots.treas.gov
D.C. Bar No. 437722

Attorneys for Henry Paulson, Secretary
United States Department of the Treasury

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2008, I served a copy of the foregoing on the following by certified mail, return receipt requested:

> Robin Olebara
> P.O. Box 2530
> Washington, DC  20013-2530

/s/_____
Christopher A. Sterbenz
Trial Attorney
Office of Thrift Supervision
1700 G Street, N.W.
Washington, D.C.  20552
Telephone (202) 906-6528
Fax (202) 906-6353
christopher.sterbenz@ots.treas.gov
D.C. Bar No. 437722

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN OLEBARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-1487 (JR) |
| ) | |
| HENRY PAULSON, ) | |
| Secretary of the Treasury, ) | |
| ) | |
| Defendant. ) | |

## ORDER

UPON CONSIDERATION of the Defendant's Motion for Summary Judgment, the Plaintiff's Opposition thereto, and the entire record herein, it is, this _____ day of _____, 2008, hereby ORDERED that the Motion is GRANTED.  The Complaint in this matter is DISMISSED WITH PREJUDICE.

SO ORDERED.

_____
James Robertson
United States District Judge

Copies to:

Robin Olebara
Plaintiff
P.O. Box 2530
Washington, D.C.  20013

Christopher A. Sterbenz
Trial Attorney
Office of Thrift Supervision
1700 G Street, N.W.
Washington, D.C.  20552

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBIN OLEBARA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | C.A. No. 07-1487 (JR) |
| ) | |
| HENRY PAULSON, ) | |
| Secretary of the Treasury, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant, through undersigned counsel, pursuant to Fed. R. Civ. P. 56 and Local Civil Rules 7(h) and 56.1, and hereby sets forth the following material facts not in dispute:

1.  The Office of Thrift Supervision ("OTS") is a bureau of the United States Treasury Department responsible for the oversight and regulation of federally-chartered savings and loan associations. 12 U.S.C. § 1462a.

2.  Unlike many federal agencies, OTS receives no appropriations from Congress; the agency's operating budget is funded by periodic assessments on the thrift institutions it regulates. Def. Ex. 1 ("ROI") at 131.[1]

---

[1] The ROI is consecutively bates stamped with a bold number at the bottom center of each page, from 1 to 714, so as to distinguish this number for citation purposes from other numbers, handwritten or machine produced, which might otherwise appear on individual pages. Because most of the ROI consists of copies of regulations or other items which are not relevant to this motion, Defendant has submitted only the applicable excerpts from the ROI that are cited to the Court in its Motion. Plaintiff was previously served a paper copy of the original ROI as well as a complete bates stamped copy of the ROI with the instant motion.

3.     From 1999 to 2002, OTS ran a $25 million deficit caused by stagnant fee income and increasing expenses.  Riccobono Declaration, ROI at 115.

4.     In early 2002 the new head of the agency decided to conduct a reduction-in-force ("RIF") and realignment of the agency's structure in order to balance the budget.  One of OTS's five regional offices was abolished, 20% of the agency's workforce was laid-off, and administrative functions were both consolidated and curtailed.  *Id.* at 115-16.

5.     At the time of the 2002 RIF, Plaintiff was a 48 year-old grade TG-12 Administrative Secretary II in the competitive civil service.  ROI at 238, 241.

6.     Scott Albinson was Plaintiff's second-line supervisor at the time of the RIF in 2002.  Albinson Declaration, ROI at 160.

7.     After the head of the agency decided to reduce the number of employees, Albinson was delegated the task to identify which positions in his office could be done away with without harming its effectiveness.  *Id.* at 161-63.

8.     Albinson determined that the Administrative Secretary II position in the Supervision Office was "one that could be eliminated without harming office operations."  *Id.* at 163.  *See also* Rendleman Declaration, ROI at 325.

9.     When making the decision to abolish Plaintiff's position, Albinson had no knowledge of Plaintiff's record of prior EEO activity.  Albinson Declaration, ROI at 161.

10.    Albinson's decision to eliminate the Administrative Secretary II position in his office was similar to the same decision made by two other senior managers within the OTS, as the "[s]ecretarial position is often the one managers feel they can do without over other technical staff," because in contrast to earlier years, technology now allows

many professional employees to perform their own secretarial duties. *See* Rendleman Declaration, ROI at 327.

11. Plaintiff's position as an Administrative Secretary II in the competitive service was not the only one identified for abolishment in the Washington, D.C. headquarters of OTS in 2002. Two other Administrative Secretary II positions in the competitive service in Washington, D.C. (out of a total of five) were also identified as being excess. *Id. See also* ROI at 69.

