```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


ROBIN OLEBARA,                    :
                                  :
        Plaintiff,                :
                                  :
     v.                           :   Civil Action No. 07-1487 (JR)
                                  :
JOHN W. SNOW, Secretary,          :
Department of the Treasury,       :
                                  :
        Defendant.                :
```

### ORDER

Because plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel, see Willis v. FBI, 274 F.3d 531, 532-33 (D.C. Cir. 2001), and because plaintiff has not demonstrated exceptional circumstances that would create a fundamental unfairness if counsel were denied, see Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986), I find that plaintiff is not entitled to appointed representation.  Plaintiff has also failed to satisfy the factors set forth in Local Civil Rule 83.11 for discretionary appointment of counsel: her case is not particularly complex, she has shown little preliminary support for her claim on the merits, and she has made no showing of a diligent search for counsel.  The motion for appointment of counsel [22] is therefore **DENIED.**

Plaintiff's second motion for a recusal [22] appears to be based on nothing more than adverse rulings and is **DENIED.**

I also take this opportunity to inform plaintiff of her duties with respect to defendant's pending motion for summary

judgment [23].  In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must advise a pro se party of the consequences of failing to respond to a dispositive motion.  "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case."  Id. at 509.  Subsequently, in Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform pro se litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  Id. at 456 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).  The Court in Neal also specified that the "text of Rule 56(e) should be part of the notice" issued to the pro se litigant.  Id.  Under Rule 56(e) of the Federal Rules of Civil Procedure:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an

> adverse party may not rest upon the mere
> allegations or denials in the adverse party's
> response, but the adverse party's response by
> affidavits or as otherwise provided in this
> rule, must set forth specific facts showing
> that there is a genuine issue for trial.  If
> the adverse party does not so respond,
> summary judgment, if appropriate, shall be
> entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, parties such as plaintiffs, who oppose a motion for summary judgment, must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient.  Accordingly, it is,

**ORDERED** that plaintiff shall respond to defendant's motion for summary judgment [23] on or before May 1, 2008.  If plaintiff fails to file a timely response, the Court may treat defendant's motion as conceded and dismiss the complaint.


                                    JAMES ROBERTSON
                              United States District Judge