UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robin Olebara, Pro Se
Post Office Box 2530
Washington, D.C. 20013-2530
(202) 269-3683
      Plaintiff,

v.   CIVIL ACTION NO. 07-1487 (JR)

John W. Snow,
Secretary
Department of the Treasury,
Agency
1750 Pennsylvania Avenue, N.W.
Washington, D.C. 20220
      Defendant.

## PLAINTIFF'S REQUEST TO QUASH IMPROPERLY ISSUED SUMMARY JUDGMENT

The "Summary Judgment" both the current and [related, December 2001] were issued controversial and improperly by Judge James Robertson against the Plaintiff. Judge Robertson exceeded reason and fairness in light of all circumstances; and leaned extremely for the defendant. He justified discriminatory acts; and, dismissed actual issues and irrelevant. The judgments over generalized the complaints and disregarded the overwhelming evidence which supported and showed defendant conspired and violated the civil rights and due process of the laws against the Plaintiff.

In May 2008, the Supreme Court ruled federal workers protection against discrimination and retaliation *Gomez-Perez v. Potter, 06-1321*. An additional ruling referenced an 1866 Civil Right Law for African-American in pursuit of claims of retaliation *CBOCS West v. Humphrie, 06-1431.s*. These legal precedents were subsequently established by prior rulings of legal protection against discrimination written by Justice Sandra Day O'Connor in 2005. In 1991 legislation, Congress provided an "unlawful employment practice is established" when the plaintiff "demonstrates" race and other prohibited categories was the motivating factor, in 2003, the Supreme Court confirmed the decision. In 2000, the

RECEIVED
JUN 20 2008
Clerk, U.S. District and
Bankruptcy Courts

Page 1 of 9

Supreme Court ruled the tier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose, Justice Sandra Day O'Connor wrote for the court. The decisions and other federal regulations protected federal employees against retaliation; and, protect employees who faced retaliation after complaining about discrimination.

In response to Judge James Robertson's decision [Document 27], the Plaintiff was involuntarily retired as decided by the defendant, when notified by the Union Official April 10, 2002 via email "Unfortunately your position has been targeted for elimination." Later by memorandum dated May 6, 2002 from the Director of Human Resources "Specific Notice of Reduction in Force" to the Plaintiff, "This is notice that you will be separated from the Office of Thrift Supervision (OTS) due to a reduction-in-force ("RIF") effective a the end of your regularly scheduled tour of duty on July 26, 2002.

Any review is proof of the defendant's intent; and, conclude such notices were not the decision of the Plaintiff. Contrary to Judge Robertson's decision, the Plaintiff was intentionally targeted based on evidence agency's (defendant) as the basis for retaliation, adverse act. The Plaintiff had bumping rights. After Judge Robertson's (December 2001, [related] "Summary Judgment to this Civil Case); and, targeted email notification, the union official, President L-3295, AFGE, Pat Goings told Plaintiff, (they said) but for your prior complaints, against defendant, word is, they would have been let go a long time ago. The Director of Human Resources knew of Plaintiff's protected activity (settlement in 1995, defendant failed to honored; and, continued to retaliate), (grievance award 1996, defendant reneged on issues), (class complainant settled for African-Americans at Washington) and [related civil case; and, Judge Robertson's "Summary Judgment denied the Plaintiff any relief and financial reimbursement.]. Additionally, before Judge Robertson's 2001 summary judgment, the Plaintiff's immediate supervisor thank Plaintiff for her professionalism, in not be hostile with him and/or staff in what she had experience at the agency. In December 2007 during the "Scheduling Conference/Meeting", Judge Robertson

mentioned to Plaintiff her experience in the complaint process. His comments were in response to Plaintiff's motion and verbal requests for "Court-Appointed Counsel." The Plaintiff's experience has been the result of a victim of discrimination, not a legal expert, nor any sheer delight in discrimination and retaliation by the defendant. During the same meeting, the Judge did not balance a similar comment against the defendant's representative.

The genuine issues remain, the Plaintiff was targeted in retaliation for prior protected involvement. The Plaintiff was involuntarily retired against her will with a permanent financial penalty. The defendant denied Plaintiff available bump and retreat rights; the defendant failed to pay the Plaintiff the standard buyout (severance pay) as was usual at its agency's headquarters' location; prior to 2002; and, 2003 for RIfed employees. The defendant retaliated against the Plaintiff.

In response to defendant's [Documents 19-23] previously mentioned in Plaintiff's complaints and motions filed, at headquarters' location, the RIfed list was covered. It was rumored, the list included 13 (thirteen employees) only one male (white) on the list was removed before the July 26 dated, the remaining employees were majority and adversely Black. The Plaintiff had no operation of pertinent courtroom proceedings with the necessary professional experience and opportunity to seek discovery, interrogatories and a disposition, for this case.