12. As is required by RIF regulations, the agency compiled a retention register of all Administrative Secretaries II in the competitive service in Washington and ranked them according to their service computation dates, the two most senior incumbents being retained and the three less senior incumbents being identified for release from service. *Id. See generally* Janios Declaration, ROI at 171-77.

13. Plaintiff ranked third of five on the retention register, and with only two Administrative Secretary II positions being retained by the agency, the Plaintiff was therefore tentatively identified for release from federal service. ROI at 69.

14. As the next-most-senior Administrative Secretary II on the list had five years more federal service than Plaintiff, Plaintiff's recent history of outstanding performance reviews did not raise her computed service date beyond the third spot on the register. *Id.*

15. The agency then undertook a review of Plaintiff's employment record and the agency's staffing data to determine if Plaintiff had rights to "bump" another more junior employee or "retreat" into a position Plaintiff may have previously held. *See* Janios Declaration, ROI at 172-73. *See also* Rendleman Declaration, ROI at 327.

16.     Plaintiff was ineligible to "bump" another employee from his or her position in order to remain on the agency payroll.  Plaintiff  "was in Tenure Group I, Subgroup B (Career employee – non-veteran)…. [Plaintiff] had no bump rights since there were no employees in a lower Tenure and Subgroup (Tenure Group II or III – veteran or non-veteran) whom she could displace." *See* Janios Declaration, ROI at 172.

17.     Plaintiff was also ineligible to "retreat" to a position previously held in the federal service "since there were no employees with lower retention standing occupying positions that she held previously in her federal career." *Id. See also* Rendleman Declaration, ROI at 327.

18.     Plaintiff was notified of her RIF on May 6, 2002.  ROI at 238.

19.     Plaintiff's RIF was not scheduled to take effect until July 26, 2002.  *See* Thomas Declaration, ROI at 179.

20.     In lieu of release, Plaintiff decided to retire from federal service, effective July 26, 2002.  ROI at 241-43.

21.     Plaintiff was given 60+ days paid administrative leave prior to her RIF date to allow her to seek other employment.  *See* Rendleman Declaration, ROI at 328.

22.     At the time she was notified of her RIF, Plaintiff was informed that she was eligible for job-outplacement assistance through the Treasury Department Career Transition Assistance Program and the agency's Priority Placement Program.  ROI at 239.

23.     At the time of her RIF, Plaintiff did not seek other employment in the private sector and claims not to remember if she sought government employment.  *See* Plaintiff's Deposition, Def. Ex. 8 at 48.

24. About 30 other OTS employees besides Plaintiff opted to retire in lieu of being released from service. Thomas Declaration, ROI at 179.

25. The Plaintiff remained on the active payroll of OTS with full pay and benefits until July 26, 2002. Rendleman Declaration, ROI at 328.

26. At any time prior to July 26 the RIF notice could have been cancelled. *See* Thomas Declaration, ROI at 179. *See also* Rendleman Declaration, ROI at 328.

27. Plaintiff's RIF action became final on July 26, 2002 and, on August 8, the agency submitted Plaintiff's retirement paperwork to OPM. *See* Thomas Declaration, ROI at 179.

28. The official responsible for submitting Plaintiff's retirement package to OPM was an African American female, age 49. *Id.* at 178.

29. Plaintiff's package was "about the first" sent to OPM by the agency. *Id.* at 180.

30. Plaintiff's retirement annuity was reduced approximately 14% not because of the timing of the submission of her retirement request, but because she was seven years younger than the 55 year-old retirement age. Plaintiff's Deposition, Def. Ex. 8 at 18, 49.

Dated: March 21, 2008                              Respectfully submitted,

                                                   JOHN E. BOWMAN
                                                   Chief Counsel

                                                   DIRK S. ROBERTS
                                                   Deputy Chief Counsel

                                                   ELIZABETH R. MOORE
                                                   Special Counsel

/s/_____
CHRISTOPHER A. STERBENZ
Trial Attorney
Office of Thrift Supervision
1700 G Street, N.W.
Washington, D.C.  20552
Telephone (202) 906-6528
Fax (202) 906-6353
christopher.sterbenz@ots.treas.gov
D.C. Bar No. 437722

Attorneys for Henry Paulson,
Secretary
United States Department of the
Treasury

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 21, 2008, I served a copy of the foregoing on the following by certified mail, return receipt requested:

> Robin Olebara
> P.O. Box 2530
> Washington, DC  20013-2530

/s/_____
Christopher A. Sterbenz
Trial Attorney
Office of Thrift Supervision
1700 G Street, N.W.
Washington, D.C.  20552
Telephone (202) 906-6528
Fax (202) 906-6353
christopher.sterbenz@ots.treas.gov
D.C. Bar No. 437722