In December 2007 during the "Scheduling Conference/Meeting", Judge Robertson mentioned the defendant's intent to issue a "Summary Judgment." The judge mentioned the intent before the defendant, who acknowledged a "Summary Judgment" motion would be filed; and, he mentioned the motion during the "Status" meeting held. As the intent for "Summary Judgment" was premature, the Plaintiff repeated the intent in filed motions, as mentioned by Judge Robertson to defendant's attorney.

Considering the "previously" issued "Summary Judgment" and comments by Judge Robertson, the court would be reasonable for Plaintiff's representation. With the current case, the Plaintiff paid the required filing fee; and, in all prior [related] claims, the Plaintiff paid the court fees; and, legal representation for due process of the law.

With the [related] case, in December 2001, Judge Robertson summarily dismissed a valid case, by his own admission, when he asked, his clerk about the lower merit promotion received by the Plaintiff as a claim of no significance. Specifically, the Plaintiff received a three (3) percent merit increase, when the standard was five (5) percent. To further, the controversial judgment, Judge Robertson accepted the defendant's late summary judgment; and, postponed the schedule trial under the pretense of no available jurors (November 2001), when in-fact later in November 2001, Chief Judge Hogan stated jurors were available; and, no trials had been postponed; as a result of these controversial matters, the defendant's late "Summary Judgment" was granted. To right those obvious wrongs, it would have been practical for Judge Robertson to grant "Court-Appointed" counsel for Plaintiff in pursuit continuing retaliation by the defendant, a further consequence from Judge Robertson's November 2001 comments and decision; and, December 2001 "Summary Judgment." The claims in the [related] case; and, the current claims are meritorious and actionable but for the apparent bias.

The Plaintiff provided agency documents to substantiate discrimination, retaliation and reprisal defendant's officials. The defendant's documents are factual evidence and provides the essential proof required to prevail in a civil case and great credible in discrimination by the defendant against the Plaintiff. The email (dated April 10, 2002) and memorandum (dated May 6, 2002) when involuntarily retired, excluded from "Bump and Retreat" rights; not paid a "buyout" severance pay as unfair and prejudice. The Plaintiff never conspired against the defendant to support her claim. Plaintiff's claim are supported by Title VII of 1964 Civil Rights Act; and, all federal, agency; and, bureau laws, regulations,

policies and procedures which prohibit employment discrimination on basis of race, sex, color, national origin; and/or to retaliate against people in protected activity. The defendant's explanation is false.

In 2002, the RIF notifications (union email, dated April 10, 2002 and agency's memorandum, dated May 6, 2002); does not claim "agency's budget shortfall." Prior to Plaintiff's departure, an all employees' memorandum (2002) claimed in October all promotions and benefits will continue as normal. With the 2002 RIF any budget constraints was specific to the Plaintiff who was targeted, retaliated against because race, sex, color, national origin and prior protected activities. Defendant response on a shortfall would have, or, should have included staff with no responsible work assignments and duties [Complaint, Docket 1].

During the "Status" meeting, when the Plaintiff mentioned the pattern and practice of continued discrimination, Judge Robertson asked Plaintiff to expound. In reply, the Plaintiff responded on issues without using names, Judge Robertson stated the reply was unclear because, he wanted names. The defendant's attorney replied the names were known. The Plaintiff filed [Docket 20], which listed issues as Judge Robertson requested, thus the appendage [related]. With the current case, the initial complaint [Docket 1] lists specific issues and names with Judge Robertson failed to acknowledge during the "Status" meeting.

The U.S. Supreme Court ruled in May 2008, prohibition in employment discrimination on the basis of race, sex, national origin; and, makes it illegal to retaliate against employees in protected activity including federal employees. The Plaintiff was initially discriminated against by the defendant when during a reorganization Black employees were adversely impacted generally. The Plaintiff hired as a bona fide and qualified contract specialist with promotion potential to a GS-12, was unjustifiable placed

in an "unknown" federal position titled, "buyer" with all promotions stripped by a modified "penned" SF-50, Official Personnel Notification [related case].

The actions associated to the reorganization was nonsensical inexcusable violation and, in hindsight was discrimination by the defendant against the Plaintiff when employment opportunities were taken away, and treated less favorably and disadvantaged. The actions were illegal under OPM's policies, any demotion of a federal employee shall be justified for poor performance. The Plaintiff work performance as a contract specialist was exceptionally; she a competitively recommended awards, guide and advised staff, saved the agency money. Throughout Plaintiff's career, she remained exceptional in her duties and even though the defendant had officials who made efforts to discipline the Plaintiff on work assignments; and, time and attendance, the attempts and official disciplinary letters were rescinded. However, the defendant was successfully denied Plaintiff employment opportunities and advancement, a downward spiral (in grade, position and pay); and, ultimately an involuntary retirement with a permanent penalty was in retaliation to the initial discrimination against the Black employees. While others were hired, promoted, made upward mobile which was unfair and prejudice to Plaintiff.

During the "Status" meeting, Judge Robertson asked Plaintiff, if she had a performance or attendance problem? Before the Plaintiff responded, Judge Robertson opinioned and made an affirmative comment, "a problem existed with Plaintiff!" The Plaintiff responded, no problem existed; and, the defendant's attorney replied, the Plaintiff's rating was "exceptional." The Judge forced Plaintiff to a disposition with the support of an attorney. The defendant halted the disposition and planned to re-schedule, a re-scheduled disposition never occurred. During the initial disposition (never completed), the defendant's attorney called the Plaintiff a nigger; by stating had anyone (defendant's officials) called her the "N-word." His questioning was multiple, even after Plaintiff responded "No!" with the first question. To call someone a "Nigger" is offensive and racist even by an attorney, there was no cause.

Offensive and racial name-calling is not the means racism, discrimination or retaliation; and, nowhere in the Plaintiff's claims was the word "Nigger" referenced. The Plaintiff was stunned, at the remark. Later Plaintiff's [Docket 19] detailed an occurrence when her supervisor at that time mentioned Supreme Court Justice Clarence as "Head Nigger-in-Charge."

Even though Judge Robertson prematurely denied Plaintiff's motion [Docket 4 dated August 30, 2007], with the two courtroom meeting "Scheduling" and, "Status" the Judge Robertson led Plaintiff to believe he would assigned court-appointed counsel. The Plaintiff mentioned to his statements to do so, which he acknowledged. She also mentioned concerns to him about her inexperience to cite case law, discovery, interrogatories and disposition.

The defendant wrongfully terminated the Plaintiff as a form of retaliation when she was involuntarily retired. The defendant demonstrated inexcusable violations and a the pattern and practice of discrimination and retaliation, against the Plaintiff by as (agent) officials:

RIFfed Plaintiff

failed to pay Plaintiff severance pay "buyout"

denied Plaintiff "bump and retreat" rights

denied Plaintiff promotion

demoted Plaintiff

reduced and penalized Plaintiff employment opportunities and compensation

showed favoritism to other (less qualified employees); and, against Plaintiff

issued formal disciplinary actions against Plaintiff

excluded Plaintiff from consideration from vacancies

breached Plaintiff's settlement agreement and arbitrator's decision

failed to settled and pay Plaintiff (Class Complaint by African American females); and, failed to follow its own policies on pay and promotion against Plaintiff

These misconducts shows evidence how African-Americans are forced into unemployment and underemployment including Washington, D.C.; a glaring disparity, while others have been reported in an economic boom.

The defendant has been allowed to engaged in violation of laws, while Judge Robertson sat on high and condoned the abuses; and, encouraged such behavior and condoning the behavior as justifiable. There is no other conclusion. The rules of Judge Robertson's courtroom policies are masked with controversy, he tilted in the extreme against the Plaintiff. The U.S. Federal Court is supposed to be balanced (in every courtroom), as a victim of discrimination by the defendant; and, further offended by a jurist, as a taxpayer, Plaintiff is offended and these outcomes, considerable strife transpired in pursuit of justice. Judge Robertson disregarded law, used hearsay, rewrote Plaintiff's claim, and dismissed defendant's action as inconsequential. The defendant writes for Judge Robertson, places Plaintiff in an unusual predicament against what appears as tag team

For the reasons cited above and Plaintiff's filed motions, these proceedings are controversial and in violation of Plaintiff's pursuit of justice. Therefore, the Plaintiff requests the have the "Summary Judgment" quashed and returned for due process of the law.

_____
Robin Olebara , Pro Se
(202) 269-3683
Post Office Box 2530
Washington, D.C. 20013-2530
                                    Plaintiff,

_6 . 20 . 2008_____
Date

## Certificate of Service

I, Robin Olebara, declare under penalty of perjury, mailed via first class mail a copy <u>Plaintiff's Request To Quash Improperly Issued Summary Judgment</u> on June 20, 20088 to the following:

Christopher A. Sterbenz
Office of Thrift Supervision
1700 G Street, N.W.
Washington, DC 20552